**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Matthew H. Ladner (SBN 284594)
350 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone:  (213) 928-9816
E-mail: Matthew.Ladner@troutman.com

Attorneys for Defendant
HFN, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN MILLER,<br><br>                    Plaintiff,<br><br>    vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.; KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company; SRIDHAR SANTHANAM; KUMAR SHIRALAGI; PAVAN VAISH; and VANI KOLA,<br><br>                    Defendants. | Case No. 23-CV-0533-VC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR: (1) LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, FOR (2) FAILURE TO STATE A CLAIM, LACK OF SUBJECT MATTER JURISDICTION, AND LACK OF STANDING; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of Sridhar Santhanam]<br><br>**DATE:** APRIL 20, 2023<br>**TIME:**  10:00 A.M.<br>**COURTROOM:** 4<br>**FLOOR:** 17TH |

146216439v4

# **TABLE OF CONTENTS**

I.   CIVIL LOCAL RULE 7-4 STATEMENT OF ISSUES TO BE DECIDED ........................................................................................1

II.   FACTS REGARDING THE LACK OF PERSONAL JURISDICTION OVER HFN ...............................................................................2

III.   FACTS ALLEGED IN THE COMPLAINT ....................................................3

IV.   DISMISSAL IS REQUIRED UNDER RULES 12(b)(2) AND 12(b)(3) .......5

    A.   The Court Lacks Personal Jurisdiction Over HFN ..............................5

        1.   The Court Does Not Have General Jurisdiction Over HFN .......5

        2.   The Court Does Not Have Specific Jurisdiction Over HFN ......6

        3.   The Exchange Act Does Not Confer Jurisdiction Over HFN ....................................................................................9

    B.   This Court is Not a Proper Venue for Plaintiff's Claims Against HFN ................................................................................10

V.   ALTERNATIVELY, RULES 12(b)(1), 12(b)(6), AND 23.1 REQUIRE DISMISSAL ......................................................................10

    A.   Plaintiff Has Failed to State a Valid Claim for Securities Fraud Against HFN ...........................................................................10

    B.   Plaintiff Has Failed to State a Valid Fiduciary Duty Claim Against HFN ...........................................................................13

    C.   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's DGCL Claim ............................................................................14

    D.   Plaintiff Also Cannot Maintain Any of His Claims on a Derivative Basis ...........................................................................14

VI.   CONCLUSION ...........................................................................15

NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 23-CV-0533-VC

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*A.W. Fin. Servs., S.A. v. Empire Res., Inc.*
981 A.2d 1114 (Del. 2009) ...................................................................14

*Allison v. Lomas*
387 F. Supp. 2d 516 (M.D.N.C. 2005) ...................................................9

*Beckett v. Brinx Res., Ltd.*
No. 3:13-CV-00342-LRH-WGC, 2014 U.S. Dist. LEXIS 38440 (D.
Nev. Mar. 21, 2014) ...........................................................................12

*Beene v. Beene*
No. C 11-6717 JSW, 2012 U.S. Dist. LEXIS 117354 (N.D. Cal.
Aug. 20, 2012) ................................................................................7, 8

*Binder v. Gillespie*
184 F.3d 1059 (9th Cir. 1999) ............................................................11

*Blue Chip Stamps v. Manor Drug Stores*
421 U.S. 723 (1975)...........................................................................11

*BNSF Ry. v. Tyrrell*
137 S. Ct. 1549 (2017).........................................................................5

*Brady v. Delta Energy & Communs. Inc.*
598 F. Supp. 3d 865 (C.D. Cal. 2022) .................................................12

*Brown v. Brewer*
 No. CV 06-3731-GHK, 2008 U.S. Dist. LEXIS 108904 (C.D. Cal.
July 14, 2008)....................................................................................13

*Buttonwood Tree Value Ptrs., L.P. v. R.l Polk & Co.*
2014 Del. Ch. LEXIS 141 (Ch. Aug. 7, 2014) ....................................13

*Carpenter v. Sikorsky Aircraft Corp.*
101 F. Supp. 3d 911 (C.D. Cal. 2015) ...................................................9

*Colin v. Onyx Acceptance Corp.*
31 Fed. App'x 359 (9th Cir. 2002) ......................................................11

146216439v4

*CollegeSource, Inc. v. AcademyOne, Inc.*
    653 F.3d 1066 (9th Cir. 2011) ................................................................5

*Daimler AG v. Bauman*
    571 U.S. 117 (2014)........................................................................5, 6

*Franciscan Mobile Home Owners v. Linc Hous. Corp.*
    No. C 10-01087 JW, 2011 U.S. Dist. LEXIS 171431 (N.D. Cal.
    Feb. 11, 2011) ................................................................................11

*Goal Zero, LLC v. Cargo Freight Servs.*,
    No. 16-cv-04055-LB, 2016 U.S. Dist. LEXIS 177643 (N.D. Cal.
    Dec. 22, 2016).................................................................................10

*Hart v. Salois*
    605 Fed. App'x 694 (10th Cir. 2015) .......................................................5

*Jones v. Sangha*
    No. 3:14-cv-2828-GPC-PCL, 2017 U.S. Dist. LEXIS 34037 (S.D.
    Cal. Mar. 9, 2017) ...........................................................................15

*In re JPMorgan Chase Derivative Litig.*
    No. 2:13-cv-02414-KJM-EFB, 2014 U.S. Dist. LEXIS 151370
    (E.D. Cal. Oct. 23, 2014) ..................................................................10

*Kaia Foods, Inc. v. Bellafiore*
    70 F. Supp. 3d 1178 (N.D. Cal. 2014).....................................................10

*Lewis v. Anderson*
    615 F.3d 778 (9th Cir. 1979) ..............................................................11

*Malone v. Clark Nuber, P.S.*
    No. C07-2046RSL, 2008 U.S. Dist. LEXIS 70687 (W.D. Wash.
    Sep. 12, 2008) ................................................................................10

*Matus v. Premium Nutraceuticals, LLC*
    715 Fed. App'x 662 (9th Cir. 2018) .........................................................6

*Meland v. Weber*
    2 F.4th 838 (9th Cir. 2021) .................................................................14

