**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Matthew H. Ladner (SBN 284594)
350 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: (213) 928-9816
E-mail: Matthew.Ladner@troutman.com

Attorneys for Defendant
HFN, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN MILLER,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.; KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company; SRIDHAR SANTHANAM; KUMAR SHIRALAGI; PAVAN VAISH; and VANI KOLA,<br><br>　　　　　　　　Defendants. | Case No. 23-CV-0533-VC<br><br>**DECLARATION OF SRIDHAR SANTHANAM IN SUPPORT OF DEFENDANT HFN, INC.'S MOTION TO DISMISS FOR:**<br>**(1) LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, FOR (2) FAILURE TO STATE A CLAIM, LACK OF SUBJECT MATTER JURISDICTION, AND LACK OF STANDING**<br><br>[Filed concurrently with Notice of Motion and Motion]<br><br>**DATE:** APRIL 20, 2023<br>**TIME:** 10:00 A.M.<br>**COURTROOM:** 4<br>**FLOOR:** 17TH |

## DECLARATION OF SRIDHAR SANTHANAM

I, Sridhar Santhanam, declare as follows:

1. I am the Chairman of the Board of Directors of HFN, Inc. ("**HFN**"), and I have served in that position since 2012. I offer this Declaration in support of HFN's Motion to Dismiss for: (1) Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, for (2) Failure to State a Claim, Lack of Subject Matter Jurisdiction, and Lack of Standing.

2. Based on my position and tenure as the Chairman of the Board of HFN, I am personally familiar with HFN's business operations and activities, locations, property, management, financial information, and business relationships with customers and other third-parties. Accordingly, I have personal knowledge of all matters stated in this Declaration. In addition, I am personally familiar with, have access to, and have reviewed business records of HFN regarding the matters stated in this Declaration. Those business records: (i) were made in the regular course of business at HFN; (ii) were kept in the course of HFN's regularly conducted business, as part of HFN's regular business practices; and (iii) were made at or near the time of the act, transaction, occurrence, or event referred to herein by someone with knowledge, or from information transmitted by someone with knowledge.

3. If called and sworn as a witness, I could and would competently testify to the matters stated in this Declaration.

4. HFN is a software and technology support company which conducts business under the DBAs Nanoheal and Bask Technology.

5. HFN is incorporated in Delaware and its principal place of business is Utah, where HFN maintains its corporate headquarters and nearly all operational employees. HFN's management team principally resides and works in India.

6. HFN is not incorporated in California or currently registered or certified to conduct intrastate business in California. HFN has not been registered or certified to conduct intrastate business in California since April 2018, when its standing with the California Secretary of State was forfeited.

7. HFN does not currently own, lease, sublease, or occupy any real property in California, nor does HFN maintain any office, post office box, mailing address, telephone listing, or other physical address in California. In December 2014, HFN subleased a small office space in San Jose from another company because, at the time, HFN was engaged in discussions with a potential customer in California. However, HFN vacated its San Jose office in December 2015 when it relocated to Utah, and HFN subsequently sub-subleased the San Jose office to a third-party named IDM Cloud until July 2016, when HFN's sublease expired.

8. HFN has never held Board meetings or conducted other corporate management activities in California, and no HFN Board member, officer, or director resides or works in California. In particular, HFN does not make decisions in California regarding the granting of equity to its officers, directors, or employees.

9. In 2015, HFN opened a checking account and savings account at the San Jose branch of Wells Fargo (the "**WF Accounts**"). After relocating to Utah, HFN started to principally use a Utah-based bank for all of its corporate banking needs, activities, and transactions. Since March 2020, HFN has maintained less than $20,000 in total funds across the WF Accounts, and other than the WF Accounts, HFN does not own any property or assets of any kind in California.

10. Because HFN offers software products and services to customers around the world, certain HFN customers may reside in California. HFN's relationships with customers in California represent a small fraction of HFN's business worldwide, and California accounts for less than 10 percent of HFN's total revenue.

11. HFN does not directly or indirectly own any subsidiary or other entity that is incorporated in California or that maintains a principal place of business in California.

12. I have reviewed the Complaint filed by Plaintiff Allan Miller in the above-captioned action. The Complaint makes reference to a certain alleged strategic partnership between HFN and a Dubai-based company named the Seed Group ("**Seed**"). HFN's decision to enter into a strategic partnership was not made in California; the partnership with Seed was not negotiated in California;

and the partnership will not be implemented in California – rather, the focus of the partnership is the potential expansion of HFN's business internationally in the Middle East.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 3, 2023 at Bengaluru, India.

_____
Sridhar Santhanam