**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Matthew H. Ladner (SBN 284594)
350 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: (213) 928-9816
E-mail: Matthew.Ladner@troutman.com

Attorneys for Defendant
HFN, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN MILLER,<br><br>                Plaintiff,<br>vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.; KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company; SRIDHAR SANTHANAM; KUMAR SHIRALAGI; PAVAN VAISH; and VANI KOLA,<br><br>                Defendants. | Case No. 3:23-cv-0533-VC<br><br>**DEFENDANT HFN, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR: (1) LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, FOR (2) FAILURE TO STATE A CLAIM, LACK OF SUBJECT MATTER JURISDICTION, AND LACK OF STANDING**<br><br>DATE:    APRIL 27, 2023<br>TIME:    10:00 A.M.<br>CTRM:   4<br>FLOOR:  17TH |

# **TABLE OF CONTENTS**

I. PLAINTIFF HAS FAILED TO CARRY HIS BURDEN OF ESTABLISHING PERSONAL JURISDICTION AND VENUE .................................................1

    A. Plaintiff Has Not Established Personal Jurisdiction Over HFN ...........1

    B. Plaintiff Has Not Established This Court is a Proper Venue ................5

II. DISMISSAL IS ALSO REQUIRED ON THE MERITS................................6

    A. Plaintiff Has Failed to State a Valid Exchange Act Claim ...................6

    B. Plaintiff Has Failed to State a Valid Claim for Breach of Fiduciary Duty or Aiding and Abetting Breach of Fiduciary Duty ......8

    C. The Court Lacks Jurisdiction Over Plaintiff's DGCL Claim ...............9

    D. Plaintiff Cannot Maintain Any Claims on a Derivative Basis.............9

III. CONCLUSION................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amorosa v. AOL Time Warner, Inc.*,
 409 Fed. App'x 412 (2d Cir. 2011) ................................................................................8

*In re Bang Energy Drink Mktg. Litig.*,
 2021 U.S. Dist. LEXIS 146977 (N.D. Cal. June 30, 2021)..................................................1

*Beene v. Beene*,
 2012 U.S. Dist. LEXIS 117354 (N.D. Cal. Aug. 20, 2012) ................................................6

*Blue Chip Stamps v. Manor Drug Stores*,
 421 U.S. 723 (1975)........................................................................................................7

*BNSF Ry. v. Tyrrell*,
 137 S.Ct. 1549 (2017)....................................................................................................2

*Bocock v. Innovate Corp.*,
 2022 Del. Ch. LEXIS 307 (Oct. 28, 2022) ......................................................................10

*Bristol-Myers Squibb Co. v. Super. Ct.*,
 137 S.Ct. 1773 (2017)....................................................................................................3

*Brown v. Brewer*,
 2008 U.S. Dist. LEXIS 108904 (C.D. Cal. July 14, 2008).................................................9

*Bundoo Khan USA LLC v. Arrehman Arraheem Corp.*,
 2022 U.S. Dist. LEXIS 152659 (C.D. Cal. July 14, 2022).................................................3

*Carpenter v. Sikorsky Aircraft Corp.*,
 101 F. Supp. 3d 911 (C.D. Cal. 2015) ..............................................................................4

*City of Royal Oaks Ret. Sys. v. Juniper Networks, Inc.*,
 808 F. Supp. 2d 1045 (N.D. Cal. 2012)............................................................................6

*Cordon v. Wachovia Mortg.*,
 776 F. Supp. 2d 1029 (N.D. Cal. 2011)............................................................................5

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014).......................................................................................................2

*Dixon v. Cost Plus*,
 2012 U.S. Dist. LEXIS 90854 (N.D. Cal. June 27, 2012) ................................... 9

*Epikhin v. Game Insight N. Am.*,
 2015 U.S. Dist. LEXIS 66188 (N.D. Cal. May 20, 2015) ................................... 6

*Freedom Envtl. Servs. v. Borish*,
 2012 U.S. Dist. LEXIS 89572 (M.D. Fla. June 20, 2012) .................................. 8

*Hatset v. Century 21 Gold Coast Realty*,
 649 Fed. App'x 400 (9th Cir. 2016) .................................................................. 4

*Holland v. Gexa Corp.*,
 161 Fed. App'x 364 (5th Cir. 2005) .................................................................. 8

*Hurt v. Deutsche Bank Nat'l Trust Co.*,
 799 Fed. App'x 503 (9th Cir. 2020) .................................................................. 7

*Janken v. GM Highes Electronics*,
 46 Cal. App. 4th 55 (1996) ................................................................................ 9

