1   Allan Miller

2   3385 Claudia Drive

3   Concord, CA  94519

4   650-468-7387

5   (no fax number)

6   allan.miller@alumni.stanford.edu

7   Pro Se Plaintiff

FILED

APR 20 2023

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

8   **UNITED STATES DISTRICT COURT**

9   **NORTHERN DISTRICT OF CALIFORNIA**

10   **SAN FRANCISCO DIVISION**

11

12   ALLAN MILLER                                         )          Case Number: 23-CV-0533-VC
                                                                    )
13              Plaintiff,                                        )
                                                                    )
14        vs.                                                    )   **OBJECTION TO REPLY EVIDENCE IN**
                                                                    )   **DEFENDANT'S REPLY TO PLAINTIFF**
15   HFN, INC., a Delaware Corporation, d/b/a as )   **OPPOSITION TO MOTION TO DISMISS**
                                                                    )
16   NANOHEAL BY HFN INC.,                        )
                                                                    )
17   KALAARI CAPITAL ADVISORS                 )
                                                                    )
18   PRIVATE LIMITED, an Indian Company,   )
                                                                    )
19   SRIDHAR SANTHANAM,                         )
                                                                    )
20   KUMAR SHIRALAGI, PAVAN VAISH,       )
                                                                    )
21   and VANI KOLA                                        )
                                                                    )
22              Defendants.                                    )
                                                                    )
23   ─────────────────────────────────

24              **OBJECTION TO EVIDENCE UNDER CIV. L. R. 7-3 (d) (1)**

25        1.    The Defendant has replied to the Plaintiff's Opposition to the Motion to Dismiss,

26   and in doing so, has raised a number of evidentiary issues.

27

28

Objection to Reply Evidence                                        Case No. 23-CV-0533-VC

Page No. 1  of  3

1    2.      The Defendant fails to substantively address the key important points in the

2    Opposition. However, in keeping with Civ. L. R. 7-3 (d) (1), this Objection will only respond

3    concisely to the flaws in the evidence newly presented or used.

4    3.      The key defect in the Reply is highlighted by the statement "… the only

5    competent evidence before the Court regarding the nature and extent of HFN's limited California

6    contacts – Mr. Santhanam's Declaration …" (Reply, p. 4) In fact, Mr. Santhanam's Declaration is

7    merely a litany of statements crafted to support the Motion to Dismiss, with no sort of supporting

8    documents. By way of contrast, the Plaintiff's Declaration describes a set of hard facts with

9    multiple corroborating documents that demonstrates that most of Santhanam's Declaration is

10   false. In actual fact, the only "competent evidence before the Court" is the Plaintiff's Declaration.

11   4.      The bulk of the Reply continues to be predicated mostly on the statements in

12   Santhanam's Declaration, which the Plaintiff has shown to contain major falsehoods, and can

13   therefore not be trusted. As a result, the Plaintiff strongly objects to reliance on any of the

14   statements in Santhanam's Declaration.

15   5.      The Defendant continually refers to the Plaintiff's evidence using sarcastic scare

16   quotes (referring to "evidence" and "facts"), in an apparent attempt to trivialize the Plaintiff's

17   evidence. (Reply, pp. 2, 3, 6) However, this petty device has a rather hollow ring in light of the

18   comparison between Santhanam's largely false Declaration and the Plaintiff's well-supported

19   one.

20   6.      The Defendant twice asks the Court to strike or not consider the clear and

21   compelling evidence in the Opposition (Reply, pp. 2 and 3), ignoring the fact that web pages are

22   routinely used today in civil pleadings, and resorting to citing case law with an entirely different

23   fact pattern (a Civil Rights violation). The Defendant also seems to be confusing the evidentiary

24   requirements for trial, where the plaintiff has enjoyed the benefit of discovery, versus that of

25   pleading, where the plaintiff is forced to rely on public sources of information and sparse

26   evidence from informants. The contrast is even more stark in this case since one of the counts of

27   action in the Complaint arises because the **Defendant improperly withheld information from**

28   **the Plaintiff as a shareholder.**

7.     The Defendant falsely states that the Plaintiff "[cannot] confirm whether the meeting ever occurred" (Reply, p. 3), apparently ignoring item 10 in the Plaintiff's Declaration, where the Plaintiff states **under the penalty of perjury** that Rahul Singh (a representative of HFN) described that he "was having dinner with Sridhar Santhanam and Kumar Shiralagi" (two HFN board members) "in San Francisco."

8.     The Defendant completely misstates testimony by saying that it indicates "simply [that] Messrs. Santhanam and Singh may have engaged in certain telephone, text message, or email communications with Plaintiff while he was located in California." (Reply, p. 4) In fact, items 8, 9, and 10 in the Plaintiff's Declaration make it abundantly clear that Santhanam, Shiralagi, and Singh were all located in San Francisco and were pressuring the Plaintiff to meet with them there.

9.     The Defendant states that the Plaintiff presents evidence that goes beyond the complaint (once again applying those scare quotes). (Reply, p. 6) In fact, the Plaintiff presents evidence further elaborating on that which was already described in the Complaint, and does so **in response to the allegation** in the Motion to Dismiss that the description **lacked sufficient evidence**.

10.     The Defendant continues to maintain that the Plaintiff is proceeding on a derivative basis. (Reply, p. 9) The Plaintiff has made it abundantly clear that this is not the case, both in the Complaint and Opposition, including a citation to case law with a similar fact pattern.

11.     In summary, the Reply introduces significant new evidence that is not consistent with the facts, and continues to rely upon and elaborate on evidence that the Plaintiff has convincingly shown to be false.

Date: April 20, 2023          Sign Name: _Allen A. Hill_

Print Name: _Allan A. Miller_

Objection to Reply Evidence                    Case No. 23-CV-0533-VC

Page No. 3 of 3

**CERTIFICATE OF SERVICE**

I, Allan A. Miller, certify that this document was filed with the Clerk's office of the Northern District of California United States District Court on April 20, 2023, and that a paper copy will be sent on April 20, 2023 to:

Matthew H. Ladner
350 S. Grand Ave. Suite 3400
Los Angeles, CA  90071
Tel: (213) 928-9816
E-mail: Matthew.Ladner@troutman.com
Attorney for Defendant HFN, Inc.


Date: _____April 20, 2023_____        Sign Name: _____/Allan A. Miller/_____

                                          Print Name: _____Allan A. Miller_____