**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Matthew H. Ladner (SBN 284594)
350 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: (213) 928-9816
E-mail: Matthew.Ladner@troutman.com

Attorneys for Defendant
HFN, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN MILLER,<br><br>                    Plaintiff,<br>vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.; KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company; SRIDHAR SANTHANAM; KUMAR SHIRALAGI; PAVAN VAISH; and VANI KOLA,<br><br>                    Defendants. | Case No. 3:23-cv-0533-VC<br><br>**DEFENDANT HFN, INC.'S OBJECTION TO PLAINTIFF'S UNAUTHORIZED SUR-REPLY [DKT. NO. 23]**<br><br>**Date:** April 27, 2023<br>**Time:** 10:00 A.M.<br>**Ctrm:** 4<br>**Floor:** 17th |

# OBJECTION

TO THE COURT AND ALL PARTIES:

**PLEASE TAKE NOTICE** that Defendant HFN, Inc. ("**HFN**") hereby objects to, and requests that the Court strike or otherwise not consider, the "Objection" filed by Plaintiff Allan Miller ("**Plaintiff**") on April 20, 2023 (Dkt. No. 23), which, in substance, constitutes an unauthorized sur-reply in connection with HFN's Motion to Dismiss for: (1) Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, for (2) Failure to State a Claim, Lack of Subject Matter Jurisdiction, and Lack of Standing (the "**Motion to Dismiss**").

Civil Local Rule 7-3(d) provides that "[o]nce a reply is filed, no additional memoranda, papers, or letters may be filed without prior Court approval, except" that a party may: (i) "file and serve an Objection . . . stating its objections" to any "new evidence" that has been "submitted with the reply" which "may not include further argument on the motion"; or (ii) "counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed . . . ."

On April 20, 2023, Plaintiff filed a document titled "Objection" in response to HFN's Reply in support of its Motion to Dismiss. (Dkt. No. 23). However, Plaintiff's "Objection" does not respond to any new evidence submitted in connection with HFN's Reply, nor does it contain any citation to any newly published judicial opinion. Instead, that document only (a) restates Plaintiff's contentions regarding the credibility of Mr. Santhanam's Declaration (which HFN submitted concurrently with its Motion to Dismiss), and (b) attempts to address HFN's arguments regarding the insufficiency of Plaintiff's claims and the evidence he has submitted regarding HFN's purported forum contacts with California.

Because Plaintiff's "Objection" is, in substance, an unauthorized sur-reply, HFN objects to that document and respectfully requests that the Court strike, or otherwise disregard and not consider it. *See Lowenberg v. Ill. Mut. Life Ins. Co.*, No. 21-cv-09739-HSG, 2022 U.S. Dist. LEXIS 157727, at *1 n.1 (N.D. Cal. Aug. 30, 2022) ("Plaintiff filed a procedurally improper sur-reply without the Court's permission. Defendant's objection to Plaintiff's sur-reply is sustained, and the Court ORDERS the clerk to strike docket no. 44." (internal citations omitted)); *Ryti v.*

*State Farm Gen. Ins. Co.*, No. C-12-1709 EMC, 2012 U.S. Dist. LEXIS 166688, at *16-17 (N.D. Cal. Nov. 21, 2012) ("On November 8, 2012, Plaintiffs filed a sur-reply in opposition to Defendant's motion for summary judgment in this matter. Defendant moves to strike this sur-reply due to Plaintiffs' failure to obtain either leave of court or Defendant's stipulation to permit filing . . . . Civil Local Rule 7-3, which governs motion practice in this Court, provides that '[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval . . . .' This rule contains only two exceptions, those being for objections to new evidence submitted with a reply and for notice to the court of a relevant judicial opinion published after the opposition or reply was filed. Here, Plaintiffs have not obtained leave of court. Nor does their brief fall within either of the two exceptions to receiving leave of court, as it neither objects to new evidence raised in the reply nor cites any judicial opinion published after the preceding briefs. Thus, the Court grants Defendant's motion to strike." (internal citations omitted)); *Penn v. Lucas*, No. 1:18-CV-01482-AWI-HBK (PC), 2022 U.S. Dist. LEXIS 195867, at *3 (E.D. Cal. Oct. 26, 2022) (striking a *pro se* plaintiff's unauthorized sur-reply).

Dated: April 24, 2023     TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Matthew H. Ladner
    Matthew H. Ladner
    Attorneys for Defendant HFN, INC.

<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that I electronically filed the foregoing **DEFENDANT HFN, INC.'S OBJECTION TO PLAINTIFF'S UNAUTHORIZED SUR-REPLY [DKT. NO. 23]** with the Clerk of the Court for the United States District Court, Northern District of California, by using the Court's CM/ECF system on April 24, 2023.

  I certify that on April 24, 2023, a copy of **DEFENDANT HFN, INC.'S OBJECTION TO PLAINTIFF'S UNAUTHORIZED SUR-REPLY [DKT. NO. 23]** was mailed by first class U.S. Mail, postage prepaid and properly addressed to the following:

  Allan Miller
  3385 Claudia Drive
  Concord, CA 94519
  Tel: (650) 468-7387
  Allan.miller@alumni.stanford.edu
  *Pro Se Plaintiff*

  I declare under penalty of perjury of the laws of the Unites States of America that I am employed by a member of the Bar of this Court at whose direction the service is made and that the foregoing is true and correct.

  Executed on April 24, 2023, at Irvine, California.

              _____
                Janine Philips