UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN MILLER,<br><br>        Plaintiff,<br><br>    v.<br><br>HFN, INC., et al.,<br><br>        Defendants. | Case No. 23-cv-00533-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

The motion to dismiss is granted. This order assumes the reader's familiarity with the factual allegations and the parties' arguments.

HFN's main argument is that Miller has not alleged sufficient contacts with California for purposes of specific personal jurisdiction. It's true that the scarce few allegations in the complaint about HFN officers traveling through the San Francisco International Airport and about HFN maintaining an office in San Jose (without any apparent connection to the claims at issue) do not come close to satisfying the minimum contacts test for specific personal jurisdiction. *See International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945).

But, in addition to state law claims, Miller brings a claim under the Securities Exchange Act. As HFN acknowledges in its motion, section 27 of the Exchange Act confers personal jurisdiction over a defendant in any federal district court, "so long as [the] defendant has minimum contacts with the United States[.]" *Securities Investor Protection Corporation v. Vigman*, 764 F.2d 1309, 1316 (9th Cir. 1985); *see also Warfield v. Alaniz*, 569 F.3d 1015, 1028–29 (9th Cir. 2009).

Miller has adequately alleged that HFN has minimum contacts with the United States.

According to the complaint, HFN is incorporated under the laws of Delaware and has its principal place of business in Utah. HFN is therefore subject to personal jurisdiction in this Court as to the securities fraud claim. And because the Ninth Circuit recognizes the doctrine of pendent personal jurisdiction, it is within the Court's discretion to also exercise personal jurisdiction as to the state law claims, so long as they arise out of substantially the same facts as the securities fraud claim, which they do. *See Action Embroidery Corporation v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1180–81 (9th Cir. 2004).

However, Miller comes well short of adequately pleading a securities fraud claim—the complaint contains no allegations at all that Miller sold or purchased stock in reliance on materially false or misleading statements by HFN. That claim is therefore dismissed. In light of its dismissal, the Court declines to exercise pendent personal jurisdiction as to the state law claims. *See In re JPMorgan Chase Derivative Litigation*, No. 13-cv-2414, 2014 U.S. Dist. LEXIS 151370, at *40–*45, *68 (E.D. Cal. Oct. 24, 2014); *see also Women's Recovery Center, LLC v. Anthem Blue Cross Life & Health Insurance Company*, No. 20-cv-0102, 2022 U.S. Dist. LEXIS 26463, at *40–*41 (C.D. Cal. Feb. 2, 2022).

Dismissal is with leave to amend. Any amended complaint is due within 21 days of this order. If no amended complaint is filed by that deadline, dismissal of the federal claim will be with prejudice. HFN's response is due within 14 days of the filing of any amended complaint.

**IT IS SO ORDERED.**

Dated: May 10, 2023

_____
VINCE CHHABRIA
United States District Judge