Allan Miller

3385 Claudia Drive

Concord, CA 94519

650-468-7387

(no fax number)

allan.miller@alumni.stanford.edu

Pro Se Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLAN MILLER<br><br>      Plaintiff,<br><br>    vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as<br><br>NANOHEAL BY HFN INC.,<br><br>KALAARI CAPITAL ADVISORS<br><br>PRIVATE LIMITED, an Indian Company,<br><br>SRIDHAR SANTHANAM,<br><br>KUMAR SHIRALAGI, PAVAN VAISH,<br><br>and VANI KOLA<br><br>      Defendants. | Case Number: 23-cv-00533-VC<br><br>**PLAINTIFF ALLAN MILLER'S NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING SERVICE OF SUMMONS AND AMENDED COMPLAINT UNDER RULE 4(F)(3)**<br><br>Date: July 27, 2023<br>Time: 10 AM<br>Judge: Hon. Vince Chhabria<br>Crtrm: 4<br>Floor: 17 |

## NOTICE OF MOTION AND MOTION

1. **PLEASE TAKE NOTICE** that Plaintiff, Allan Miller ("Miller"), hereby moves for an order allowing Miller to serve process upon

   a. Defendant Kalaari Capital Advisors Private Limited ("Kalaari") via email and overnight delivery to Kalaari's U.S.-based counsel, Matthew Ladner, Esq. (Matthew.Ladner@troutman.com) of Troutman Pepper Hamilton Sanders LLP, 350 S. Grand Ave., Suite 3400, Los Angeles, CA 90071; or alternatively to the company email address of their in-house counsel Arjun Sharma (arjun@kalaari.com);

   b. Defendant Sridhar Santhanam ("Santhanam") via email and overnight delivery to Santhanam's U.S.-based counsel, Matthew Ladner, Esq. (Matthew.Ladner@troutman.com) of Troutman Pepper Hamilton Sanders LLP, 350 S. Grand Ave., Suite 3400, Los Angeles, CA 90071; or alternatively to his company email address (sridhar@nanoheal.com);

   c. Defendant Pavan Vaish ("Vaish") via email and overnight delivery to Vaish's U.S.-based counsel, Matthew Ladner, Esq. (Matthew.Ladner@troutman.com) of Troutman Pepper Hamilton Sanders LLP, 350 S. Grand Ave., Suite 3400, Los Angeles, CA 90071; or alternatively to his company email address (pavan@cardinaladvisors.in); and

   d. Defendant Vani Kola ("Kola") via email and overnight delivery to Kola's U.S.-based counsel, Matthew Ladner, Esq. (Matthew.Ladner@troutman.com) of Troutman Pepper Hamilton Sanders LLP, 350 S. Grand Ave., Suite 3400, Los Angeles, CA 90071; or alternatively to her company email address (vani@kalaari.com).

2. This motion is made pursuant to Federal Rule of Civil Procedure 4(f)(3), which permits the Court to authorize a plaintiff to serve a defendant not within any judicial district of the United States through any "means not prohibited by international agreement, as the court orders." This motion is based on the accompanying Memorandum of Points and Authorities.

3. Miller has filed a [Proposed] Order and moved for a hearing on July 27, 2023 at 10:00 AM in Courtroom 4 of the United States District Court for the Northern District of California on the 17th floor.

**MEMORANDUM OF POINTS AND AUTHORITIES**

4. Miller respectfully submits this memorandum of points and authorities in support of his Motion for Order Allowing Service of Summons and Amended Complaint Under Rule 4(f)(3) on Kalaari, Santhanam, Vaish, and Kola (collectively, the "Unserved Defendants").

5. The fact pattern in the above-captioned action (the "Action") is nearly identical to that of *United States SEC v. Gutierrez*, 2020 U.S. Dist. LEXIS 48512. In that case, Plaintiff filed a complaint against foreign Defendants alleging violations of federal securities laws, Plaintiff filed an amended complaint, Defendants did not agree to a waiver of service or did not respond to multiple requests for such a waiver, Plaintiff encountered significant delays attempting to serve Defendants in accordance with the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), Plaintiff was able to serve one Defendant, and U.S.-based counsel for remaining Defendants affirmed that they were not authorized to accept or waive service on behalf of those Defendants. *Id.*, *1-2 and *5-6. As detailed herein, Miller has made substantial attempts to effect proper service of process upon the Unserved Defendants in the Action and has served two other defendants to the Action, HFN, Inc. ("HFN") and Kumar Shiralagi ("Shiralagi"). Miller properly requested the Unserved Defendants to waive service but received no response. Miller properly filed service via the Hague Service Convention, through the Court Clerk's office. Miller has discovered that the Unserved Defendants are being represented by Matthew H. Ladner, Esq. and William M. Taylor, Esq., both of Troutman Pepper Hamilton Sanders LLP in the U.S. (the "Defendant Representation"). Miller has requested Defendant Representation to accept or waive service, but Defendant Representation affirms that they are not authorized to accept or waive service on behalf of the Unserved Defendants.

