UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLAN MILLER<br><br>   Plaintiff,<br><br> vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.,<br><br>KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company,<br><br>SRIDHAR SANTHANAM,<br><br>KUMAR SHIRALAGI, PAVAN VAISH, and VANI KOLA<br><br>   Defendants. | Case Number: 23-cv-00533-VC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF ALLAN MILLER'S MOTION FOR LEAVE TO ALLOW SERVICE OF SUMMONS AND AMENDED COMPLAINT UNDER RULE 4(F)(3)** |

1. Pending before the Court is Plaintiff Allan Miller's ("Plaintiff" or "Miller") Motion for Leave to Effect Alternative Service ("Motion") of the complaint and summons on Defendants Kalaari Capital Advisors Private Limited ("Kalaari"), Sridhar Santhanam ("Santhanam"), Pavan Vaish ("Vaish"), and Vani Kola ("Kola) (collective "Defendants")[1] via the prescribed methods described below.

---

[1] Defendants HFN, Inc. and Kumar Shiralagi have properly been served in the United States.

[Proposed] Order Allowing Service under 4(F)(3)   Case No. 23-cv-00533-VC

Page No. 1 of 5

2. Plaintiff contends that despite repeated efforts, he has been unable to serve Defendants. For the reasons articulated below, Plaintiff's Motion for Alternative Service is **GRANTED**.

### BACKGROUND

3. On February 6, 2023, Plaintiff filed the complaint in this action against Defendants alleging violations of federal securities laws and breach of fiduciary duty. On February 10, 2023, Plaintiff served Defendant HFN, Inc. On February 15, Plaintiff attempted to procure waivers of service from Defendants but received no response. On May 8, Plaintiff commenced service pursuant to the Hague Convention against Defendants other than HFN. On May 10, Plaintiff served Defendant Kumar Shiralagi. On May 19, counsel for HFN disclosed to Plaintiff that they were also defending Shiralagi. On June 8, Plaintiff attempted again to procure a waiver of service from Kalaari Capital Advisors Private Limited. On June 14, counsel for HFN disclosed to Plaintiff that they are representing all defendants in the case, indicated that they will not waive service for any defendant, and indicated that they are not authorized to accept service for any defendant. Plaintiff indicates that service in India pursuant to the Hague Convention is expected to take about two years, and there is no way to expedite it.

### LEGAL STANDARD

4. Under Rule 4(f)(3), service upon an individual defendant may be affected at a place not within any judicial district of the United States "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P 4(f)(3). "Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Rio Properties, Inc., v. Riol Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). A party "need not have attempted every possible means of service of process before petitioning the court of alternative relief. Instead, [a party] need[] only to demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Id.* at 1016. However, "[e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process." *Rio*, 284 F.3d at 1016.

# DISCUSSION

5. Plaintiff requests a court order under Rule 4(f)(3) authorizing service on the United States based counsel of Kalaari, Santhanam, Vaish, and Kola. Alternatively, Plaintiff requests a court order under Rule 4(f)(3) authorizing service on the defendants directly via email service.

**A. Service on Defendant's Counsel**

6. *United States SEC v. Gutierrez*, 2020 U.S. Dist. LEXIS 48512, provides guidance in this case. Courts have held that the Hague Convention does not prohibit service on a foreign Defendant through counsel based in the United States. *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565 (C.D. Cal. 2012); *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011); *In re LDK Solar Sec. Litig.*, No. 07-CV-05182-WHA, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2018). Specifically, courts have allowed service "upon a foreign defendant's United States-based counsel" to prevent further delays in litigation. *Richmond*, 2011 WL 2607158, at *13; *Brown*, 285 F.R.D. at 566. In fact, "[s]ervice upon a foreign defendants United States-based counsel is a common form of service ordered under Rule 4(f)(3)" (citing cases). *Richmond*, 2011 WL 2607158, at *13. Whether to authorize service under Rule 4(f)(3) is left to the "sound discretion" of the trial court, when it determines that the "particularities and necessities of a given case" require alternative service. *Rio*, 284 F.3d at 1016. Plaintiff has attempted to procure waiver of service, multiple times, without response. Plaintiff has also initiated service through the Hague Convention and but is facing an unreasonable delay as a result of the fact that the Indian Central Authority is expected to require two years for service. Plaintiff contends that service through Defendants' U.S. counsel is appropriate because of the substantial time and difficulty in serving the foreign defendants in India. Matthew Ladner and William Taylor, attorneys for Troutman Pepper Hamilton Sanders LLP in Los Angeles and Boston offices, represent all defendants in connection with this action. Mr. Taylor affirms he is not authorized to accept or waive service on behalf of any defendant.

