**Troutman Pepper Hamilton Sanders LLP**
Matthew H. Ladner (SBN 284594)
350 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone:  (213) 928-9816
E-mail: Matthew.Ladner@troutman.com

William M. Taylor (*pro hac vice*)
125 High St., 19th Floor
Boston, MA 02110
Telephone:  (617) 204-5186
E-mail:  William.Taylor@troutman.com

Attorneys for Specially Appearing Defendants
KALAARI CAPITAL ADVISORS PRIVATE
LIMITED, SRIDHAR SANTHANAM,
PAVAN VAISH, AND VANI KOLA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN MILLER,<br><br>                    Plaintiff,<br><br>          vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.; KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company; SRIDHAR SANTHANAM; KUMAR SHIRLAGI; PAVAN VAISH; and VANI KOLA,<br><br>                    Defendant. | Case No. 3:23-cv-0533-VC<br><br>**SPECIALLY APPEARING DEFENDANTS KALAARI CAPITAL ADVISORS PRIVATE LIMITED, PAVAN VAISH, SRIDHAR SANTHANAM, AND VANI KOLA'S OPPOSITION TO MOTION FOR ORDER ALLOWING SERVICE OF SUMMONS AND AMENDED COMPLAINT UNDER RULE 4(F)(3)**<br><br>**Date:**    July 27, 2023<br>**Time:**    10:00 a.m.<br>**Ctrm:**    4<br>**Floor:**    17th |

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...................................................................................................... 1

II.     ARGUMENT ............................................................................................................. 2

        A.      Plaintiff Cannot Bypass the Hague Convention ...................................... 2

        B.      Even Under Plaintiff's Own Authorities, His Request Is Clearly
                Premature ................................................................................................... 6

        C.      Plaintiff Cannot Bypass the Hague Convention Simply Because He
                Believes It Is Inefficient ............................................................................ 9

III.    CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ADT Sec. Servs. v. Sec. One Int'l, Inc.*,
No. 11-CV-05149 YGR, 2012 U.S. Dist. LEXIS 116494 (N.D. Cal. Aug. 14,
2012) .................................................................................................................................8

*Amazon.com Inc. v. Robojap Techs. LLC*,
No. C20-694 MJP, 2021 U.S. Dist. LEXIS 202454 (W.D. Wash. Oct. 20,
2021) ...............................................................................................................................3, 5

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
27 F. Supp. 3d 1002 (N.D. Cal. 2014) ...................................................................................9

*Cheetah Mobile, Inc. v. APUS Grp.*,
No. 15-cv-02363-HSG, 2016 U.S. Dist. LEXIS 98935 (N.D. Cal. July 28,
2016) .................................................................................................................................7

*Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.*,
480 F. Supp. 3d 977 (N.D. Cal. 2020) ........................................................................... *passim*

*Khazai v. Grover*,
No. 2:22-cv-00100-SPG-KS, 2022 U.S. Dist. LEXIS 238294 (C.D. Cal. Dec.
21, 2022) .......................................................................................................................4, 5, 6

*Knit With v. Knitting Fever, Inc.*,
No. 08-4221, 2010 U.S. Dist. LEXIS 129870 (E.D. Pa. Dec. 7, 2010)....................................7

*In re LDK Solar Sec. Litig.*,
No. C-07-5182 WHA, 2008 WL 2415186 (N.D. Cal. June 12, 2008) ....................................9

*Liberty Media Holdings, LLC v. March*,
No. 10cv1809 WQH (BLM), 2011 U.S. Dist. LEXIS 5290 (S.D. Cal. Jan. 19,
2011) .................................................................................................................................8

*Morningstar v. Dejun*, No. CV 11-00655 DDP VBKX, 2013 WL 502474 (C.D.
Cal. Feb. 8, 2013)................................................................................................................9

*Rio Props. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) .......................................................................................5, 6, 9

*Shinde v. Nithyananda Found.*,
No. EDCV 13-00363-JGB, 2014 U.S. Dist. LEXIS 197030 (C.D. Cal. Aug.
25, 2014) ............................................................................................................................7

159083479v2

*United States SEC v. Gutierrez*,
    No. 17cv2086-JAH (JLB), 2020 U.S. Dist. LEXIS 48512 (S.D. Cal. Mar. 19,
    2020) ......................................................................................................................................7

*Updateme Inc. v. Axel Springer SE*,
    No. 17-cv-05054-SI, 2018 U.S. Dist. LEXIS 3285 (N.D. Cal. Jan. 5, 2018) ..........................7