*Murphy v. Fullbright*
    No. 12-cv-885-JM (WVG), 2012 U.S. Dist. LEXIS 144081 (S.D.
    Cal. Oct. 4, 2012)..........................................................................7, 8

NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 23-CV-0533-VC

*In re Nektar Therapeutics Sec. Litig.*
  34 F.4th 828 (9th Cir. 2022) ................................................................ 12

*Nguyen v. Endologix, Inc.*
  962 F.3d 405 (9th Cir. 2020) ........................................................... 12, 13

*Nucal Foods, Inc. v. Quality Egg LLC*
  887 F. Supp. 2d 977 (E.D. Cal. 2012) ................................................. 5

*Ohashi v. Verit Indus.*
  536 F.2d 849 (9th Cir. 1976) ................................................................ 11

*In re Orchard Enters., Inc.*
  88 A.3d 1 (Del. Ch. 2014) ................................................................... 14

*Piedmont Label Co. v. Sun Garden Packing Co.*
  598 F.2d 491 (9th Cir. 1979) ............................................................... 10

*Pinker v. Roche Holdings, Ltd.*
  292 F.3d 361 (3d Cir. 2002) .................................................................. 9

*Pinnavaia v. Moody-Stuart*
  No. C 09-03803 CW, 2009 U.S. Dist. LEXIS 115453 (N.D. Cal.
  Dec. 11, 2009) ...................................................................................... 15

*Ranza v. Nike, Inc.*
  793 F.3d 1059 (9th Cir. 2015) ............................................................... 6

*Romman v. Gao*
  No. 2:11-cv-01178-MMD-CWH, 2013 U.S. Dist. LEXIS 60621 (D.
  Nev. Apr. 29, 2013) .............................................................................. 15

*Rosenbloom v. Pyott*
  765 F.3d 1137 (9th Cir. 2014) ............................................................. 15

*In re Saba Software, Inc. S'holder Litig.*
  2017 Del. Ch. LEXIS 52 (Del. Ch. Mar. 31, 2017) ............................. 14

*Santa Fe Indus. v. Green*
  430 U.S. 462 (1977) .............................................................................. 11

*Shivers v. Amerco*
  670 F.2d 826 (9th Cir. 1982) ............................................................... 11

NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 23-CV-0533-VC

146216439v4

*Sierra Network, Inc. v. Tobacco Imp. USA*
    No. CV 07-6104 DSF, 2008 U.S. Dist. LEXIS 128739 (C.D. Cal.
    June 2, 2008) .......................................................................................8

*Simon v. Hartford Life, Inc.*
    546 F.3d 661 (9th Cir. 2008) ...............................................................15

*Skanda Grp. of Indus.*
    *LLC v. Capital Health Partner, LLC*, No. 2:20-CV-10189-CAS-
    MRWx, 2020 U.S. Dist. LEXIS 240314 (C.D. Cal. Dec. 21, 2020).....................9

*In re Sona Nanotech Sec. Litig.*
    562 F. Supp. 3d 715 (C.D. Cal. 2021) ..................................................13

*ThermoLife Int'l, LLC v. NetNutri.com LLC*
    813 Fed. App'x 316 (9th Cir. 2020) .......................................................8

*Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion*
    *De Costa Rica*
    614 F.2d 1247 (9th Cir. 1980) ...............................................................9

*United Food & Comm. Wrks. Union v. Zuckerberg*
    262 A.3d 1034 (Del. 2021) ...................................................................15

*Utterkar v. Ebix, Inc.*
    No. 14-CV-02250-LHK, 2015 U.S. Dist. LEXIS 113361 (N.D. Cal.
    Aug. 25, 2015) ....................................................................................14

*In re VeriSign, Inc. Derivative Litig.*
    531 F. Supp. 2d 1173 (N.D. Cal. 2007).................................................13

*Walden v. Fiore*
    571 U.S. 277 (2014).........................................................................6, 9

*Williams v. Sinclair*
    529 F.2d 1383 (9th Cir. 1975) .............................................................11

*Williams v. Touchtunes Music Co.*
    No. CV 13-04752 BRO, 2013 U.S. Dist. LEXIS 198473 (C.D. Cal.
    Oct. 3, 2013) ......................................................................................14

*Zucco Partners, LLC v. Digimarc Corp.*
    552 F.3d 981 (9th Cir. 2009) ...............................................................13

v

146216439v4

## STATUTES

28 U.S.C. § 1391 ........................................................................................................10

28 U.S.C. § 1406 ........................................................................................................10

Fed. R. Civ. P. 8 ...........................................................................................................1

Fed. R. Civ. P. 9 .....................................................................................................1, 12

Fed. R. Civ. P. 12 ..................................................................................1, 2, 5, 10, 15

Fed. R. Civ. P. 23.1 ...............................................................................1, 2, 10, 15

8 Del. C. § 220 .......................................................................................................1, 14

## OTHER AUTHORITIES

N.D. Cal. Civil Local Rule 3-9 .....................................................................................5

N.D. Cal. Civil Local Rule 7-2 .....................................................................................1

N.D. Cal. Civil Local Rule 7-4 .....................................................................................1

NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 23-CV-0533-VC

146216439v4

## <u>NOTICE OF MOTION AND MOTION</u>

**TO THE COURT AND ALL PARTIES:**

**PLEASE TAKE NOTICE THAT** on April 20, 2023 at 10:00 a.m. in Courtroom 4 of the United States District Court for the Northern District of California, located on the 17th Floor of 450 Golden Gate Avenue, San Francisco, California 94102, or at such other date and time ordered by the Court, Defendant HFN, Inc. ("**HFN**") will and hereby does move the Court for an order dismissing the entire Complaint filed by Plaintiff Allan Miller ("**Plaintiff**") as to HFN, pursuant to Federal Rules of Civil Procedure 8, 9, 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6), and 23.1, as well as applicable case law.  Pursuant to Civil Local Rule 7-2, HFN requests an order dismissing the Complaint as to HFN on the grounds that the Court lacks personal jurisdiction over HFN and this Court is an improper venue for Plaintiff's claims.  In the alternative, HFN also requests that the Court dismiss the entire Complaint as to HFN for the following reasons: (1) Plaintiff has failed to state any valid claim for relief against HFN; (2) this Court lacks subject matter jurisdiction over Plaintiff's claim under Section 220 of the Delaware General Corporate Law ("**DGCL**"); and (3) Plaintiff cannot legally maintain – and has failed to comply with the requirements for maintaining – any of his claims on a derivative basis.  The Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Sridhar Santhanam ("**Mr. Santhanam**"), the pleadings and other documents filed in this action, and any argument or evidence that the Court may entertain at the hearing on this Motion.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.   CIVIL LOCAL RULE 7-4 STATEMENT OF ISSUES TO BE DECIDED