*Kiwkijet, LLC v. Mena Technics Co. W.L.L.*,
 2022 U.S. Dist. LEXIS 234775 (C.D. Cal. Dec. 16, 2022) ................................ 4

*Lampkin v. UBS Painewebber, Inc. (In re Enron Corp. Sec. Deriv. & ERISA Litig.)*,
 238 F. Supp. 3d 799 (S.D. Tex. 2017) ............................................................... 7

*Luv N' Care, Ltd. v. Goldberg Cohen, LLP*,
 2016 U.S. Dist. LEXIS 110155 (S.D.N.Y. Aug. 18, 2016) ................................ 1

*Matus v. Premium Nutraceuticals, LLC*,
 715 Fed. App'x 662 (9th Cir. 2018) ........................................................... 2, 3, 4

*McAllister v. Hawaiiana Mgm't Co.*,
 2012 U.S. Dist. LEXIS 206053 (D. Haw. Oct. 22, 2012) .................................. 3

*Morrill v. Scott Fin. Corp.*,
 873 F.3d 1136 (9th Cir. 2017) ........................................................................... 4

*In re Multiplan Corp. Stockholders Litig.*,
 268 A.3d 784 (Del. Ch. Jan. 3, 2002) .............................................................. 10

*O'Handley v. Padilla*,
 579 F. Supp. 3d 1163 (N.D. Cal. 2022) ............................................................. 2

*Dixon v. Cost Plus*,
 2012 U.S. Dist. LEXIS 90854 (N.D. Cal. June 27, 2012) ................................... 9

*Epikhin v. Game Insight N. Am.*,
 2015 U.S. Dist. LEXIS 66188 (N.D. Cal. May 20, 2015) ................................... 6

*Freedom Envtl. Servs. v. Borish*,
 2012 U.S. Dist. LEXIS 89572 (M.D. Fla. June 20, 2012) .................................. 8

*Hatset v. Century 21 Gold Coast Realty*,
 649 Fed. App'x 400 (9th Cir. 2016) .................................................................. 4

*Holland v. Gexa Corp.*,
 161 Fed. App'x 364 (5th Cir. 2005) .................................................................. 8

*Hurt v. Deutsche Bank Nat'l Trust Co.*,
 799 Fed. App'x 503 (9th Cir. 2020) .................................................................. 7

*Janken v. GM Highes Electronics*,
 46 Cal. App. 4th 55 (1996) ................................................................................ 9

*Kiwkijet, LLC v. Mena Technics Co. W.L.L.*,
 2022 U.S. Dist. LEXIS 234775 (C.D. Cal. Dec. 16, 2022) ................................ 4

*Lampkin v. UBS Painewebber, Inc. (In re Enron Corp. Sec. Deriv. & ERISA Litig.)*,
 238 F. Supp. 3d 799 (S.D. Tex. 2017) ............................................................... 7

*Luv N' Care, Ltd. v. Goldberg Cohen, LLP*,
 2016 U.S. Dist. LEXIS 110155 (S.D.N.Y. Aug. 18, 2016) ................................ 1

*Matus v. Premium Nutraceuticals, LLC*,
 715 Fed. App'x 662 (9th Cir. 2018) ........................................................... 2, 3, 4

*McAllister v. Hawaiiana Mgm't Co.*,
 2012 U.S. Dist. LEXIS 206053 (D. Haw. Oct. 22, 2012) .................................. 3

*Morrill v. Scott Fin. Corp.*,
 873 F.3d 1136 (9th Cir. 2017) ........................................................................... 4

*In re Multiplan Corp. Stockholders Litig.*,
 268 A.3d 784 (Del. Ch. Jan. 3, 2002) .............................................................. 10

*O'Handley v. Padilla*,
 579 F. Supp. 3d 1163 (N.D. Cal. 2022) ............................................................. 2

*Ramirez v. Ghilotti Bros.*,
 941 F. Supp. 2d 1197 (N.D. Cal. 2013) .................................................................................. 9

*Revplus, Inc. v. Donde*,
 2012 U.S. Dist. LEXIS 199211 (C.D. Cal. Sept. 14, 2012) .................................................... 9

*Santa Fe Indus. v. Green*,
 430 U.S. 462 (1977) ............................................................................................................... 7

*Schreiber v. Redhawk Holdings Corp.*,
 2017 U.S. Dist. LEXIS 157918 (S.D. Cal. Sept. 26, 2017) .................................................... 6