6. In *United States SEC v. Gutierrez*, the Court granted the Plaintiff's Motion for Alternative Service, allowing the Plaintiff to serve two Defendants through their U.S.-based

counsel and one Defendant via email. *Id.*, *7-8. Miller respectfully requests this Court to grant this Plaintiff's similar motion.

7. Miller's attempts to serve the Unserved Defendants through the Hague Service Convention are likely to encounter unreasonable delay, because India has one small, understaffed, overworked office that manages process service for the entire country of 1.4 billion people. As a result, service in India through the Hague Service Convention currently takes about two years, and there is no way to expedite it. To date, both the Unserved Defendants and their U.S.-based counsel have refused to accept or waive service of the amended complaint in this Action. Accordingly, because Miller has been unable to accomplish timely service under the traditional procedures prescribed under the Federal Rules of Civil Procedure and for the reasons set forth below, Miller respectfully requests that the Court permit service in the manner described in the [Proposed] Order submitted herewith.

## RELEVANT FACTUAL BACKGROUND

8. On February 6, 2023, Miller filed the original complaint and the Court issued a summons for HFN. HFN was served on February 10, 2023 at its registered agent.

9. On February 13, 2023, the Court issued summonses for Kalaari, Santhanam, Kola, Shiralagi, and Vaish. On February 15, 2023, Miller timely sent these, along with the required complaint materials, a request for waiver of service, and a prepaid return envelope, to each of the defendants. The request for Kalaari was delivered to Mr. Arjun Sharma ("Sharma"), the in-house counsel for Kalaari. FedEx confirmed signature delivery of each of these on February 20, 2023. Miller never received any responses, or any communication for that matter, and to date, FedEx confirms that none of the prepaid return envelopes were ever used.

10. Counsel for HFN did not extend the normal courtesy contact to Miller, and Miller learned of HFN's representation when Mr. Ladner filed the declination to appear before Magistrate Westmore on February 24, 2023. The first communication from Mr. Ladner was to agree on a hearing date for the Motion to Dismiss. Miller discovered Mr. Taylor's involvement when he filed his pro hac vice motion on April 17, 2023, which only mentioned representation of HFN. Miller had no reason to believe that any other defendant had engaged counsel.

11. On May 8, 2023, after several days of preparation and working with the extremely friendly and helpful Court Clerk staff, Miller was able to have the Court Clerk transmit the required documents for effecting service through the Hague Service Convention on all defendants other than HFN. FedEx confirmed signature delivery on May 15, 2023. (Exhibit 1)

12. On May 10, 2023, Miller served Shiralagi at his Texas residence. On May 19, Messrs. Ladner and Taylor contacted Miller to discuss some details of the defense of Shiralagi. At this time Miller had to assume that they were also representing Shiralagi. The Court will appreciate the irony here, since HFN is now paying counsel to represent an individual associated with Kalaari, and as a shareholder of HFN, Miller is paying a percentage of the legal costs being spent against him on behalf of an outside entity.

13. Having served Shiralagi, Miller believed that Kalaari might be more amenable to waiving service, so he called Sharma on June 8, 2023. He spoke with a staff member who indicated that Sharma was not in the office and suggested that Miller follow up with an email to Sharma, which he did (Exhibit 2).

14. Miller almost immediately got a reply, but not from Sharma. Instead, it was from Mr. Taylor, alleging that Mr. Miller had been "calling and emailing the defendants" and indicating that "[w]e represent those defendants." (Exhibit 3) Since Miller had attempted to contact only one defendant, his supposition was that Messrs. Taylor and Ladner represented Kalaari, but he politely asked for clarification (Exhibit 3).

15. Receiving no reply to that request, Miller set up a call with Mr. Taylor on June 14, 2023, during which he established that Messrs. Taylor and Ladner (1) are representing all of the defendants, (2) are not willing to waive service for any of the defendants, and (3) indicate that they are not authorized to accept service for any the defendants. Miller again unsuccessfully tried to get email confirmation of this in two separate emails on June 14, 2023 and June 15, 2023, but instead only received confirmation by silent assent (Exhibit 4). It is now even more ironic that Miller is helping to fund the legal costs used against him by the entire roster of defendants.