7. The Court finds that Plaintiff's proposed means of service are not prohibited by international agreement even taking into account India's objection to certain articles of the Hague Convention - Article 10, service through "postal channels, directly to persons abroad" or "judicial officers." Service on Defendants' U.S.-based attorney is permissible because the Hague Convention does not bar this type of service, regardless if the other country has objected. *Carrico v. Samsung Elecs. Co.*, No. 15-CV-02087-DMR, 2016 WL 2654392, at *4 (N.D. Cal. May 10, 2016) (finding that "[n]othing in the Hague Convention bars Plaintiffs' requested service on [the defendant] through [his] attorney."). The Court finds that the "particularities and necessities" of this case warrant the requested method of alternative service.

8. Having concluded that the form of service plaintiff requests is not prohibited by international agreement, the Court must determine if the "method of service of process [] also comport[s] with [the] constitutional notion of due process." *Rio*, 284 F.3d at 1016. Mr. Taylor affirms that he has not been authorized to accept service on the defendant's behalf. This argument is unavailing. Due process does not require that individuals served on behalf of a foreign defendant have represented them in the past or have been authorized to accept service. Rather, "[t]he reasonableness and hence the constitutional validity of any chosen method may be defendant on the ground that it is in itself reasonably certain to inform those affected." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (1950). It appears that the defendants have been in communication with their U.S.-based counsel, and that service on their U.S.-based counsel will provide the requisite notice of the pending action and an opportunity to respond.

**B. Email Service**

9. *United States SEC v. Gutierrez* once again informs this action. Requests for alternative service by email is amply supported by case law. See *Rio*, 284 F.3d at 1016 (recognizing that under Rule 4(f)(3) "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email."); *Tatung Company Ltd. v. Hsu*, SA CV 13-1743-DOC (ANx) 2015 WL 11089492, at *2 (C.D. Cal. May 18, 2015) ("Courts routinely authorize email service under Rule 4(f)(3)") (citing cases).

10. Plaintiff seeks to serve defendants via their company email accounts under Rule 4(f)(3. as an alternative to serving their U.S.-based counsel. Plaintiff has made good faith efforts to serve the foreign defendants through the Hague Convention but is facing an unreasonable two-year delay due to the inefficiencies of process service in India. Plaintiff has now been attempting service through authorized channels for several months and the Court is in agreement that substituted service is warranted on the foreign defendants not yet served. Furthermore, the Court determines the proposed method of service through email comports with the constitutional notions of due process. Service through the defendants' confirmed company email addresses is "reasonably calculated, under all the circumstances, to apprise [defendants] of the pendency of the action and afford them an opportunity to present their objections." *Rio*, 284 F.3d at 1017.

## CONCLUSION

11. Based on the foregoing, Plaintiff's Motion for Alternative service is **GRANTED**. It is hereby ordered:

12. Plaintiff shall serve defendants Kalaari Capital Advisors Private Limited, Vani Kola, Sridhar Santhanam, and Pavan Vaish via email and overnight delivery to their U.S.-based counsel, Michael Ladner, Esq. and William Taylor, Esq. of Troutman Pepper Hamilton Sanders LLP.

13. Alternatively, Plaintiff may serve defendants Kalaari Capital Advisors Private Limited, Vani Kola, Sridhar Santhanam, and Pavan Vaish via email.

**IT IS SO ORDERED.**

Date: _____        _____

Hon. Vince Chhabria

United States District Judge

[Proposed] Order Allowing Service under 4(F)(3)        Case No. 23-cv-00533-VC

Page No. 5  of  5