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988) ................................................................................................................3

*Water Splash, Inc. v. Menon*,
    581 U.S. 271 (2017) .............................................................................................................3, 9

*WhosHere, Inc. v. Orun*,
    Civil Action No. 1:13-cv-00526-AJT-TRJ, 2014 U.S. Dist. LEXIS 22084
    (E.D. Va. Feb. 20, 2014) .....................................................................................................7, 8

**Authorities**

Fed. R. Civ. Proc. 4 ............................................................................................................ *passim*

OPPOSITION TO MOTION FOR ORDER ALLOWING SERVICE UNDER RULE 4(F)(3)
CASE NO. 3:23-CV-0533-VC

Kalaari Capital Advisors Private Limited, Sridhar Santhanam, Pavan Vaish, and Vani Kola (together, the "**India-Based Defendants**"), hereby specially appear through their undersigned counsel, for the sole and exclusive purpose of opposing Plaintiff Allan Miller's ("**Plaintiff**") Motion for Order Allowing Service of Summons and Amended Complaint Under Federal Rule of Civil Procedure 4(f)(3).

## I.   INTRODUCTION

Plaintiff seeks an order authorizing him to serve the India-Based Defendants through their counsel in the United States or via email based on his speculation that he will not be able to effect service on them in India using the procedures required by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("**Hague Convention**") – a multilateral treaty to which both the United States and India are parties. As established below, Plaintiff's attempt to bypass the Hague Convention and treat its mandatory procedures as merely optional cannot be condoned legally or factually.

**First**, the most recent and persuasive cases addressing this issue (including from the Northern District of California) hold that except in exigent or otherwise exceptional circumstances not present here, a plaintiff cannot avoid the Hague Convention's procedures by invoking Rule 4(f)(3), and the Advisory Committee Notes for Rule 4 also make clear that "[u]se of the [Hague] Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."

**Second**, Plaintiff's own cited authorities show that to the extent courts have allowed alternative service in lieu of compliance with the Hague Convention's procedures, such service is only available when a plaintiff has already spent a considerable amount of time trying to effect service without success. Here, in marked contrast, Plaintiff only began pursuing service under the Hague Convention less than two months ago, on May 8, 2023. (Dkt. No. 34 at p. 5 ¶ 11; Dkt. No. 28 at p. 3 ¶ 6). While Plaintiff now speculates his attempt to effect service in India through the Hague Convention may "encounter unreasonable delay," (*id.* at p. 4 ¶ 7), this unsubstantiated assumption cannot justify alternative service, especially where this Court recently received correspondence from the India Ministry of Law & Justice showing that Plaintiff's requests for

159083479v2

service were received, and are being timely pursued, by the relevant India authorities.  (Dkt. Nos. 38-40).

**Third**, Plaintiff argues that alternative service is proper because it would allow this case to "proceed with a minimum of artificial procedural inefficiencies and delay . . . ."  (*Id.* at p. 8 ¶ 22).  But, the Hague Convention's procedures are not "artificial" requirements that can be disregarded whenever it is allegedly convenient; instead, the Hague Convention, as "[a] treaty entered into by the United States[,] is the supreme law of the land."  *Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.*, 480 F. Supp. 3d 977, 985 (N.D. Cal. 2020).  In any event, Plaintiff's professed need for urgency rings hollow because Plaintiff himself has already considerably delayed the adjudication of his claims by: (i) filing baseless causes of action against a variety of defendants in a clearly improper forum, resulting in the dismissal of his original Complaint as to HFN, Inc. ("**HFN**") for lack of personal jurisdiction; (ii) filing a First Amended Complaint ("**FAC**") that does not cure any of his prior pleading's jurisdictional or substantive defects, and must also be dismissed as to HFN and the only other defendant served so far, Kumar Shiralagi ("**Shiralagi**"); and (iii) now seeking to pursue the FAC against the India-Based Defendants, despite the fact that they are admittedly located in India and the FAC lacks any facts remotely suggesting this Court has personal jurisdiction over them.

For these reasons, the Court should enter an order denying Plaintiff's legally improper Motion for alternative service.

## II.    ARGUMENT

### A.    Plaintiff Cannot Bypass the Hague Convention

Recent and well-reasoned case law from courts in the Ninth Circuit – including the Northern District of California – confirms that Plaintiff cannot legally invoke Rule 4(f)(3) in order to bypass the Hague Convention's mandatory and exclusive procedures for serving defendants located in India.