**<u>Issue No. 1</u>:  The Court Lacks Personal Jurisdiction Over HFN.**  This is not a "paradigm" case of general jurisdiction because as Plaintiff himself admits, HFN is not incorporated in California and does not maintain its principal place of business here.  Nor is this an "exceptional" non-paradigm of general jurisdiction because HFN does not have systematic and continuous contacts with California that render it "essentially at home" in this State.  Specific jurisdiction is also lacking because Plaintiff's alleged claims against HFN do not have the legally required "substantial connection" to HFN's purported forum contacts.  Finally, Plaintiff cannot

146216439v4

benefit from the potentially broad jurisdictional provisions of the Securities Exchange Act of 1934 ("**Exchange Act**") because he has not pleaded any viable Exchange Act claims against HFN.

**Issue No. 2**:  **Venue in This Court is Improper**.  Venue is improper in this Court because no defendant resides in California, Plaintiff's claims have no nexus to California, HFN is not subject to personal jurisdiction here, and it does not appear any of the other named defendants – who all seem to reside in India – are subject to personal jurisdiction.

**Issue No. 3**:  **Alternatively, Rules 12(b)(1), 12(b)(6), and 23.1 Require Dismissal.**  Even if Plaintiff can proceed against HFN in this Court, Plaintiff has failed to allege any valid direct or derivative claims against HFN.  Specifically:

**A)**      Plaintiff asserts claims against HFN under the Exchange Act based on: (1) HFN entering a supposedly misguided strategic partnership with a Dubai-based company named Seed Group ("**Seed**"); and (2) certain executives allegedly granting themselves equity from HFN's incentive stock pool.  Plaintiff lacks standing to maintain these claims because the Complaint does not allege that Plaintiff himself purchased or sold any shares of HFN due to these purported transactions.  In addition, Plaintiff has failed to plead securities fraud with the required specificity.

**B)**      Plaintiff asserts claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty against HFN, which are governed by Delaware law under the "internal affairs" doctrine.  Under Delaware law: (1) a shareholder cannot sue a corporation for breach of fiduciary duty; and (2) a corporation cannot aid and abet the alleged misconduct of its own officers/directors.

**C)**      Plaintiff asserts a claim for books and records under Section 220 of the DGCL.  However, the Delaware Court of Chancery has exclusive subject matter jurisdiction over that claim.

**D)**      Plaintiff cannot legally maintain any claims on a derivative basis because: (1) Plaintiff is a *pro se* litigant; and (2) Plaintiff has not satisfied the requirements of Rule 23.1.

## II.   FACTS REGARDING THE LACK OF PERSONAL JURISDICTION OVER HFN

HFN is a software and technology support company which conducts business under the DBAs Nanoheal and Bask Technology.  (Declaration of Sridhar Santhanam ("**S.S. Decl.**"), ¶¶ 1-4).  As Plaintiff judicially admits, HFN is incorporated in Delaware and its principal place of

business is Utah, where HFN maintains its corporate headquarters and nearly all operational employees. (*Id.* ¶5; Compl. ¶ 4).  HFN has limited contacts with California, none of which relate to Plaintiff's allegations in this action.   HFN is not incorporated in California or currently registered or certified to conduct intrastate business in California.  HFN has not been registered or certified to conduct intrastate business in California since April 2018, when it forfeited its standing with the California Secretary of State.  (S.S. Decl. ¶ 6).  HFN does not currently own, lease, sublease, or occupy any real property in California, nor does HFN maintain any office, post office box, mailing address, telephone listing, or other physical address in California.  In December 2014, HFN subleased a small office space in San Jose from another company because, at the time, HFN was engaged in discussions with a potential customer in California.  HFN vacated its San Jose office in December 2015 when it relocated to Utah, and HFN then sub-subleased the San Jose office to a third-party until July 2016, when HFN's sublease expired.  (*Id.* ¶ 7).  HFN has never held Board meetings or conducted other corporate management activities in California, and no HFN Board member, officer, or director resides or works in California. (*Id.* ¶ 8). HFN's management team principally resides and works in India.  (*Id.* ¶ 5).  In 2015, HFN opened a checking account and savings account at the San Jose branch of Wells Fargo (the "**WF Accounts**").  After relocating to Utah, HFN started to principally use a Utah-based bank for all of its corporate banking needs, activities, and transactions.  Since March 2020, HFN has maintained less than $20,000 in total funds across the WF Accounts, and other than the WF Accounts, HFN does not own any property or assets of any kind in California.  (*Id.* ¶ 9).  Because HFN offers software products and services to customers around the world, certain HFN customers may reside in California; however, California accounts for less than 10 percent of HFN's total revenue. (*Id.* ¶ 10).  HFN does not own any subsidiary or other entity incorporated or principally doing business in California.  (*Id.* ¶ 11).