*Sierra Network, Inc. v. Tobacco Imp. USA*,
 2008 U.S. Dist. LEXIS 128739 (C.D. Cal. June 2, 2008) ...................................................... 2

*In re Verisign, Inc. Deriv. Litig.*,
 531 F. Supp. 2d 1173 (N.D. Cal. 2007) .................................................................................. 9

*Walden v. Fiore*,
 571 U.S. 285-286 (2014) ........................................................................................................ 4

*Webb v. Fain*,
 2002 U.S. Dist. LEXIS 25578 (D. Or. Oct. 3, 2002) ............................................................. 8

**Other Authorities**

N.D. Cal. Civ. L.R. 7-3(c ) ............................................................................................................. 2

I.  **PLAINTIFF HAS FAILED TO CARRY HIS BURDEN OF ESTABLISHING PERSONAL JURISDICTION AND VENUE**

   A.  <u>**Plaintiff Has Not Established Personal Jurisdiction Over HFN**</u>

As set forth in HFN's Motion to Dismiss ("**Motion**"), Plaintiff's Complaint is premised on, and seeks relief for, eight categories of allegations regarding the purported mismanagement of HFN's affairs – namely, the Governance, HR, Seed, Distraction, Patent, Software, Webpage, and Equity Pool Allegations (collectively, the "**Allegations**"). (Mot. at 3-5, citing Compl. ¶¶ 28-91). As further established in the Motion, this Court does not have general or specific personal jurisdiction over HFN with respect to those Allegations or Plaintiff's corresponding claims because: (1) California is not HFN's state of incorporation or principal place of business, nor is this an "exceptional" case in which an out-of-state corporation is essentially at home in California; and (2) there is no "substantial connection" between Plaintiff's claims and HFN's alleged forum contacts with California – to the contrary, the alleged forum contacts identified in the Complaint are completely irrelevant to Plaintiff's claims. (Mot. at 5-10). Plaintiff's Opposition does not refute these arguments and Plaintiff has failed to carry his burden of establishing personal jurisdiction over HFN.

<u>First</u> – with respect to general jurisdiction – Plaintiff tries to walk-back the Complaint's judicial admission that Utah is HFN's principal place of business, (Compl. ¶ 4), based on: (a) unauthenticated LinkedIn webpages and spreadsheets purportedly showing numerous HFN employees in India and the Philippines; and (b) an unauthenticated Fed Ex webpage and Google Maps screenshot allegedly suggesting that HFN's Utah office is closed. (Opp. at ¶¶ 16-18 , citing Miller Decl., Exs. 6-8 and Compl., Exs. 40-41). However, Plaintiff cannot avoid dismissal by contradicting his prior judicial admission regarding HFN's principal place of business, especially where he offers no explanation for his new position. *In re Bang Energy Drink Mktg. Litig.*, 2021 U.S. Dist. LEXIS 146977, at *10 (N.D. Cal. June 30, 2021) (plaintiff cannot avoid dismissal via allegations which "cannot be reconciled with [its] judicial admissions"); *Luv N' Care, Ltd. v. Goldberg Cohen, LLP*, 2016 U.S. Dist. LEXIS 110155, at *2-3 n.2 (S.D.N.Y. Aug. 18, 2016) (rejecting attempt to "disavow [] assertion regarding [defendant's] principal place of business.").

Moreover, even if Plaintiff could contradict his prior judicial admission – and even if Plaintiff's new "evidence" concerning HFN's presence in Utah was admissible, which it is not[1] – general jurisdiction is still lacking. At most, Plaintiff's "evidence" shows that, in addition to Utah, HFN operates in India and the Philippines, ***but critically, not in California***. That information serves only to highlight and confirm this is not a "paradigm" case of general jurisdiction, nor is it an "exceptional" case in which HFN's contacts with California "are so 'continuous and systematic' as to render [it] essentially at home" in this forum. *Daimler AG v. Bauman*, 571 U.S. 117, 137-139, n. 19 (2014); *BNSF Ry. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017).