16. Two patterns stand out in this narrative. First, the Defendants, including Sharma, consistently and deliberately fail to follow the wishes of this court by continuing to delay it and increase the administrative costs and overhead associated with it. Second, the Defendant Representation consistently and deliberately fails to be forthcoming about the representation of the Defendants in the case, inevitably leading to even further delay and expense and a commensurate impact on the timeliness of justice. Both of these patterns were also present in *United States SEC v. Gutierrez.*

## ARGUMENT

### I. STANDARDS OF LAW

17. Under Rule 4(f)(3), service of process may be effected by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement."). The decision to permit service under Rule 4(f)(3) "is within the sound discretion of the district court, which must determine whether the particularity and necessities" of a particular case require alternative means of service. *Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2018 WL 3632160, at *2 (N.D. Cal. July 31, 2018). Before invoking Rule 4(f)(3), it is not necessary to exhaust or demonstrate the impossibility of service under other provisions of Rule 4(f): "[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, … service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Rio Properties, Inc.*, 284 F.3d at 1015. Instead, it is "merely one means among several which enables service of process on an international defendant." *Id*. Therefore, all that is required for invoking Rule 4(f)(3) is that the method of service is "not prohibited by international agreement" and satisfies due process. *Id*. at 1016 ("Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process."). As detailed below, Miller's proposed methods of alternative service meet these requirements.

## II. MILLER'S PROPOSED METHODS OF RULE 4(F)(3) SERVICE ON THE UNSERVED DEFENDANTS SATISFY THE LEGAL STANDARDS AND THUS SHOULD BE PERMITTED

### A. This Court Should Permit Alternative Service on the Unserved Defendants Through Their U.S.-Based Counsel

18. Miller respectfully requests that this Court permit alternative service on the Unserved Defendants through their U.S.-based counsel as doing so easily satisfies the requirements of Rule 4(f)(3) and constitutional due process.

19. First, alternative service under Rule 4(f)(3) is permissible here even though India has objected to alternative service under Article 10 of the Hague Service Convention, which otherwise permits service via "postal channels, directly to persons abroad" or "judicial officers." "'[N]umerous courts have authorized [alternative service] even where the Hague Convention applies. This is true even in cases involving countries that… have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.'" *Updateme Inc. v. Axel Springer SE*, No. 17-CV-05054-SI, 2018 WL 306682, at *3 (N.D. Cal. Jan. 5, 2018) (quoting *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011)). Indeed, courts have specifically found service of a foreign defendant via their U.S.-based counsel permissible despite the relevant signatory country objecting to Article 10 of the Hague Service Convention. See, e.g., *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1010 (N.D. Cal. 2014) (permitting service on U.S. counsel of Chinese manufacturer though China objected to Article 10); *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (same).

20. Second, service of the complaint and summons on domestic counsel, as proposed by Miller, comports with due process. To meet this requirement, "the method of service … must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Properties*, 284 F.3d at 1016-17 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Here, Miller has been in contact with U.S.-based counsel for the

Unserved Defendants (as well as the Unserved Defendants themselves) and has made persistent diligent efforts to serve all defendants or secure waiver of service from each of the defendants. The Unserved Defendants have been provided with notice of this Action, both by direct notice requesting waiver of service, and through their U.S.-based counsel. The speed of the response by the U.S-based counsel to Miller's outreach to one defendant indicates that the defendants are in close communication with the U.S-based counsel.

21. Third, the Court should allow Miller to serve the Unserved Defendants via their U.S.-based counsel because not only will doing so reliably give these defendants notice, it will do so efficiently and speedily, conserving time and resources. See *Knit With v. Knitting Fever, Inc.*, No. 08-cv-4221 (RLB), 2010 U.S. Dist. LEXIS 129870, at *10–11 (E.D. Pa. Dec. 7, 2010) ("Repeatedly, courts around the country have found that service upon a foreign defendant through counsel is appropriate to prevent further delays in litigation."). Courts have found alternative service on U.S.-based counsel particularly appropriate where, as here, the plaintiff has already spent time and resources attempting service through the Hague Service Convention on foreign defendants. See *Cheetah Mobile, Inc. v. APUS Grp.*, No. 15-CV-02363-HSG, 2016 WL 4036098, at *3 (N.D. Cal. July 28, 2016) ("Service upon Defendant's U.S. counsel is particularly appropriate here because Plaintiffs have been attempted to serve Defendant [for an extended period], both through personal service and the Hague Convention."); *Morningstar v. Dejun*, No. CV 11-00655 DDP VBKX, 2013 WL 502474, at *1 (C.D. Cal. Feb. 8, 2013) ("The case for alternative service is even stronger here, where Plaintiffs have attempted to serve the Foreign Defendants through the Hague Convention for over a year, with no success.")

22. Fourth, the Court should allow Miller to serve the Unserved Defendants via their U.S.-based counsel because by doing so, substantial justice will be done, and the Action can proceed with a minimum of artificial procedural inefficiencies and delay. Kalaari is now effectively an active party to the Action through the involvement of Shiralagi, who was a Venture Partner at Kalaari during the relevant period of the Amended Complaint. Kola was the Managing Partner at Kalaari during the relevant period. Santhanam and Vaish are effectively

Motion for Order Allowing Service under 4(F)(3)    Case No. 23-cv-00533-VC
Page No. 8 of 11

active parties to the Action by virtue of being on the Board of Directors of HFN during the relevant period.