"The Hague Convention is a multilateral treaty whose purpose is 'to simply, standardize, and generally improve the process of serving documents abroad[,]'" and "[i]t applies here because both India and the United States are signatories, and as a ratified treaty of the United States, it is

the 'supreme law of the land.'" *Amazon.com Inc. v. Robojap Techs. LLC*, No. C20-694 MJP, 2021 U.S. Dist. LEXIS 202454, at *4 (W.D. Wash. Oct. 20, 2021). "The [Hague] Convention states that it 'shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.'" *Facebook*, Inc., 480 F. Supp. 3d at 980. Consistent with that plain language, the Supreme Court has made clear that compliance with the Hague Convention's procedures is "mandatory" and required "in all cases to which it applies[,]" *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988), and the "approved methods of service that are "specifie[d]" in the Hague Convention "'pre-empt[] inconsistent methods of service' where [the treaty] applies." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017); *see also* Fed. R. Civ. P. 4, Notes of Advisory Committee on Rules – 1993 Amendment ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service.").

Put differently, the Hague Convention "doesn't simply offer options for service abroad – options that plaintiffs can resort to or not at their discretion. Rather, unless an exception applies, the Convention-delineated methods of service (along with the methods that countries unilaterally and bilaterally agree to under Articles 11 and 19) are exclusive." *Facebook*, 480 F. Supp. 3d at 983; *see also Amazon.com Inc.*, 2021 U.S. Dist. LEXIS 202454, at *4 ("When the Convention applies, the service methods it lists are exclusive and those not delineated are impermissible.").

The Hague Convention allows for service of process in several ways: (a) "an applicant can send a request for service to a receiving country's central authority, an entity that every signatory to the Convention must establish"; (b) "the Convention permits alternative methods of service unless the receiving country objects" such as "service by diplomatic and consular agents, service through consular channels, service on judicial officers in the receiving country, and direct service 'by postal channels'"; (c) "the Convention permits countries to designate additional methods of service within their borders, either unilaterally or through side agreements with each other"; and (d) "in the 'case of urgency,' the Convention permits courts to enter 'provision or protective measures.'" *Facebook*, 480 F. Supp. 3d at 980-981. Importantly, the Hague Convention **does not**

specifically authorize service via email or delivery to a defendant's domestic counsel in the country where litigation is pending,[1] and "India has objected to Article 10" authorizing service via "postal channels" and "judicial officers" or "officials," which "mean[s] [that] Article 10 . . . does not apply" to service on defendants located in India. *Khazai v. Grover*, No. 2:22-cv-00100-SPG-KS, 2022 U.S. Dist. LEXIS 238294, at *9 (C.D. Cal. Dec. 21, 2022).

In accordance with these governing principles, courts in the Ninth Circuit have recently made clear that requests for alternative service should generally be denied if the defendant resides in a country that is a Hague Convention signatory.

**First**, in *Facebook* – a published 2020 decision from the Northern District of California – the court denied a plaintiff's request to serve two China-based defendants via email pursuant to Rule 4(f)(3). In doing so, the court conducted an extensive review and analysis of the interplay between Rule 4(f)(3) and the Hague Convention, as well as applicable Supreme Court precedent, and held that: (i) the Hague Convention's procedures – which do not mention, much less authorize, email service – are not simply "options" a plaintiff can freely pursue or reject, but rather are the "exclusive" methods of service as between signatory countries, such that "'any method of service not approved by the Convention is effectively prohibited'"; (ii) "[u]sing a method of service that is not enumerated in the Convention would be tantamount to not 'apply[ing]' the Convention, which is expressly prohibited"; (iii) because service via email "is not among the 'approved methods of service' specified in the Convention," allowing "service by email would bypass the means of service set forth in the Convention, which isn't permitted unless an exception to the Convention applies"; (iv) Rule 4(f)(3) "permit[s] alternative means of service only when an exception to the Convention applies or when the Convention isn't implicated"; and (v) because the plaintiff did not show that a recognized exception to the Hague Convention applied (for example, a "case of urgency" or "the receiving country [refusing to] comply with the

---

[1] Convention of 15 November 1965 on the Service Abroad of Judicial Documents and Extrajudicial Documents in Civil or Commercial Matters, accessible at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last accessed on July 5, 2023).

159083479v2

Convention"), service had to "be accomplished through one of the channels identified within the Convention." 480 F. Supp. 3d at 983-988.