## III.    FACTS ALLEGED IN THE COMPLAINT

As described below, Plaintiff contends HFN has been mismanaged in various ways that have supposedly diminished the value of his shares.  Plaintiff allegedly asked HFN to convene a shareholder meeting and provide corporate records in July 2022 after being approached by

"anonymous informants" who expressed unspecified "concern[s]" regarding "the manner in which HFN was being run and the negative consequences that might result." (Compl. ¶ 28). HFN's Chairman of the Board – Mr. Santhanam – agreed to convene the meeting, but disagreements regarding the meeting date ensued, and Plaintiff refused to execute a confidentiality agreement governing his use and disclosure of company information. (*Id.* ¶¶ 29-38 and Ex. 12). Independent of these recent events, Plaintiff alleges HFN's "corporate governance" is "in a state of disarray." (*Id.* ¶ 39). Plaintiff takes issue with the following alleged acts and omissions in particular:

**First**, Plaintiff alleges HFN has "lax corporate governance" because its website contained outdated information regarding HFN's management team. Plaintiff also asserts HFN does not keep Board meetings minutes. (*Id.* ¶¶ 39-43 (collectively, the "**Governance Allegations**")). **Second**, Plaintiff alleges HFN "lacks basic corporate oversight and controls" because it does not have an "effective" human resources ("**HR**") department or procedures, which Plaintiff believes may expose HFN to liability "[i]n the #meetoo era." (*Id.* ¶¶ 44-46 (collectively, the "**HR Allegations**")). **Third**, Plaintiff asserts HFN recently entered an ill-advised partnership with Dubai-based Seed to "expand [HFN's] footprint in the Middle East" (the "**Seed Partnership**"). (*Id.* ¶¶ 48-53). Plaintiff speculates a secret purpose of the Seed Partnership is to "transfer assets of HFN into a separate entity where they can be controlled in a future" unidentified "transaction by the Board outside the reach" of Plaintiff. (*Id.* (collectively, the "**Seed Allegations**")). **Fourth**, Plaintiff contends Mr. Santhanam and Ruby Jha have misused their HFN travel budgets to engage in non-HFN activities which are interfering with the performance of their duties at HFN. (*Id.* ¶¶ 55-61 (collectively, the "**Distraction Allegations**")). **Fifth**, Plaintiff asserts HFN has failed to protect and expand its patent portfolio. (*Id.* ¶¶ 63-70 (collectively, the "**Patent Allegations**")). Plaintiff claims HFN pledged certain patents as collateral in a September 2019 transaction involving Zelis Payments ("**Zelis**") and Red-Card Payment Systems ("**Red-Card**") – entities which Plaintiff speculates are a "side venture" of the individual defendants. (*Id.* ¶ 67). **Sixth**, Plaintiff alleges HFN has failed to maintain and update its software, purportedly leaving HFN and its customers vulnerable to data breaches. (*Id.* ¶¶ 72-84 (collectively, the "**Software Allegations**")). **Seventh**, Plaintiff asserts HFN's website is poorly designed. (*Id.* ¶¶ 86-88

(collectively, the "**Webpage Allegations**")).   **Finally**, Plaintiff contends Mr. Santhanam and former Board member Pavan Vaish ("**Mr. Vaish**") have awarded themselves unjustified equity using HFN's incentive stock pool.  (*Id.* ¶¶ 90-91 (collectively, the "**Equity Pool Allegations**")).  Relying on these allegations, Plaintiff asserts claims for securities fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and injunctive relief for books and records, against HFN and each of the other defendants.  (*Id*. ¶¶ 107-142).

## IV.   DISMISSAL IS REQUIRED UNDER RULES 12(b)(2) AND 12(b)(3)

### A.   The Court Lacks Personal Jurisdiction Over HFN

Plaintiff has the "burden of establishing that jurisdiction is proper."  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).  To meet that burden, Plaintiff "cannot 'simply rest on the bare allegations of [his] complaint[,]" and the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit[,]" *id.*, or "consider merely conclusory claims, or legal conclusions in the complaint as establishing jurisdiction."  *Nucal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 988 (E.D. Cal. 2012).  These rules apply to all plaintiffs, whether *pro se* or not.  *Hart v. Salois*, 605 Fed. App'x 694, 698 (10th Cir. 2015); Civ. L.R. 3-9 (*pro se* litigants are "bound by the Federal Rules" and must "comply" with them).

#### 1.   The Court Does Not Have General Jurisdiction Over HFN

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose [general] jurisdiction[,]" and "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction" over a corporation.  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  If neither paradigm situation is present, a corporation is subject to general jurisdiction only in an "exceptional" case in which its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."  *Daimler*, 571 U.S. at 138-139 and n. 19; *see also BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (the Supreme Court has recognized only one such "exceptional case" – an out-of-state corporation relocating "the center of [its] [] activities" to the forum during wartime).  General jurisdiction is an "exacting standard" not met here.  *CollegeSource, Inc.*, 653 F.3d at 1074.

To begin, this is not a "paradigm" case because HFN is incorporated in Delaware and its

principal place of business is Utah, ***not*** California.  (Compl. ¶ 4; *see also* S.S. Decl. ¶ 5).  Nor is this an "exceptional" non-paradigm case because HFN: (i) is ***not*** registered or certified to conduct intrastate business in California; (ii) does ***not*** own, lease, sublease, or occupy real property in California; (iii) does ***not*** maintain any office, post office box, mailing address, telephone listing, or other physical address in California; (iv) has ***never*** conducted Board meetings or other corporate management activities in California; (v) does ***not*** have Board members, officers, or directors residing or working in California; (vi) does ***not*** own or maintain property or assets in California other than two legacy bank accounts with *de minimis* funds; (vii) does ***not*** derive significant revenue from California; and (vii) does ***not*** own any entity that is incorporated in California or maintains a principal place of business here.  (S.S. Decl. ¶¶ 6-11).  Accordingly, there is no general jurisdiction over HFN.  *Daimler*, 517 U.S. at 139 n. 20 ("A corporation that operates in many places can scarcely be deemed at home in all of them."); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069-1070 (9th Cir. 2015) (no general jurisdiction even though corporation had over 20 employees in the forum, averaged 47 trips per month to the forum, and entered contracts in the forum).

### 2.      The Court Does Not Have Specific Jurisdiction Over HFN

"The specific personal jurisdiction inquiry is defendant-focused, with an emphasis on the relationship among the defendant, the forum, and the litigation.  ***[T]he defendant's suit-related conduct must create a substantial connection with the forum State***.  When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."  *Matus v. Premium Nutraceuticals, LLC*, 715 Fed. App'x 662, 662 (9th Cir. 2018) (emphasis added).  Importantly, "the plaintiff cannot be the only link between the defendant and the forum[,]" and "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."  *Walden v. Fiore*, 571 U.S. 277, 285-286 (2014).