**Second** – with respect to specific jurisdiction – Plaintiff has failed to submit admissible evidence establishing any nexus, let alone the legally required "substantial connection," between his claims and HFN's purported forum activities. *Matus v. Premium Nutraceuticals, LLC*, 715 Fed. App'x 662, 662 (9th Cir. 2018); *see also O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1178 (N.D. Cal. 2022) ("The plaintiff bears the burden of establishing the court's personal jurisdiction over a defendant[,]" and "[a] prima facie showing [of jurisdiction] is established if the plaintiff produces admissible evidence which, if believed, would be sufficient to establish personal jurisdiction."). For example, there *still* is no evidence before the Court showing that: (i) the Seed Partnership was negotiated or implemented in California; (ii) the challenged equity grants to Messrs. Santhanam and Vaish were approved or implemented in California; or (iii) the alleged deficiencies in HFN's governance, HR procedures, patent and software policies, and website and webpages, are the result of actions taken, or decisions made, by HFN in California. (Mot. at 6-8). Instead, Plaintiff focuses his Opposition on alleged communications with Mr. Santhanam and an individual named Rahul Singh between July and October 2022 regarding a potential meeting in San Francisco to discuss Plaintiff's alleged concerns about the company. ***However, Plaintiff***

---

[1] HFN objects to – and the Court should strike or otherwise not consider – Exhibits 6-8 to Plaintiff's Declaration and Exhibits 40-41 to the Complaint, which consist of unauthenticated and inadmissible third-party webpages and Plaintiff's inadmissible summary of the same. *See* N.D. Cal. Civ. L.R. 7-3(c); *Sierra Network, Inc. v. Tobacco Imp. USA*, 2008 U.S. Dist. LEXIS 128739, at *9 (C.D. Cal. June 2, 2008) ("Unsupported statements in the opposition are not competent evidence" of personal jurisdiction, and "[n]either are unauthenticated web print-outs.").

***admittedly <u>did</u> <u>not</u> attend any such meeting, nor can he confirm whether the meeting ever occurred, much less what, if anything, was discussed or decided during that hypothetical meeting.*** (Opp. at ¶¶ 13-14 (admitting that "Plaintiff declined to join the meeting" on July 23, 2022, and "Plaintiff once again declined" the meeting on July 26); Miller Decl. ¶ 10 (same)). Plaintiff's reliance on this potential meeting is unavailing.

To begin, Plaintiff cannot establish specific personal jurisdiction based on speculation regarding a hypothetical meeting he did not personally attend, particularly where much of Plaintiff's "evidence" of that meeting consists of his own unilaterally-redacted and inadmissible handwritten notes.[2]

Next, even if the Court were to consider Plaintiff's "evidence" on this issue, specific jurisdiction is still lacking because none of Plaintiffs' Allegations or claims arise from that purported meeting in July 2022, as required by law. *Matus*, 715 Fed. App'x at 662; *see also Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S.Ct. 1773, 1781 (2017) (specific jurisdiction necessitates "a connection between the forum and the specific claims at issue."). For example, Plaintiff's Exchange Act claims arise from a supposedly ill-advised partnership between HFN and Seed in 2021, and alleged equity grants to Messrs. Santhanam and Vaish between 2015 and 2021. (Compl. ¶¶ 50, 107-123; Opp. ¶¶ 25, 28-30). Plaintiffs' fiduciary duty claims relate to corporate decisions regarding governance and HR procedures, patent prosecution, software updates, and website and webpage content, as well as Mr. Santhanam and Ms. Jha supposedly using HFN resources for non-HFN purposes. (*Id.* ¶¶ 124-136). Plaintiff's DGCL claim concerns books and records located outside of California. (*Id.* ¶¶ 137-142). ***Simply put, there is <u>no</u> evidence that <u>any</u> of these purported events, actions, and decisions were conceived, made, executed, implemented, furthered, or even discussed at a meeting involving Mr. Santhanam in July 2022.*** To the

---

[2] HFN objects to – and the Court should strike or otherwise not consider – Exhibits 3 and 5 to Plaintiff's Declaration, which consist of Plaintiff's inadmissible handwritten notes, and paragraphs 4 and 7-9 of Plaintiff's Declaration, which describe the notes. *McAllister v. Hawaiiana Mgm't Co.*, 2012 U.S. Dist. LEXIS 206053, at *39-40 (D. Haw. Oct. 22, 2012) (plaintiff's handwritten notes on document were inadmissible hearsay); *Bundoo Khan USA LLC v. Arrehman Arraheem Corp.*, 2022 U.S. Dist. LEXIS 152659, at *8-11 (C.D. Cal. July 14, 2022) (no personal jurisdiction where plaintiff offered only hearsay and speculation regarding alleged meetings in California).

contrary, the only competent evidence before the Court regarding the nature and extent of HFN's limited California contacts – Mr. Santhanam's Declaration – conclusively shows that HFN does not engage in corporate management activities in California, nor did HFN approve or enter any transactions in California, or make any decisions in California, that are the subject of Plaintiff's claims in this lawsuit.  (S.S. Decl. ¶¶ 1-12).  Accordingly, Plaintiff's speculative focus on a potential meeting in July 2022 is legally and factually irrelevant to the existence of personal jurisdiction in this case. *Matus*, 715 Fed. App'x at 662; *Carpenter v. Sikorsky Aircraft Corp.*, 101 F. Supp. 3d 911, 923 (C.D. Cal. 2015) (forum contacts unconnected to a plaintiff's claims are not relevant to personal jurisdiction).