23. In order to expedite this litigation and reduce the costs associated with it, Miller respectfully requests leave from this Court to serve the Unserved Defendants by serving their U.S.-based counsel.

### B. Alternatively, This Court Should Permit Alternative Service on the Unserved Defendants via their Company E- Mail Accounts

24. Alternatively, Miller seeks to serve the Unserved Defendants via their company email accounts. As discussed above in Part II.A, the Federal Rules of Civil Procedure allow service to be effected by alternative means not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). While India has objected to the means of alternative service detailed in Article 10 of the Hague Service Convention, courts have found that such objection does not extend to service via email.[1] See *Shinde v. Nithyananda Found.*, No. EDCV1300363JGBSPX, 2014 WL 12597121, at *7 (C.D. Cal. Aug. 25, 2014) ("The Court agrees with the numerous courts that have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10.") (collecting cases).

25. Numerous courts have also held that service via email accounts comports with due process where reasonably calculated under the circumstances to apprise defendants of the pendency of the action. See *WhosHere, Inc. v. Orun*, No. 1:13-CV-00526-AJT, 2014 WL 670817, at *3-4 (E.D. Va. Feb. 20, 2014) (finding "service of process on defendant by email … complies with both Rule 4(f)(3) and constitutional due process."); *ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*, No. 11-CV-05149 YGR, 2012 WL 3580670, at *2 (N.D. Cal. Aug. 17, 2012) (finding service by email to be reasonably calculated to provide actual notice where email sent to address identified as defendant's were not returned as undeliverable); *Liberty Media Holdings,*

---

[1] While certain courts have found service by email to be indistinguishable from service by "postal channels" under Article 10 of the Hague Service Convention, see, e.g., *Agha v. Jacobs*, No. C 07-1800 RS, 2008 WL 2051061, at *1-2 (N.D. Cal. May 13, 2008), the weight of precedent demonstrates that the "better argument is that email is sufficiently distinct from postal channels that the two should not be equated under the Hague [Service] Convention." *SEC v. China Sky One Med., Inc.*, No. CV1207543MWFMANX, 2013 WL 12314508, at *3 (C.D. Cal. Aug. 20, 2013).

*LLC v. March*, No. 101809, 2011 WL 197838, at *2 (S.D. Cal. Jan. 20, 2011) (finding that service upon defendants' last known valid email address was reasonably calculated to apprise defendants of the pendency of the action).

26. Here, Miller reasonably believes that he has identified reliable email contacts for each of the Unserved Defendants, based on listings on up-to-date web sites and contact directories, and in many cases, personal communication using those email contacts. None of the communication using those email contacts has ever returned as undeliverable.

**CONCLUSION**

27. For the reasons set forth above, Miller respectfully requests that the Court authorize alternative service of process upon:

    a. Defendant Kalaari Capital Advisors Private Limited ("Kalaari") via email and overnight delivery to Kalaari's U.S.-based counsel, Matthew Ladner, Esq. (Matthew.Ladner@troutman.com) of Troutman Pepper Hamilton Sanders LLP, 350 S. Grand Ave., Suite 3400, Los Angeles, CA 90071; or alternatively to the company email address of their in-house counsel Arjun Sharma (arjun@kalaari.com);

    b. Defendant Sridhar Santhanam ("Santhanam") via email and overnight delivery to Santhanam's U.S.-based counsel, Matthew Ladner, Esq. (Matthew.Ladner@troutman.com) of Troutman Pepper Hamilton Sanders LLP, 350 S. Grand Ave., Suite 3400, Los Angeles, CA 90071; or alternatively to his company email address (sridhar@nanoheal.com);

    c. Defendant Pavan Vaish ("Vaish") via email and overnight delivery to Vaish's U.S.-based counsel, Matthew Ladner, Esq. (Matthew.Ladner@troutman.com) of Troutman Pepper Hamilton Sanders LLP, 350 S. Grand Ave., Suite 3400, Los Angeles, CA 90071; or alternatively to his company email address (pavan@cardinaladvisors.in); and

    d. Defendant Vani Kola ("Kola") via email and overnight delivery to Kola's U.S.-based counsel, Matthew Ladner, Esq. (Matthew.Ladner@troutman.com) of

Troutman Pepper Hamilton Sanders LLP, 350 S. Grand Ave., Suite 3400, Los Angeles, CA 90071; or alternatively to her company email address (vani@kalaari.com).

Date:    June 21, 2023    Sign Name:    /S/ Allan A. Miller   

Print Name:    Allan A. Miller