**Second**, in *Amazon* – a 2021 decision from the Western District of Washington – the court denied a plaintiff's request to serve two India-based directors of another defendant via email pursuant to Rule 4(f)(3). In support of that ruling, the court explained: "When the Convention applies, the service methods it lists are exclusive and those not delineated are impermissible . . . . [Plaintiff] argues that because the Hague Convention says nothing express about email service and India only objected to service by postal channels, the Convention does not prohibit service by email. This argument gets things backwards. Compliance with the Convention is mandatory when it applies and it provides the exclusive means of performing services abroad, preempting all other forms of service. If a form of service is not expressly permitted by the Convention, then it is otherwise impermissible and prohibited. To conclude otherwise would mean that the Hague Convention's forms of service are not exclusive, contrary to the Supreme Court's clear pronouncement on the subject." 2021 U.S. Dist. LEXIS 202454, at *4-7 (citations omitted).

While the *Amazon* court acknowledged "other district courts have concluded that the Convention does not prohibit email service[,]" it found those decisions unpersuasive because they not only (i) lack "any analysis of the structure and nature of the Hague Convention," but also (ii) misconstrue the Ninth Circuit's decision in *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) – a case which involved service in Costa Rica (a non-Hague Convention signatory), and expressly found that Rule 4(f)(3) **does** **not** allow a federal court to authorize service in contravention of the Hague Convention. *Amazon*, 2021 U.S. Dist. LEXIS 202454, at *7-8; *see also Rio*, 284 F.3d at 1015 n. 4 ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1). The parties agree, however, that the Hague Convention does not apply in this case because Costa Rica is not a signatory.").

**Third**, in *Khazai* – a 2022 decision from the Central District of California – the court denied a plaintiff's request to serve an India-based defendant via email or U.S. counsel because: (i) "India is a signatory to the Hague Convention, and has not allowed service via email under any

OPPOSITION TO MOTION FOR ORDER ALLOWING SERVICE UNDER RULE 4(F)(3)
CASE NO. 3:23-CV-0533-VC

159083479v2

interpretation of the Hague Convention, [such that] service via email is preempted by intentional agreement;" (ii) "Rule 4(f)(3) therefore does not allow the Court to grant Plaintiff's motion for email service because such service is prohibited by international agreement"; and (iii) "for the same reasons" the court could not authorize service on U.S. counsel which is not an authorized mode of service listed under the Hague Convention.  2022 U.S. Dist. LEXIS 238294, at *6-11 and n. 3.

**Fourth**, in *Media Trademark & Licensing Ltd. v. coingeekltd.com* – a 2021 decision from the District of Arizona – the court denied a plaintiff's request to alternatively serve defendants located in the Philippines under Rule 4(f)(3).  No. CV-21-00214-PHX-DWL, 2021 U.S. Dist. LEXIS 128677 (D. Ariz. July 9, 2021).  After conducting a detailed analysis of the Hague Convention, the court held – for the same reasons articulated in *Facebook*, *Amazon*, and *Khazai* – that alternative service was not permissible, especially where: (i) the Philippines, like India, has objected to Article 10 of the Hague Convention; and (ii) the Ninth Circuit's decision in *Rio* "'does not suggest (and, if anything, rejects the notion) that it is permissible under Rule 4(f)(3) to authorize service' in a manner not authorized by the Hague [] Convention in a country that is a signatory to the Convention."  *Id.* at *7-10.

In light of these well-reasoned and recent authorities, the Court here should deny Plaintiff's request to bypass and circumvent the mandatory service procedures set forth in the Hague Convention, particularly where Plaintiff has not even attempted to show, much less actually established, that any exigent or other exceptional circumstances warrant a departure from those required procedures.

## B.     Even Under Plaintiff's Own Authorities, His Request Is Clearly Premature

Even if the Court were inclined to treat the Hague Convention's procedures as optional and adopt the approach followed by the decisions cited by Plaintiff – all of which appear to stray from the plain language of the Hague Convention, as well as overlook or misapply Supreme Court and Ninth Circuit precedent – those cases are readily distinguishable because they only permitted alternative service after the plaintiff had unsuccessfully tried to effect service for long periods of time, or because other circumstances rendered service unusually difficult.  For example:

6

159083479v2

- In *United States SEC v. Gutierrez*, No. 17cv2086-JAH (JLB), 2020 U.S. Dist. LEXIS 48512 (S.D. Cal. Mar. 19, 2020), the court allowed service on Mexico-based defendants via email and through their U.S. counsel where "[t]he Mexican Central Authority attested that service could not be completed" despite the plaintiff's attempts through the Hague Convention. *Id.* at *36.