#### a.      Plaintiff's Claims Do Not Have a "Substantial Connection" to HFN's Alleged Forum Contacts

Plaintiff's own allegations confirm that his claims against HFN lack the legally required "substantial connection" to HFN's purported forum contacts.  **<u>First</u>**, Plaintiff predicates his Exchange Act claims on: (1) the Seed Partnership; and (2) Messrs. Santhanam and Vaish allegedly

6

granting themselves equity using HFN's incentive stock pool.  (Compl. ¶¶ 107-123).  However, nothing in the Complaint suggests – let alone establishes – that HFN made the decision to enter a partnership with Dubai-based Seed in California, or that the Seed Partnership was negotiated or will be implemented in California.  (*Id.* ¶¶ 4, 50-52; *see also* S.S. Decl. ¶ 12 (confirming no nexus between the Seed Partnership and California)).  Similarly, there is no allegation that Messrs. Santhanam and Vaish decided to grant themselves equity in California, or that those equity grants were effectuated in California.  (*Id.* ¶¶ 90-92, 112-115, 120-123).  Nor could there be since HFN does not conduct management activities or make equity decisions in California.  (S.S. Decl. ¶ 8).

**Second**, Plaintiff's fiduciary duty claims also lack any California nexus.  The Governance Allegations concern HFN's alleged failure to keep Board meeting minutes and the inclusion of inaccurate information on the company's website.  (Compl. ¶¶ 39-43).  But, HFN does not hold Board meetings in California, and there is no allegation that decisions regarding its website are made in California.  (*Id.*; *see also* S.S. Decl., ¶ 8).  The HR Allegations concern HFN's purported lack of an HR department and procedures – but there is no allegation HFN makes decisions regarding these matters in California, nor does it.  (Compl. ¶¶ 44-47; S.S. Decl. ¶ 8).  The Distraction Allegations concern Mr. Santhanam and Ms. Jha engaging in activities ***unrelated*** to HFN which are purportedly interfering with their duties at HFN.  (Compl. ¶¶ 55-62).  Even if these alleged activities involved travel to California, Mr. Santhanam's and Ms. Jha's admittedly ***non-HFN activities*** cannot be imputed to, much less confer jurisdiction over, ***HFN itself***.  *Murphy v. Fullbright*, No. 12-cv-885-JM (WVG), 2012 U.S. Dist. LEXIS 144081, at *10 (S.D. Cal. Oct. 4, 2012) ("An employer is not responsible for an employee's tortious conduct when the employee is acting outside the scope of employment."); *Beene v. Beene*, No. C 11-6717 JSW, 2012 U.S. Dist. LEXIS 117354, at *15 (N.D. Cal. Aug. 20, 2012) (alleged misconduct by officers and directors of out-of-state corporation was "targeted at [the corporation] and the harm would have been felt by" the corporation itself outside of California – thus, personal jurisdiction was lacking).

The Patent Allegations involve HFN's alleged failure to protect and grow the company's intellectual property – yet there is no allegation HFN made or implemented decisions on these issues in California, nor could there be.  (*Id.* ¶¶ 63-71).  While Plaintiff claims HFN's officers and

directors used the company's patents as collateral in a transaction with Zelis and Red-Card, there is no indication that such a transaction was conceived, negotiated, or implemented in California, nor does it appear that Zelis and Red-Card are California companies. (*Id.* ¶ 67 and Ex. 31 at Grant of Security Interest (indicating Zelis and Red-Card are Delaware and Missouri companies, and the security agreement was also executed by a different HFN entity)). The Software Allegations concern HFN's purported failure to maintain and update its software, and the Webpage Allegations concern the design of HFN's website. (*Id.* ¶¶ 72-89). Once again, HFN's corporate decisions are made outside of California, (S.S. Decl. ¶¶ 5, 8), and it is irrelevant that HFN's software and website are generally available worldwide. *ThermoLife Int'l, LLC v. NetNutri.com LLC*, 813 Fed. App'x 316, 318 (9th Cir. 2020) (a plaintiff "cannot establish specific personal jurisdiction" based on the defendant's operation of "a website through which it [sells] numerous products nationwide[,]" including in the forum state). Finally, the Seed Allegations and Equity Pool Allegations – as described above – lack any nexus to California. (*Id.* ¶¶ 50-54, 90-92; S.S. Decl. ¶¶ 8, 12).

**Third**, Plaintiff's injunctive relief claim under the DGCL fares no better because HFN's books and records are not maintained in California, (*id.* ¶¶ 137-142; S.S. Decl. ¶ 5), and as established below in Section V.C, Delaware courts have exclusive jurisdiction over such claims.

### b.    HFN's Alleged Forum Contacts Are Irrelevant

The limited California contacts alleged in the Complaint are patently unrelated to Plaintiff's claims against HFN. To begin, Plaintiff alleges in conclusory fashion that certain HFN officers and directors used the San Francisco International Airport to travel for matters unrelated to their duties at HFN. (Compl. ¶¶ 18, 60). As explained above, purported employee travel unrelated to HFN cannot legally confer jurisdiction over HFN. *Murphy*, 2012 U.S. Dist. LEXIS 144081, at *10; *Beene*, 2012 U.S. Dist. LEXIS 117354, at *15.

Relying exclusively on an unauthenticated and inaccurate third-party webpage, Plaintiff also alleges HFN maintained a San Jose office as late as May 2021 which "at least one" of the named defendants visited. (Compl. ¶ 19 and Ex. 2). Initially, the unauthenticated webpage cited by Plaintiff is incompetent evidence and should not be considered. *Sierra Network, Inc. v. Tobacco Imp. USA*, No. CV 07-6104 DSF (CTx), 2008 U.S. Dist. LEXIS 128739, at *9 (C.D. Cal. June 2,

2008).  Furthermore, the sworn evidence submitted by HFN shows that – contrary to Plaintiff's assertion – HFN's San Jose office was a short-lived sublease which expired in mid-2016. (S.S. Decl. ¶ 7).  And, critically, Plaintiff does not specifically identify any acts or omissions giving rise to his Complaint which supposedly occurred at HFN's now-defunct San Jose office.