Finally, HFN is not subject to personal jurisdiction in this Court simply because Messrs. Santhanam and Singh may have engaged in certain telephone, text message, or email communications with Plaintiff while he was located in California.  The Supreme Court has held that "a defendant's relationship with a plaintiff . . , standing alone, is an insufficient basis for jurisdiction[,]" *Walden v. Fiore*, 571 U.S. 285-286 (2014), and Ninth Circuit precedent is equally clear that "when a defendant's relationship to the forum state arises from the fortuity of where the plaintiff resides . . , it does not provide the basis for specific jurisdiction there." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1148 (9th Cir. 2017).  Consistent with this controlling law, courts have repeatedly rejected attempts to establish personal jurisdiction based on a defendant's communications with a plaintiff who happens to reside in the forum state, and this case should be no exception. *Hatset v. Century 21 Gold Coast Realty*, 649 Fed. App'x 400, 402 (9th Cir. 2016) ("The district court did not err in dismissing defendant [] for lack of personal jurisdiction. [Defendant] communicated with [plaintiff] while [plaintiff] was physically present in California, but these communications connect only [defendant] to [plaintiff], not to California specifically . . . [and] [t]he plaintiff cannot be the only link between the defendant and the forum."); *Kiwkijet, LLC v. Mena Technics Co. W.L.L.*, 2022 U.S. Dist. LEXIS 234775, at *7-9 (C.D. Cal. Dec. 16, 2022) (recognizing that "[c]onducting contract negotiations over phone, mail, or email with forum state residents cannot, standing alone, establish specific personal jurisdiction over a nonresident defendant[,]" and collecting cases dismissing cases for lack of personal jurisdiction in

those circumstances).³

B.  **Plaintiff Has Not Established This Court is a Proper Venue**

For the reasons stated above, as well as in the Motion, venue is not proper in this Court because: (i) no defendant resides in California; (ii) there is no nexus between Plaintiff's claims and California; and (iii) HFN is not subject to personal jurisdiction in this Court, nor does it appear any other defendant would be. (Mot. at 10). While Plaintiff argues HFN "has Board meetings, discusses company strategy, and meets with shareholders" in San Francisco, the only basis for this contention is Plaintiff's belief that in July 2022, Mr. Santhanam may have attended a meeting in San Francisco which Plaintiff admittedly declined to attend. (Opp. at ¶ 22). There is no evidence before the Court establishing that a "substantial part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" during that supposed meeting, as required for venue under 28 U.S.C. § 1391(b)(2). Indeed, Plaintiff's own Complaint confirms that his claims ***do not*** arise from actions or decisions made during a July 2022 meeting – rather, they concern prior transactions, equity grants, and governance decisions with no relationship to California. (Compl. ¶¶ 39-192).

Plaintiff also argues venue is proper in this Court because his claims in this lawsuit allegedly concern corporate actions impacting the value of his HFN stock, and thus, "a substantial part of the property that is the subject of the action is situated" in this district. (Opp. at ¶ 13). But, Plaintiff does not cite any law for the novel proposition that, in shareholder lawsuits involving claims of corporate mismanagement, venue is proper in any district in which any shareholder may reside. The Court should decline Plaintiff's invitation to invent and enforce that baseless rule,⁴ especially where courts have rejected the notion that venue and personal jurisdiction are *ipso facto* proper wherever a shareholder happens to live. *Schreiber v. Redhawk Holdings Corp.*, 2017 U.S. Dist. LEXIS 157918, at *11-15 (S.D. Cal. Sept. 26, 2017) (venue was improper where San Diego-

---

³ Plaintiff also conflates subject matter and personal jurisdiction. (Opp. at 6). As this Court is well-aware, however, those are separate and distinct requirements and inquiries.