- In *Updateme Inc. v. Axel Springer SE*, No. 17-cv-05054-SI, 2018 U.S. Dist. LEXIS 3285 (N.D. Cal. Jan. 5, 2018), the court believed alternative service on a defendant's U.S. counsel was "warranted" because other parties were "already engaged in discovery" and had "an upcoming settlement conference" scheduled. *Id.* at *7.

- In *Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 U.S. Dist. LEXIS 129870 (E.D. Pa. Dec. 7, 2010), the court authorized alternative service on U.S. counsel for Italian and British defendants only after: (i) the defendants had repeatedly appeared in the action through their counsel by filing various substantive motions, including motions to set aside defaults and motions to dismiss; and (ii) the plaintiff provided evidence that at least the Italian Central Authority for effectuating service under the Hague Convention had informed the plaintiff that it was not even accepting documents for service for at least one month. *Id.* at *7-15.

- In *Cheetah Mobile, Inc. v. APUS Grp.*, No. 15-cv-02363-HSG, 2016 U.S. Dist. LEXIS 98935 (N.D. Cal. July 28, 2016), the court allowed alternative service after plaintiffs pursued service via the Hague Convention on a China-based defendant for approximately 8-months, and the Chinese Central Authority repeatedly attempted service in China without success. Id. at *2-4, 7.

- In *Shinde v. Nithyananda Found.*, No. EDCV 13-00363-JGB (SPx), 2014 U.S. Dist. LEXIS 197030 (C.D. Cal. Aug. 25, 2014), the plaintiffs did not seek alternative service until more than a year after filing their original complaint. *Id.* at *2-3.

- In *WhosHere, Inc. v. Orun*, Civil Action No. 1:13-cv-00526-AJT-TRJ, 2014 U.S. Dist. LEXIS 22084 (E.D. Va. Feb. 20, 2014), the plaintiff waited more than 9-months after filing suit to request alternative service, and only did so after attempting service on a

Turkey-based defendant through the Hague Convention (which resulted in Turkish authorities returning the summons and complaint because the defendant could not be located at the address provided). *Id.* at *2-4.

- In *ADT Sec. Servs. v. Sec. One Int'l, Inc.*, No. 11-CV-05149 YGR, 2012 U.S. Dist. LEXIS 116494, at *4-5 (N.D. Cal. Aug. 14, 2012), alternative service was allowed because there was evidence that defendants had "actively concealed their physical location," including in the Philippines (a non-signatory to the Hague Convention at the time) where they were supposedly located. *Id.* at *2-4, 6.

- In *Liberty Media Holdings, LLC v. March*, No. 10cv1809 WQH (BLM), 2011 U.S. Dist. LEXIS 5290 (S.D. Cal. Jan. 19, 2011), the court denied the plaintiff's initial request for alternative service, and only granted its second request after finding that plaintiff had "been reasonably diligent in seeking to locate the unserved" Japan-based defendants for 4-months. *Id*. at *2-4.

Here, in stark contrast to each of the above-listed cases, Plaintiff admits he only just began pursuing service via the Hague Convention **less than two months ago on May 8, 2023**, and Plaintiff merely speculates he **may** "encounter unreasonable delay" proceeding in this manner, without providing any factual back-up for that assumption. (Dkt. No. 34 at p. 5 ¶ 11 and p. 4 ¶ 7; *see also* Dkt. No. 28 at p. 3 ¶ 6). Moreover, on July 3, 2023, this Court received correspondence from the India Ministry of Law & Justice showing that Plaintiff's requests for service were received by the India Central Authority and promptly forwarded to District Judges in Bengaluru and Gurgaoan for processing. (Dkt. Nos. 38-40). This development is plainly at odds with – and completely undermines – Plaintiff's supposition that his Hague Convention service requests will simply languish in India.

Because Plaintiff has not pursued service for anything approaching the amount of time at issue in the above-listed cases – and because Plaintiff has also failed to submit evidence showing

the type of diligence or obstacles to service that supposedly justified alternative service in the cases he cites – Plaintiff's Motion for alternative service is clearly premature.[2]

### C.       Plaintiff Cannot Bypass the Hague Convention Simply Because He Believes It Is Inefficient

Plaintiff argues the Court should allow him to bypass the Hague Convention and serve the India-Based Defendants through alternative means in order to avoid "artificial procedural inefficiencies and delay . . . ."  (Dkt. No. 34 at p. 8 ¶ 22).  There are two glaring problems with this assertion.