Again relying on inadmissible webpages, Plaintiff points to HFN's alleged partnerships with several third-parties purportedly located in Northern California (Malwarebytes, GoDaddy, and TCS).  (Compl. ¶¶ 20-22).  But, none of Plaintiff's causes of action pertain to these supposed relationships, and activities unrelated to Plaintiff's claims are legally irrelevant.  *Carpenter v. Sikorsky Aircraft Corp.*, 101 F. Supp. 3d 911, 923 (C.D. Cal. 2015) (no specific jurisdiction over out-of-state corporation where "Plaintiffs have not alleged or offered evidence as to any contact with the state of California that is related to the Helicopter or the crash in Georgia[,] [and] [t]here are no allegations that any part of the Helicopter was manufactured, designed, or maintained in California."); *Skanda Grp. of Indus., LLC v. Capital Health Partner, LLC*, No. 2:20-CV-10189-CAS-MRWx, 2020 U.S. Dist. LEXIS 240314, at *16 (C.D. Cal. Dec. 21, 2020) ("the allegations that defendant 'does business' in California unrelated to the Agreement is insufficient to establish specific jurisdiction.").  Finally, Plaintiff alleges he was injured by HFN while residing in California.  (Compl. ¶ 23).  ***However, it is legally and factually irrelevant that Plaintiff resides in California***.  *Walden*, 571 U.S. at 284 & 290 ("We have consistently rejected attempts to satisfy the defendant-focused minimum contacts' inquiry by demonstrating contacts between the plaintiff [] and the forum State[,]" and "mere injury to a forum resident is not a sufficient connection to the forum."); *Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1253 (9th Cir. 1980) ("It is not sufficient that the plaintiff is a California resident, or that an act outside of California imposes an economic burden on a California resident").

### 3.  The Exchange Act Does Not Confer Jurisdiction Over HFN

Plaintiff has alleged claims against HFN under the Exchange Act, which some courts have interpreted as conferring nationwide personal jurisdiction over defendants who have minimum contacts with the U.S.  *See Pinker v. Roche Holdings, Ltd.,* 292 F.3d 361, 369 (3d Cir. 2002); *but see Allison v. Lomas*, 387 F. Supp. 2d 516, 519-520 (M.D.N.C. 2005).  Assuming this is correct,

NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 23-CV-0533-VC

such a rule is inapposite here because – as established below in Section V.A. – Plaintiff's Exchange Act claims are legally baseless on their face and must be dismissed. *In re JPMorgan Chase Derivative Litig.*, No. 2:13-cv-02414-KJM-EFB, 2014 U.S. Dist. LEXIS 151370, at *41, 45, 68 (E.D. Cal. Oct. 23, 2014) (Exchange Act could not confer personal jurisdiction over state-law claims where plaintiff failed to plead a valid Exchange Act claim); *Malone v. Clark Nuber, P.S.*, No. C07-2046RSL, 2008 U.S. Dist. LEXIS 70687, at *4 (W.D. Wash. Sep. 12, 2008) (same).

### B. This Court is Not a Proper Venue for Plaintiff's Claims Against HFN

It is also Plaintiff's burden to establish venue is proper in this Court as to each claim. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014). Plaintiff cannot meet his burden. The propriety of venue is governed by 28 U.S.C. § 1391, which provides for venue in: (1) a judicial district in which any defendant resides; (2) a judicial district in which a substantial part of the at-issue events occurred; or (3) any judicial district in which any defendant is subject to personal jurisdiction. *Goal Zero, LLC v. Cargo Freight Servs.*, No. 16-cv-04055-LB, 2016 U.S. Dist. LEXIS 177643, at *7 (N.D. Cal. Dec. 22, 2016). Here: (1) the Complaint does not allege any defendant resides in California; (2) there is no nexus between Plaintiff's claims and California; and (3) HFN is not subject to personal jurisdiction here, nor are there well-pleaded facts indicating any other defendant is subject to personal jurisdiction – instead, they all appear to reside in India. (Compl. ¶¶ 3-9). Accordingly, dismissal is warranted under Rule 12(b)(3) and 28 U.S.C. § 1406.

## V. ALTERNATIVELY, RULES 12(b)(1), 12(b)(6), AND 23.1 REQUIRE DISMISSAL

### A. Plaintiff Has Failed to State a Valid Claim for Securities Fraud Against HFN

In Counts I-IV of the Complaint, Plaintiff asserts claims under the Exchange Act based on: (1) the Seed Partnership; and (2) Mr. Santhanam and Mr. Vaish allegedly issuing themselves equity using HFN's incentive stock option pool. (Compl. ¶¶ 107-123). Plaintiff claims these events "wrongfully decreased the value" of his "interest" and "ownership" in HFN, and "denied [him] the value and appreciation of the resources of HFN." (*Id.* ¶¶ 108, 110, 113-114, 118, 122). As established below, Plaintiff fails to state any viable claim under the Exchange Act for at least three dispositive reasons.

a.        **Plaintiff Lacks Standing Under Section 10(b) or Rule 10b-5**

"A cause of action under section 10(b) applies only to misrepresentations or omissions made 'in connection with the purchase or sale of any security.'" *Binder v. Gillespie*, 184 F.3d 1059, 1066 (9th Cir. 1999). Thus, "[i]t is a long-held proposition that standing to bring a private action for damages under Section 10(b) is afforded solely to actual purchasers and sellers of securities." *Franciscan Mobile Home Owners v. Linc Hous. Corp.*, No. C 10-01087 JW, 2011 U.S. Dist. LEXIS 171431, at *4-5 (N.D. Cal. Feb. 11, 2011). In accordance with this rule, courts consistently hold that a shareholder lacks standing under Section 10(b) and Rule 10b-5 when: (1) the shareholder does "no more than retain [its] shares" following an alleged fraud, *Williams v. Sinclair*, 529 F.2d 1383, 1389 (9th Cir. 1975); or (2) the shareholder merely claims to have "suffered loss in the value of [its] investment" in a corporation "due to corporate or insider activities[.]" *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 731 (1975).[1]