⁴ *Cordon v. Wachovia Mortg.*, 776 F. Supp. 2d 1029, 1040 (N.D. Cal. 2011) (rejecting argument where defendant "fail[ed] to provide any legal analysis or cite any decisional authority to support its argument[,]" because it "is not the role of the Court to make the parties' arguments for them.").

based plaintiff alleged that out-of-state corporation interfered with his ability to sell his stock in the corporation, because none of the "events allegedly preventing the transfer of shares took place in this District."); *Beene v. Beene*, 2012 U.S. Dist. LEXIS 117354, at *13-15 (N.D. Cal. Aug. 20, 2012) (no personal jurisdiction because alleged misconduct by officers and directors of out-of-state corporation was "targeted at [the corporation] and the harm would have been felt by" the corporation itself outside of California).

## II. DISMISSAL IS ALSO REQUIRED ON THE MERITS

### A. Plaintiff Has Failed to State a Valid Exchange Act Claim

As set forth in HFN's Motion, Plaintiff's Exchange Act claims must be dismissed because: (1) Plaintiff has not alleged, nor can he truthfully state, that he personally purchased or sold any securities in connection with the Seed Partnership or as a result of equity grants to Messrs. Santhanam and Vaish; and (2) Plaintiff has not alleged securities fraud with the particularity required under Rule 9(b) and the PSLRA. (Mot. at 10-13). Plaintiff's Opposition fails to overcome these fatal defects. **First**, Plaintiff has submitted incomplete, unauthenticated documents purporting to show that: (a) the Seed Partnership involved HFN funding and initially owning 49 percent of a Dubai-registered company named HFN LLC, with the remaining 51 percent to be transferred to a party nominated by HFN in the future; and (b) certain stock options were granted to Messrs. Santhanam and Vaish between 2015 and 2021. (Opp. at ¶¶ 25-31; Miller Decl., Exs. 9-10). HFN objects to this new documentation, and the Court should not consider any of it, because Plaintiff cannot evade dismissal by presenting new "evidence" or "facts" that go beyond the Complaint. *City of Royal Oaks Ret. Sys. v. Juniper Networks, Inc.*, 808 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012) (striking evidence filed by plaintiff in support of opposition to motion to dismiss, and recognizing that "in ruling on a 12(b)(6) motion, a court cannot consider evidence outside the pleadings," except in limited circumstances not present here); *Epikhin v. Game Insight N. Am.*, 2015 U.S. Dist. LEXIS 66188, at *13 (N.D. Cal. May 20, 2015) ("Plaintiffs cannot avoid dismissal by alleging new facts in an opposition").

**Second**, even if the Court were to consider Plaintiff's new documents and allegations, dismissal is still required because Plaintiff clearly lacks Exchange Act standing since he did not

personally buy or sell any securities due to the Seed Partnership or the alleged equity grants to Messrs. Santhanam and Vaish.  Indeed, Plaintiff concedes he did not directly buy or sell any securities in connection with the Seed Partnership – instead, Plaintiff claims he *indirectly* "purchased shares in HFN LLC through his ownership of HFN, Inc. shares and HFN Inc.'s ownership of HFN LLC." (Opp. at ¶ 27).  In the same vein, Plaintiff argues he *indirectly* "sold" shares of HFN to Messrs. Santhanam and Vaish insofar as Plaintiff is a minority owner of HFN, which is the entity that issued the alleged stock options to those individuals.  (*Id.* at ¶ 31). Plaintiff's attempt to manufacture Exchange Act standing by stepping into the shoes of HFN – the entity that actually engaged in the alleged Seed Partnership and equity grants – cannot be condoned.  That is because:

- Plaintiff's *indirect* purchaser-seller argument violates the "basic tenet of American corporate law [] that the corporation and its shareholders are distinct entities." *Hurt v. Deutsche Bank Nat'l Trust Co.*, 799 Fed. App'x 503, 504 (9th Cir. 2020).  Plaintiff's minority stake in HFN does not render him a party to contracts or transactions involving HFN, and not him personally.

- The law is clear that in order to establish Exchange Act standing, Plaintiff himself must be a direct and actual purchaser or seller of securities. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 738 (1975); *see also Lampkin v. UBS Painewebber, Inc. (In re Enron Corp. Sec. Deriv. & ERISA Litig.)*, 238 F. Supp. 3d 799, 835 (S.D. Tex. 2017) ("Only an actual direct purchaser or seller of securities has standing to sue under Section 10(b) and Rule 10b-5").  Plaintiff does not cite any case law supporting his indirect theory of standing – and no such rule does, or could, exist.  Indeed, the approach urged by Plaintiff would impermissibly allow shareholders to bring Exchange Act claims any time a corporation engages in a transaction involving its own, or another company's, stock – a result contrary to the Supreme Court's admonition that the Exchange Act was *not* intended "to regulate transactions which constitute no more than internal corporate mismanagement." *Santa Fe Indus. v. Green*, 430 U.S. 462, 479 (1977).