To begin, the Northern District of California's decision in *Facebook* made clear that even if compliance with the Hague Convention may "not [be] the most practical result" in any particular case, "[t]hese practicalities . . . must yield to the Convention's rules" because "'the systemic comity interests embodied in the [Hague] Convention' shouldn't be sacrificed in the name of 'concrete case management concerns.'"  480 F. Supp. 3d at 987.  Consistent with this reasoning, the Court here should not elevate Plaintiff's alleged desire for efficiency over the Hague Convention's procedures, particularly because – as discussed above – those requirements are the "supreme law of the land," and not merely "artificial procedural inefficiencies" that can be ignored whenever allegedly convenient.  *See also id.* at 983, 985.

In addition, Plaintiff's efficiency argument rings hollow because **Plaintiff himself** is responsible for delaying the adjudication of his alleged claims.  Specifically: (i) Plaintiff filed this lawsuit in a clearly improper forum, resulting in the dismissal of his original Complaint as to HFN for lack of personal jurisdiction; (ii) Plaintiff then filed a FAC that largely mirrors his initial

---

[2] Plaintiff also cites various other cases regarding alternative service that were issued between 2008 and 2014.  *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002 (N.D. Cal. 2014); *In re LDK Solar Sec. Litig.*, No. C-07-5182 WHA, 2008 WL 2415186 (N.D. Cal. June 12, 2008); *Morningstar v. Dejun*, No. CV 11-00655 DDP VBKX, 2013 WL 502474 (C.D. Cal. Feb. 8, 2013).  However, each of those cases not only (1) gave an unduly broad reading to the Ninth Circuit's decision in *Rio*, which did not involve the Hague Convention at all; but also (2) pre-dated the Supreme Court's 2017 decision in *Water Splash*, which "resolved" any arguable "doubt" that "the [Hague] Convention-delineated methods of service . . . are exclusive" unless one of the exceptions set forth in the Hague Convention applies.  *Facebook*, 480 F. Supp. 3d at 983-984 (describing *Water Splash*), 985 ("It is easy to understand why courts, after reading *Rio*, have concluded that methods of service identified in the Hague [] Convention are not exclusive . . . . This reading of *Rio*, although understandable, is too expansive.").

pleading without curing any of its jurisdictional or substantive defects, such that it must be dismissed as to HFN and Shiralagi; and (iii) Plaintiff now seeks to double-down on his futile strategy by dragging the India-Based Defendants into this action on an expedited basis, which will only yield further motion practice regarding (among other things) the clear impropriety of this forum.  (Dkt. Nos. 11, 29, 33, 34).  Simply put, there is no legal or factual basis for excusing compliance with the Hague Convention's mandatory service requirements in order to achieve efficiency, much less where Plaintiff himself has chosen to pursue his claims in a needlessly inefficient manner.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to serve the India-Based Defendants through alternative means under Rule 4(f)(3).


Dated: July 5, 2023                       TROUTMAN PEPPER HAMILTON SANDERS LLP


                                          By: /s/ Matthew H. Ladner
                                          Attorneys for Specially Appearing Defendants
                                          KALAARI CAPITAL ADVISORS PRIVATE LIMITED,
                                          SRIDHAR SANTHANAM, PAVAN VAISH, AND
                                          VANI KOLA

OPPOSITION TO MOTION FOR ORDER ALLOWING SERVICE UNDER RULE 4(F)(3)
CASE NO. 3:23-CV-0533-VC

159083479v2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the forgoing **SPECIALLY APPEARING DEFENDANTS KALAARI CAPITAL ADVISORS PRIVATE LIMITED, PAVAN VAISH, SRIDHAR SANTHANAM, AND VANI KOLA'S OPPOSITION TO MOTION FOR ORDER ALLOWING SERVICE OF SUMMONS AND AMENDED COMPLAINT UNDER RULE 4(F)(3),** with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on July 5, 2023.

I certify that all participants in the case re registered CM/ECF users and that the service will be accomplished by the Court's CM/ECF system.

I declare under penalty of perjury of the laws of the Unites States of America that I am employed by a member of the Bar of this Court at whose direction the service is made and that the foregoing is true and correct.

Executed on July 5, 2023, at Irvine, California.

_____
Janine Philips

146790771v1