**Applying these principles to this case, Plaintiff lacks standing because he does not allege that he actually purchased or sold any securities in connection with the Seed Partnership**, (Compl. ¶¶ 48-54, 107-111), **or as a result of Messrs. Santhanam and Vaish granting themselves equity from HFN's incentive stock pool**. (*Id.* ¶¶ 90-92, 112-115). Nor could these apparently recent events have caused Plaintiff to initially acquire his HFN stock in the first place – which occurred more than a decade ago, in 2012 or earlier. (*Id.* ¶¶ 1, 26, 28, 48-49 and Ex. 10). Furthermore, while Plaintiff claims the value of his HFN shares has decreased due to the Seed Partnership and challenged equity grants, these are precisely the types of "corporate mismanagement" allegations that do not confer Exchange Act standing. *Santa Fe Indus. v. Green*, 430 U.S. 462, 479 (1977) ("Congress by § 10(b) did not seek to regulate transactions which

---

[1] *See also Lewis v. Anderson*, 615 F.3d 778, 784 (9th Cir. 1979) ("Section 10(b) and Rule 10b-5 were not intended to bring within their ambit simple corporate mismanagement or every imaginable breach of fiduciary duty in connection with a securities transaction."); *Colin v. Onyx Acceptance Corp.*, 31 Fed. App'x 359, 361 (9th Cir. 2002) (same); *Binder*, 184 F.3d at 1066 (as a matter of law, securities fraud "must occur before investors purchase the securities.").

146216439v4

constitute no more than internal corporate mismanagement.").[2]

> **b.      Plaintiff Has Failed to Adequately Plead Any Securities Fraud**

Plaintiff also fails to plead securities fraud with the legally required specificity.  "To plead a claim under § 10(b) and Rule 10b-5, a plaintiff must allege (1) a material misrepresentation or omission; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation." *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 413 (9th Cir. 2020).  "At the pleading stage, a complaint stating claims under section 10(b) and Rule 10b-5 must satisfy the dual pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("**PLSRA**").  Rule 9(b) requires that a party state with particularity the circumstances constituting fraud or mistake. The PSLRA requires that the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *In re Nektar Therapeutics Sec. Litig.*, 34 F.4th 828, 835 (9th Cir. 2022).  As an initial matter, Plaintiff does not specifically identify any false or misleading statement involving the Seed Partnership or the alleged equity grants to Messrs. Santhanam and Vaish.  Instead, the Complaint baldly asserts – in generic and boilerplate fashion only – that HFN and all other defendants collectively used unspecified "manipulative tactics" and made unidentified "nondisclosure[s] and misrepresentation[s]" in connection with these events. (Compl. ¶¶ 108, 113; *see also id.* ¶¶ 48-54, 90-92).  These bare assertions do not satisfy Rule 9(b) or the PSLRA.  *Brady v. Delta Energy & Communs. Inc.*, 598 F. Supp. 3d 865, 871-872 (C.D. Cal. 2022) (rejecting conclusory misrepresentation allegation and group pleading of securities claim).

---

[2] *See also Shivers v. Amerco*, 670 F.2d 826, 828-830 (9th Cir. 1982) (minority shareholders lacked standing where they continued to hold stock after defendants engaged in conduct allegedly diminishing the value of the minority's shares); *Ohashi v. Verit Indus.*, 536 F.2d 849, 852 (9th Cir. 1976) (rejecting plaintiff's "theory [] that the market value of the stock would have been much higher if the value of all of the [company's] stock, including his own, had not been impaired the wrongful conduct" of its insiders); *Beckett v. Brinx Res., Ltd.*, No. 3:13-CV-00342-LRH-WGC, 2014 U.S. Dist. LEXIS 38440, at *8 (D. Nev. Mar. 21, 2014) (no standing where plaintiff "fail[ed] to assert that he purchased or sold securities in connection with any of the allegedly fraudulent activity, including . . . issuance of Series A Preferred Stock to" the CEO and Board Chairman).

Next, to plead scienter, Plaintiff must allege specific facts showing "the defendants made false or misleading statements either intentionally or with deliberate recklessness[,]" the latter of which requires "more than mere recklessness or a motive to commit fraud[,]" and "instead [necessitates] an extreme departure from the standards of ordinary care [that] presents a danger of misleading buyers or sellers that is either known to the defendant or so obvious that the actor must have been aware of it." *Nguyen*, 962 F.3d at 414.  The Complaint does not contain non-conclusory facts establishing that HFN entered the Seed Partnership with a knowing or deliberate intent to defraud investors, nor is there any indication that Messrs. Santhanam and Vaish granted themselves equity to deceive or manipulate buyers or sellers of HFN stock.  (Compl. ¶¶ 108, 113; *see also id.* ¶¶ 48-54, 90-92).  Plaintiff's generic allegation that HFN is "aware, or should be aware" of the supposed impropriety of these events does not suffice.  *In re Sona Nanotech Sec. Litig.*, 562 F. Supp. 3d 715, 727 (C.D. Cal. 2021) ("A plaintiff cannot rely on generalizations devoid of any specific statements of intent or deliberate recklessness.").  Finally, Plaintiff does not allege he actually purchased or sold any securities in reliance on the Seed Partnership or the equity grants to Messrs. Santhanam and Vaish, much less that he suffered any legally recoverable damages merely by holding his HFN shares during and after those events.

### c.      Plaintiff Cannot Maintain a Tag-Along Section 20(a) Claim

Because Plaintiff has failed to plead any viable claim against HFN under Section 10(a) or Rule 10b-5, his tag-along claims under Section 20(b) must also be dismissed.  *Nguyen*, 962 F.3d at 419; *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

### B.      Plaintiff Has Failed to State a Valid Fiduciary Duty Claim Against HFN

In Counts V-VI, Plaintiff asserts claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty based on his belief that HFN is being mismanaged.  (Compl. ¶¶ 124-136).  Taking Plaintiff at his word that "[t]his is not a derivative suit[,]" (*id.* ¶ 2), these claims are governed and clearly barred by Delaware law.  *In re VeriSign, Inc. Derivative Litig.*, 531 F. Supp. 2d 1173, 1214-1215 (N.D. Cal. 2007); *Brown v. Brewer*, No. CV 06-3731-GHK (JTLx), 2008 U.S. Dist. LEXIS 108904, at *23-24 (C.D. Cal. July 14, 2008).  Under Delaware law, a "corporation owes no fiduciary duties to its owners, the stockholders, [] nor can it aid and abet the fiduciary

breaches of those who direct its operations" – thus, such "claims against [a] corporation must be dismissed." *Buttonwood Tree Value Ptrs., L.P. v. R.l Polk & Co.*, 2014 Del. Ch. LEXIS 141, at *1 (Ch. Aug. 7, 2014); *see also A.W. Fin. Servs., S.A. v. Empire Res., Inc.*, 981 A.2d 1114, 1127 & n. 36 (Del. 2009); *In re Orchard Enters., Inc.*, 88 A.3d 1, 53-54 (Del. Ch. 2014).