- Finally, the admitted gravamen of Plaintiff's Exchange Act claims is that the Seed Partnership and at-issue equity grants have deprived, or will deprive, Plaintiff of "the assets" of HFN and result in the "the dilution" of the value of his HFN shares.  (Opp. at ¶¶ 25, 27, 31; *see*

*also* Compl. ¶¶ 108, 110, 113-114, 118, 122).  In substance, therefore, Plaintiff has concededly alleged nothing more than a decrease in the value of his stake in HFN due to purported corporate mismanagement.  That is precisely the type of securities "holder" claim that federal case law forbids. (Mot. at 11-12 and n. 1-2).[5]

**Third**, Plaintiff argues, in conclusory fashion, that: (i) HFN has "misrepresent[ed] a material fact by treating [its interest in HFN LLC] as an operational expense and not disclosing it as a securities transaction"; and (ii) "HFN misrepresented a material fact by indicating that the option shares [contained in its incentive equity pool] would be used to attract new employees, and then us[ing] them as a pure stock grant to two Board members[.]"  (Opp. at ¶¶ 27, 31).  These allegations – which are missing from the Complaint – fall well-short of what Rule 9(b) and the PSLRA require, especially where Plaintiff has not alleged particularized facts showing that the purported "misrepresentations" were knowingly made to induce Plaintiff to purchase or sell securities.  At best, Plaintiff has vaguely accused HFN of corporate mismanagement occurring long after he acquired his shares, which is legally insufficient to sustain a securities fraud claim.

> **B.  Plaintiff Has Failed to State a Valid Claim for Breach of Fiduciary Duty or Aiding and Abetting Breach of Fiduciary Duty**

Plaintiff does not address HFN's arguments regarding his alleged claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty. (Mot. at 13-14).  Rather, Plaintiff exclusively contends that HFN's reliance on Delaware law is inappropriate under the *Erie* doctrine.  (Opp. at ¶ 24).  However, as explained in the Motion – and as held by the authorities cited

---

[5] *See also Amorosa v. AOL Time Warner, Inc.*, 409 Fed. App'x 412, 417 (2d Cir. 2011) ("there is no 'holder' claim under federal securities law."); *Holland v. Gexa Corp.*, 161 Fed. App'x 364, 365 at n. 3 (5th Cir. 2005) (courts have "consistently recognized a claim of dilution of shareholder's equity [is] insufficient to create standing" under Section 10(b) and Rule 10b-5); *Freedom Envtl. Servs. v. Borish*, 2012 U.S. Dist. LEXIS 89572, at *6-7 (M.D. Fla. June 20, 2012) (no Exchange Act standing where individual shareholders alleged "loss in the value of their own shares because of the 'unauthorized' issuance of additional shares" by defendant, "who, they allege[d], ha[d] 'fraudulently issued [company] stock to his cronies, [and] co-conspirators[,]" and made other improper stock transfers); *Webb v. Fain*, 2002 U.S. Dist. LEXIS 25578, at *7-8 (D. Or. Oct. 3, 2002) (denying plaintiffs leave to file amended complaint with Exchange Act claim predicated on defendants wrongfully distributing shares to third parties, because "[a]llegations of dilution unsupported by allegations of a purchase or sale" directly by the plaintiff "are insufficient to support a claim under Rule 10b-5.").

therein – the "internal affairs" doctrine mandates that these claims be adjudicated under the law of the state where HFN is incorporated, Delaware. *In re Verisign, Inc. Deriv. Litig.*, 531 F. Supp. 2d 1173, 1214-1215 (N.D. Cal. 2007) ("In general, courts in California follow the internal affairs doctrine. Thus, Delaware law, the law of the state of VeriSign's incorporation, applies to all causes of action that implicate the Company's internal affairs, including the claims for breach of fiduciary duty"); *Brown v. Brewer*, 2008 U.S. Dist. LEXIS 108904, at *23-24 (C.D. Cal. July 14, 2008) (Delaware law governed claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty involving Delaware corporation). Indeed, application of the "internal affairs" doctrine is entirely consistent with, and required by, *Erie* principles. *Dixon v. Cost Plus*, 2012 U.S. Dist. LEXIS 90854, at *20-22 (N.D. Cal. June 27, 2012). Because Delaware law indisputably forbids direct shareholder claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty against a corporation, (Mot. at 13-14), those claims must be dismissed as to HFN.[6]

### C. The Court Lacks Jurisdiction Over Plaintiff's DGCL Claim

Plaintiff does not address, much less dispute, the Delaware Chancery Court's exclusive jurisdiction over his alleged DGCL claim, (Mot. at 14), and that claim should therefore be dismissed. *Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197, 1210 and n. 8 (N.D. Cal. 2013) (a non-moving party's failure to address an argument in an opposition brief "conced[es] the issue.").