### C.     The Court Lacks Subject Matter Jurisdiction Over Plaintiff's DGCL Claim

In Count VII, Plaintiff asserts a books and records claim.  Because HFN is a Delaware corporation, the Delaware "Court of Chancery is [] vested with exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought." 8 *Del. C.* § 220(c).  Thus, dismissal is required.  *Utterkar v. Ebix, Inc.*, No. 14-CV-02250-LHK, 2015 U.S. Dist. LEXIS 113361, at *32-33 (N.D. Cal. Aug. 25, 2015) ("the Court lacks jurisdiction to adjudicate a cause of action arising under section 220(c)"); *Williams v. Touchtunes Music Co.*, No. CV 13-04752 BRO (JCGx), 2013 U.S. Dist. LEXIS 198473, at *6 (C.D. Cal. Oct. 3, 2013) (same).

### D.     Plaintiff Also Cannot Maintain Any of His Claims on a Derivative Basis

Delaware law determines whether Plaintiff's claims are direct or derivative.  *Meland v. Weber*, 2 F.4th 838, 848 (9th Cir. 2021).  Despite professing this is not a derivative suit, the gravamen of the Complaint is that HFN has been mismanaged in a variety of ways that have supposedly diminished the value of Plaintiff's stake in the company.[3]  Because Plaintiff seeks redress for alleged misconduct that would negatively affect all HFN shareholders, Plaintiff is proceeding on a derivative basis, at least as to his fiduciary duty claims.  *In re Saba Software, Inc.*

---

[3] *See* Compl. ¶ 28 (alleging "key resources" of HFN are "not being utilized to advance the interests of HFN"), ¶¶ 45-46 (alleging the lack of HR is exposing HFN to potential liability), ¶¶ 48-54 (alleging the Seed Partnership is a "mismatch" and is "another example" of "utilizing HFN resources" with "little or no motivation for the benefit of HFN itself"), ¶ 61 (alleging Mr. Santhanam and Ms. Jha are misusing "HFN resources" for unrelated activities "at the expense of HFN"), ¶¶ 63-70 (alleging the failure to protect and expand HFN's patents has "put the company into a precarious position"  ), ¶¶ 72-76 (alleging the failure to maintain HFN's software "has put the company" at "considerable risk"), ¶ 81 (alleging "HFN resources" are not being invested for "the benefit of HFN"), ¶ 84 (alleging "HFN resources" are being used for the individual defendants' "own gain at the expense of HFN"), ¶ 88 (alleging the individual defendants are using HFN resources "at the expense of the company"), ¶¶ 90-92 (alleging equity grants to Mr. Santhanam and Mr. Vaish are damaging HFN's "possibility of hiring good future talent" and are "one of the clearest examples" of the individual defendants "acting in their own best interests to the detriment of HFN"), ¶¶ 110, 114, 118, 122, 128, 135 (alleging Plaintiff has been damaged because he has been "denied the value and appreciation of the resources of HFN").

146216439v4

*S'holder Litig.*, 2017 Del. Ch. LEXIS 52, at *47 & n. 106 (Del. Ch. Mar. 31, 2017) ("Claims of corporate mismanagement are classically derivative claims").  Plaintiff, however, is prohibited from proceeding on a derivative basis.  **First**, Plaintiff, as a *pro se* litigant, cannot maintain any derivative claims.  *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 662-663 (9th Cir. 2008); *see also Pinnavaia v. Moody-Stuart*, No. C 09-03803 CW, 2009 U.S. Dist. LEXIS 115453, at *7-9 (N.D. Cal. Dec. 11, 2009) (*pro se* plaintiff could not maintain derivative action); *Romman v. Gao*, No. 2:11-cv-01178-MMD-CWH, 2013 U.S. Dist. LEXIS 60621, at *1-3 (D. Nev. Apr. 29, 2013) (same).  **Second**, a complaint asserting derivative claims must be verified.  Fed. R. Civ. P. 23.1(b).  The Complaint here is not.  *Jones v. Sangha*, No. 3:14-cv-2828-GPC-PCL, 2017 U.S. Dist. LEXIS 34037, at *17 n.10 (S.D. Cal. Mar. 9, 2017) (a verified complaint must be sworn or affirmed under penalty of perjury).  **Third**, a plaintiff asserting derivative claims must plead demand futility "with particularity[.]"  Fed. R. Civ. P. 23.1(b)(3)(A)-(B).  Delaware law governs the demand futility analysis in this case.  *Rosenbloom v. Pyott*, 765 F.3d 1137, 114 (9th Cir. 2014); *see also United Food & Comm. Wrks. Union v. Zuckerberg*, 262 A.3d 1034, 1049, 1059 (Del. 2021) (describing 3-part demand futility test, and explaining "the demand requirement is not excused lightly").  Here, Plaintiff has not attempted to plead demand futility because he admittedly believes this is not a derivate case.  Thus, the Complaint lacks particularized facts making the required futility showing under Delaware law – i.e., that at least half of HFN's directors received a material personal benefit from the alleged misconduct, face a substantial likelihood of liability, or lack independence from another interested director.  *Zuckerberg*, 262 A.3d at 1059.

## VI.    CONCLUSION

For the foregoing reasons, the Court should enter an order granting this Motion and dismissing the entire Complaint as to HFN with prejudice.

Dated:  March 3, 2023                TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Matthew H. Ladner
    Matthew H. Ladner
    Attorneys for Defendant HFN, INC.