### D. Plaintiff Cannot Maintain Any Claims on a Derivative Basis

Although the Complaint is replete with allegations indicating that Plaintiff is, in fact, proceeding on a derivative basis as to his fiduciary duty claims, (Compl. ¶¶ 28, 45-46, 48-54, 63-70, 72-76, 81, 84, 88, 90-92, 110, 114, 118, 122, 128, 135), Plaintiff argues in his Opposition that "this is not a derivative action" because the "injury" for which he seeks compensation is "his

---

[6] Even if California law governed these claims, the outcome would be the same. *Revplus, Inc. v. Donde*, 2012 U.S. Dist. LEXIS 199211, at *10 (C.D. Cal. Sept. 14, 2012) (dismissing fiduciary duty claim against California corporation because "[t]he corporation itself does not owe any fiduciary duty to the shareholders[,]" and "[i]t would be unworkable to allow shareholders to sue the corporation for the directors' breach of fiduciary duty."); *Janken v. GM Highes Electronics*, 46 Cal. App. 4th 55, 78 (1996) ("The common basis for liability for both conspiracy and aiding and abetting [] is concerted wrongful action. A corporate employee cannot conspire with his or her corporate employer; that would be tantamount to a person conspiring with himself . . . . Similar reasoning applies to aiding and abetting." (internal citations and quotations omitted)).

unlawful loss of access, value, and appreciation of HFN's resources . . . ." (Opp. at ¶ 32).  In so arguing, Plaintiff re-confirms the derivative nature of his claims because "allegations . . . focus[ed] primarily on the alleged looting [of] [a corporation's] assets and forc[ing] [the corporation] into unfavorable agreements that negatively impact [its] financial position [describe] harm [that] is derivative.  Mismanagement which depresses the value of stock is a wrong to the corporation, i.e., the stockholders collectively, to be enforced by a derivative action . . . . Here, the alleged harm is one to the corporation (a diminution of the pool of available assets), and any recovery would flow to the corporation."  *Bocock v. Innovate Corp.*, 2022 Del. Ch. LEXIS 307, at *42-43 (Oct. 28, 2022) (internal citations and quotations omitted); *see also In re Multiplan Corp. Stockholders Litig.*, 268 A.3d 784, 802 (Del. Ch. Jan. 3, 2002) (claims that "corporate fiduciaries, in breaching their duties, caused an exchange of assets or equity at a loss to the corporation" are "normally viewed as 'exclusively derivative'" because "[a]ny harm to stockholders . . . is indirect in the form of dilution to the value of their stock.").

Because Plaintiff's fiduciary duty claims are derivative – and because Plaintiff does not dispute, and therefore concedes, that he is legally precluded from maintaining any derivative claims due to his *pro se* status, failure to verify his Complaint, and failure to show demand futility – dismissal is also required under Rule 23.1.  (Mot. at 14-15).

## III.  CONCLUSION

For the foregoing reasons, the Court should enter an order granting HFN's Motion and dismissing the entire Complaint as to HFN with prejudice.

Dated:  April 13, 2023          TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Matthew H. Ladner
    Matthew H. Ladner
    Attorneys for Defendant HFN, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT HFN, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR: (1) LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, FOR (2) FAILURE TO STATE A CLAIM, LACK OF SUBJECT MATTER JURISDICTION, AND LACK OF STANDING** with the Clerk of the Court for the United States District Court, Northern District of California, by using the Court's CM/ECF system on April 13, 2023.

I certify that on April 13, 2023, a copy of the **DEFENDANT HFN, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR: (1) LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, FOR (2) FAILURE TO STATE A CLAIM, LACK OF SUBJECT MATTER JURISDICTION, AND LACK OF STANDING** was mailed by first class U.S. Mail, postage prepaid and properly addressed to the following:

Allan Miller
3385 Claudia Drive
Concord, CA 94519
Tel: (650) 468-7387
Allan.miller@alumni.stanford.edu
*Pro Se Plaintiff*

I declare under penalty of perjury of the laws of the Unites States of America that I am employed by a member of the Bar of this Court at whose direction the service is made and that the foregoing is true and correct.

Executed on April 13, 2023, at Irvine, California.

_____
Janine Philips