**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Matthew H. Ladner (SBN 284594)
350 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone:  (213) 928-9816
E-mail: Matthew.Ladner@troutman.com

William M. Taylor (*pro hac vice*)
125 High St., 19th Floor
Boston, MA 02110
Telephone:  (617) 204-5186
Email:  William.Taylor@troutman.com

Attorneys for Defendant
KUMAR SHIRALAGI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN MILLER,<br><br>            Plaintiff,<br><br>vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.; KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company; SRIDHAR SANTHANAM; KUMAR SHIRALAGI; PAVAN VAISH; and VANI KOLA,<br><br>            Defendants. | Case No. 3:23-cv-0533-VC<br><br>**DEFENDANT KUMAR SHIRALAGI'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR: (1) LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, FOR (2) FAILURE TO STATE A CLAIM, LACK OF SUBJECT MATTER JURISDICTION, AND LACK OF STANDING**<br><br>**Date:**   July 27, 2023<br>**Time:**   10:00 a.m.<br>**Ctrm:**   4<br>**Floor:**  17th |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................1

II. PLAINTIFF HAS FAILED TO CARRY HIS BURDEN OF ESTABLISHING PERSONAL JURISDICTION AND VENUE......................................................................1

    A. Plaintiff Has Not Rebutted Shiralagi's Sworn Declaration ......................................1

    B. Plaintiff Cannot Establish Jurisdiction Over Shiralagi Based on HFN's Alleged Reseller Relationship with GoDaddy or Federal Patent Law .................................4

    C. Venue Is Also Lacking...............................................................................................6

III. DISMISSAL IS ALSO REQUIRED ON THE MERITS......................................................6

    A. Plaintiff Has Failed to State a Valid Exchange Act Claim ......................................6

    B. Plaintiff Has Failed to State a Valid Fiduciary Duty Claim Against Shiralagi .....10

    C. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's DGCL Claim........10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anheuser-Busch, Inc. v. Natural Beverage Distribs.*,
  69 F.3d 337 (9th Cir. 1995) ...................................................................................................4

*Apple, Inc. v. Allan & Assocs. Ltd.*,
  445 F. Supp. 3d 42 (N.D. Cal. 2020) .....................................................................................2

*Blue Chip Stamps v. Manor Drug Stores*,
  421 U.S. 723 (1975) ...............................................................................................................7

*Borg v. Principal Life Ins. Co.*,
  2008 U.S. Dist. LEXIS 142163 (N.D. Cal. July 24, 2008) ....................................................7

*Brady v. Delta Energy & Communs. Inc.*,
  598 F. Supp. 3d 865 (C.D. Cal. 2022) ................................................................................4, 9

*Brookfield Asset Mgmt. v. Rosson*,
  261 A.3d 1251 (Del. 2021) ...................................................................................................10

*Carpenter v. Sikorsky Aircraft Corp.*,
  101 F. Supp. 3d 911 (C.D. Cal. 2015) ...................................................................................5

*CollegeSourcem Inc. v. AcademyOne, Inc.*,
  653 F.3d 1066 (9th Cir. 2011) ...............................................................................................2

*Davis v. Metro Prods., Inc.*,
  885 F.2d 515 (9th Cir. 1989) .................................................................................................5

*Durning v. Citibank*,
  990 F.2d 1133 (9th Cir. 1993) ............................................................................................7, 8

*Facebook, Inc. v. Pac. Nw. Software, Inc.*,
  640 F.3d 1034, 1040 (9th Cir. 2011) .....................................................................................7

*Fluidigm Corp. v. bioMérieux SA*,
  No. 19-CV-02716-LHK, 2019 U.S. Dist. LEXIS 210944 (N.D. Cal. Dec. 5,
  2019) ......................................................................................................................................4

*Gergawy v. United States Bakery, Inc.*,
  2022 U.S. Dist. LEXIS 22721 (E.D. Wash. Feb. 8, 2022) ....................................................4

*Gofron v. Picsel Techs., Inc.*, ..................................................................................................3
  F. Supp. 2d 1030, 1037 (N.D. Cal. 2011)

*Kennedy v. Bearden*,
   2021 U.S. Dist. LEXIS 172079 (C.D. Cal. Mar. 30, 2021) ...................................................... 3

*Leboyer v. Greenspan*,
   2007 U.S. Dist. LEXIS 96231 (C.D. Cal. June 12, 2007) ...................................................... 10

*LNS Enters. LLC v. Cont'l Motors, Inc.*,
   22 F.4th 852 (9th Cir. 2022) ................................................................................................... 3

*In re Maxim Integrated Prods.*,
   574 F. Supp. 2d 1046 (N.D. Cal. 2008) .................................................................................. 7

*McNeal v. Williams*,
   2022 U.S. Dist. LEXIS 139508 (D. Nev. Aug. 5, 2022) .......................................................... 4

*Meide v. Centineo*,
   2019 U.S. Dist. LEXIS 234495 (C.D. Cal. Oct. 31, 2019), *aff'd* 2022 U.S.
   App. LEXIS 30288 (9th Cir. Nov. 1, 2022) ............................................................................ 8

*NexLearn v. Allen Interactions, Inc.*,
   859 F.3d 1371 (Fed. Cir. 2017) .............................................................................................. 5

*O'Handley v. Padilla*,
   579 F. Supp. 3d 1163 (N.D. Cal. 2022) .................................................................................. 2

*Raven v. Molyneux*,
   2015 U.S. Dist. LEXIS 187792 (C.D. Cal. Jan. 27, 2015) ...................................................... 3

*SEC v. Blockvest, LLC*,
   2020 U.S. Dist. LEXIS 68951 (S.D. Cal. Apr. 17, 2020) ........................................................ 3

*In re Star & Crescent Boat Co.*,
   549 F. Supp. 3d 1145 (S.D. Cal. 2021) .................................................................................. 2

*Stitching Pensioenfunds ABP v. Countrywide Fin. Corp.*,
   802 F. Supp. 2d 1125 (C.D. Cal. 2011) .................................................................................. 8

*Swartz v. KPMG LLP*,
   476 F.3d 757 (9th Cir. 2007) .................................................................................................. 9

*Symettrica Entm't, Ltd. v. UMG Recordings, Inc.*,
   2019 U.S. Dist. LEXIS 230986 (C.D. Cal. Sep. 20, 2019) ...................................................... 5

*In re Teva Sec. Litig.*,
   2021 U.S. Dist. LEXIS 60195 (D. Conn. Mar. 30, 2021) ........................................................ 8

*In re Teva Sec. Litig.*,
   512 F. Supp. 3d 321 (D. Conn. 2021) .................................................................................... 8

*United States v. Campos*,
    1994 U.S. App. LEXIS 43317 (5th Cir. Apr. 14 1994) ............................................................. 4

*Wu v. Stomber*,
    883 F. Supp. 2d 233 (D.D.C. 2012) ....................................................................................... 9

**Statutes**

28 U.S.C. § 1400(b) ...................................................................................................................... 4

I.     INTRODUCTION

The Opposition to Shiralagi's Motion to Dismiss repeats the same futile arguments Plaintiff has already made vis-à-vis HFN, and is also replete with unsubstantiated accusations and speculation regarding: (a) purported inaccuracies in Shiralagi's Declaration; and (b) Shiralagi's supposed contacts with California. However, just because Plaintiff says it, does not make it so. Plaintiff has the burden of submitting **admissible** **evidence** establishing jurisdiction over Shiralagi. Because Plaintiff has failed to carry that burden – and because his claims are also substantively meritless on their face – the FAC must be dismissed with prejudice as to Shiralagi.

II.    **PLAINTIFF HAS FAILED TO CARRY HIS BURDEN OF ESTABLISHING PERSONAL JURISDICTION AND VENUE**

The FAC seeks relief for seven categories of allegations regarding the purported mismanagement of HFN's affairs – the Governance, HR, Seed, Distraction, Patent, Software, and Webpage Allegations. (Mot. at 3-4, citing FAC ¶¶ 30-105). Plaintiff also seeks recovery under the Exchange Act for alleged misrepresentations during settlement discussions in 2015 regarding the intended purpose of HFN's stock option pool. (Mot. 4-5, citing FAC ¶¶ 24-34, 119-126). As established in the Motion, this Court does not have jurisdiction over Shiralagi with respect to these allegations or Plaintiff's corresponding claims because: (1) Shiralagi is not domiciled in California nor does he maintain continuous and systematic general contacts with the state; and (2) there is no "substantial connection" between Plaintiff's claims and Shiralagi's minimal, and completely irrelevant, forum contacts. (Mot. 2-3, 5-6; Dkt. No. 34-1). Plaintiff fails to refute these points.

   A.     **Plaintiff Has Not Rebutted Shiralagi's Sworn Declaration**

Plaintiff argues the Court cannot consider Shiralagi's Declaration at the pleading stage, and in any event, it should disregard the Declaration because of purportedly "false or misleading statements" concerning: (a) the timing of Shiralagi's departure from HFN; (b) alleged meetings with Mr. Santhanam in July 2022; (c) Shiralagi's relocation to Texas; and (d) Shiralagi's work for Intel more than 15-years ago. (Mot. at 1, 3-6). There are several glaring problems with this line of argument. **First**, it is well-established that "[t]he Court may consider evidence presented in

affidavits and declarations in determining personal jurisdiction[,]" and it "may not assume the truth of allegations" in a complaint "that are contradicted by affidavit." *Apple, Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 50 (N.D. Cal. 2020) (citation and quotation omitted).

**Second**, "[i]n opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *CollegeSourcem Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (citations and quotations omitted). Thus, "although a complaint may plead jurisdiction over a defendant, to the extent the defendant moves to dismiss by filing affidavits or declarations refuting the jurisdictional allegations in a complaint, the plaintiff may not rest on those allegations and must support them with the plaintiff's own affidavits or evidence*.*" *In re Star & Crescent Boat Co.*, 549 F. Supp. 3d 1145, 1154 (S.D. Cal. 2021); *see also O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1178 (N.D. Cal. 2022) ("A prima facie showing is established if the plaintiff produces admissible evidence" showing jurisdiction).

In violation of these principles, Plaintiff has not submitted **any** declarations or other evidence to refute the points set forth in Shiralagi's sworn Declaration. For example:

- Plaintiff speculates Shiralagi resigned from HFN in August rather than June 2022 because Shiralagi supposedly attended a "multi-hour meeting call with HFN management in July 2022" and participated in "two in-person meetings in San Francisco with [Messrs.] Santhanam and Singh" that same month which "included detailed discussions about HFN's strategy, corporate management activities, personnel decisions, and shareholder issues." (Opp. at 4-5). But, there is no evidence supporting Plaintiff's version of events – Plaintiff has not submitted records showing these meetings happened at all, much less substantiating Plaintiff's speculation about what was discussed. Nor has Plaintiff submitted a declaration stating he was present at any meeting.

- Plaintiff asserts Shiralagi did not "decide[] to live in Texas" in August 2022 because he bought a home there a few months earlier, and spent time in Texas in 2021. (Opp. at 5). Yet, Plaintiff does not identify facts or submit evidence substantiating these assertions.

- Plaintiff claims Shiralagi was a director for Intel between 2003 and 2007, and he extrapolates it is "likely" Shiralagi "attended company meetings" in California during that time

period.  (Opp. at 5).  However, Plaintiff does not argue Shiralagi was employed by Intel in California, nor has Plaintiff submitted evidence justifying his speculation about Shiralagi's "likely" travel to California more than a decade ago.

Simply put, Plaintiff has not established the "gotchas" he claims to have found.  **And, more fundamentally, Plaintiff's alleged "gotchas" are irrelevant to the critical jurisdictional points in Shiralagi's Declaration** – namely, he does not reside in California, and his limited contacts with California have nothing to do with Plaintiff's alleged claims in this lawsuit (**indeed, there is no allegation or evidence that Shiralagi took any decision, made any misrepresentation, or engaged in any other wrongful act or omission, in California**).  When, as here, a plaintiff fails to counter a defendant's sworn declaration with evidence and instead relies on unsubstantiated argument in an opposition brief, courts find that jurisdiction is lacking.[1]  The outcome here should be no different, as Plaintiff's "opposition brief is not an affidavit or admissible evidence, [and] facts alleged therein are insufficient to rebut statements in [Shiralagi's] affidavit" regarding the lack of personal jurisdiction.  *Raven v. Molyneux*, 2015 U.S. Dist. LEXIS 187792, at *8 (C.D. Cal. Jan. 27, 2015).

**Third**, Plaintiff cites various cases allegedly supporting the exclusion of Shiralagi's Declaration (Opp. at 5-6) – however, these cases are distinguishable, and their dramatically

---

[1] *See, e.g., LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858, 862-864 (9th Cir. 2022) (affirming dismissal where defendants submitted sworn declarations refuting jurisdictional allegations in complaint, and "Plaintiffs filed no affidavits or declarations in response."); *Kennedy v. Bearden*, 2021 U.S. Dist. LEXIS 172079, at *4-7 (C.D. Cal. Mar. 30, 2021) (granting motion to dismiss where defendant submitted declaration showing lack of California contacts, and plaintiff only provided "a declaration mirroring the allegations in the complaint [which] [did] not rebut [defendant's] declaration."); *Gofron v. Picsel Techs., Inc.*, F. Supp. 2d 1030, 1037 (N.D. Cal. 2011) ("Plaintiffs have not submitted any admissible evidence in support of their assertion that [defendant] is subject to personal jurisdiction . . . . Because Plaintiffs' only allegations supporting jurisdiction over [defendant] come from their unverified SAC and their opposition brief, they cannot be taken as true for the purposes of this motion.  Therefore, Plaintiffs have failed to meet their burden to establish jurisdiction over [defendant].").

different facts confirm that Plaintiff is attempting to manufacture discrepancy where none exists.[2]

**B.    Plaintiff Cannot Establish Jurisdiction Over Shiralagi Based on HFN's Alleged Reseller Relationship with GoDaddy or Federal Patent Law**

Plaintiff also argues jurisdiction is present because: (1) his fiduciary duty claims are partially based on allegations that HFN failed to prosecute its patents and entered a transaction that involved pledging certain patents as collateral; (2) HFN has supposedly entered a reseller arrangement with California-based GoDaddy; and (3) Shiralagi supposedly engaged in "*de facto*" Board meetings with HFN in July 2022 (Opp. at 4-5, 11-15).  These theories do not withstand scrutiny.  To begin, Plaintiff's authorities in support of his patent-jurisdiction theory are obviously inapposite because they exclusively concern venue under 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for **patent infringement** may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  (Emphasis added).  Plaintiff has not alleged a claim for infringement under the federal patent statutes or otherwise accused Defendants of infringement – **nor would it matter if he did so because, even in patent cases, a plaintiff must still establish**

---

[2] *See SEC v. Blockvest, LLC*, 2020 U.S. Dist. LEXIS 68951, at *12-31 (S.D. Cal. Apr. 17, 2020) (granting government's motion for terminating sanctions where defendants submitted multiple declarations with forged signatures, solicited false declarations from witnesses, and directed affiliates to lie during an interview with the SEC and submit a false declaration containing fabricated information); *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 339-344, 348-355 (9th Cir. 1995) (affirming summary judgment of cross-complaint where party knowingly and intentionally concealed that relevant documents had survived a fire, and then, after deceiving the other side and the court for years, sought to use those documents on the eve of trial); *United States v. Campos*, 1994 U.S. App. LEXIS 43317, at *46-65 (5th Cir. Apr. 14 1994) (reversing convictions due to *Brady* violation where government withheld notes taken during plea negotiations with former defendant and cooperating witness, which revealed prior inconsistent statements regarding a meeting with defendants that "was vital to the government's case"); *McNeal v. Williams*, 2022 U.S. Dist. LEXIS 139508, at *4-5 (D. Nev. Aug. 5, 2022) (denying petitioner's request to dismiss counsel and represent himself in habeas proceeding, and admonishing petitioner that counsel was not required to blindly follow his orders); *Gergawy v. United States Bakery, Inc.*, 2022 U.S. Dist. LEXIS 22721, at *22-24 (E.D. Wash. Feb. 8, 2022) (striking "sham affidavit" where it was contrary to plaintiff's sworn deposition testimony on multiple material topics).

**personal jurisdiction in accordance with the standards set forth in Shiralagi's Motion**.[3]

Next – as explained in HFN's Reply in support of its Motion to Dismiss – Plaintiff cannot establish jurisdiction over HFN based on its alleged reseller relationship with GoDaddy because: (i) the Supreme Court has rejected an "agency" theory of general jurisdiction; and (ii) Plaintiff's new accusations about GoDaddy are absent from the FAC, which only alleges HFN engaged in discussions with GoDaddy between 2019 and 2022 related to a reseller relationship, but omits any facts regarding the status, nature, success, or failure of that arrangement, let alone any fiduciary breaches related to it. (Dkt. No. 44 at 3-4). Having failed to show jurisdiction over HFN based on its relationship with GoDaddy, Plaintiff certainly cannot impute that relationship to Shiralagi in his **individual capacity** to confer jurisdiction over him.[4]

Finally, Shiralagi's Declaration states that his July 2022 meeting with Mr. Santhanam occurred after Shiralagi had already resigned from HFN, and no corporate actions were taken during that brief meeting. (Dkt. No. 34-1 at ¶ 11). Plaintiff has not offered any contrary evidence on these points. Moreover, the FAC does not allege HFN made any specific decisions regarding management, HR, the Seed Partnership, patents, software, website content, or any other matters during this July 2022 meeting, and Plaintiff's speculation is no substitute for an actual link between

---

[3] *Fluidigm Corp. v. bioMérieux SA*, No. 19-CV-02716-LHK, 2019 U.S. Dist. LEXIS 210944, at *6 (N.D. Cal. Dec. 5, 2019) (explaining Federal Circuit law governs personal jurisdiction in patent cases, and when a patent case is filed in California federal court, "the jurisdictional analyses under state law and federal due process coalesce into a single inquiry" of whether personal jurisdiction exists under federal law concerning general and specific jurisdiction); *NexLearn v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375-1376 (Fed. Cir. 2017) (citing *Daimler* and *Walden* for the jurisdiction standards in patent cases). Moreover, even if the patent venue statute were relevant (which it is not), there is no allegation, much less evidence, Shiralagi resides in California, committed an act of infringement in California, or has a regular and established place of business in California).

[4] *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989) ("a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over that person" – "[r]ather, there must be a reason for the court to disregard the corporate form."); *Symettrica Entm't, Ltd. v. UMG Recordings, Inc.*, 2019 U.S. Dist. LEXIS 230986, at *6-10 (C.D. Cal. Sep. 20, 2019) (no jurisdiction over corporate directors where plaintiff failed to provide non-conclusory allegations or evidence showing they were the "driving force" behind the corporation's actions).

his claims and California. *Carpenter v. Sikorsky Aircraft Corp.*, 101 F. Supp. 3d 911, 923 (C.D. Cal. 2015) (forum contacts unconnected to a plaintiff's claim are not relevant).

### C. Venue Is Also Lacking

For the reasons stated above, and in the Motion, venue is not proper because: (i) no defendant resides in California; (ii) there is no nexus between Plaintiff's claims and California; and (iii) it does not appear there is personal jurisdiction over any defendant. (Mot. at 6).

## III. DISMISSAL IS ALSO REQUIRED ON THE MERITS

### A. Plaintiff Has Failed to State a Valid Exchange Act Claim

As set forth in Shiralagi's Motion, Plaintiff's Exchange Act claims must be dismissed because they are: (1) barred by the broad release provisions found in the Settlement and SPA Plaintiff negotiated through counsel and executed in 2015; (2) untimely under the applicable 5-year statute of repose and 2-year statute of limitations; and (3) inadequately pleaded under Rule 9(b) and the PSLRA. (Mot. at 6-13). Plaintiff fails to overcome these fatal defects. **First**, Plaintiff argues his Exchange Act claims are outside the Settlement's and SPA's release provisions because HFN's fraud "did not commence until sometime after" those documents were executed, when the company began issuing stock options to insiders. (Opp. at 7-8). There are multiple problems here:

A) This contention is belied by the FAC's express allegations that: (i) "HFN intentionally misrepresented the capitalization of the company during the 2015 settlement," which "was a significant component of the 2015 settlement negotiations"; (ii) HFN's counsel made "[t]he representation that the large option pool was an ESOP" during settlement discussions; (iii) "HFN induced the Plaintiff to purchase shares during the settlement by misrepresenting the option pool as an ESOP" rather than a source for "allocation of large numbers of shares to insiders"; (iv) "the misrepresentation of the option pool as an ESOP" during settlement talks was "an 'untrue statement of material fact' that was 'in connection with the sale of [a] security'" that violated the Exchange Act; and (v) "Plaintiff purchased shares in HFN" in 2015 "based on this misrepresentation" regarding the company's stock option pool. (FAC ¶¶ 24-25, 27-28, 33-34, 120). Clearly, the only purported securities fraud alleged in the FAC consists of supposedly false

representations made **during** settlement talks **before** Plaintiff executed the Settlement and SPA.

        B)        In a securities fraud case, the actionable "violation" is the fraudulent representation that caused the plaintiff to buy or sell a security. *Durning v. Citibank*, 990 F.2d 1133, 1136 (9th Cir. 1993) ("The Durnings securities fraud claim arose in 1981, when the Official Statement allegedly misrepresented the bonds' redemption dates and the bonds were purchased."); *In re Maxim Integrated Prods.*, 574 F. Supp. 2d 1046, 1071 (N.D. Cal. 2008) (in a securities fraud case, "a violation is considered to have occurred on the date the false representation was made"). Here, that alleged misrepresentation occurred **during** settlement talks, such that any claim for securities fraud relating to the misrepresentation was subsequently released by the Settlement and SPA.

        C)        In *Facebook, Inc. v. Pac. Nw. Software, Inc.*, the Ninth Circuit held that a broad release contained in a settlement agreement necessarily includes the claim that "securities law violations took place in connection with the settlement itself" and induced a plaintiff to purchase the defendant's stock. *See* 640 F.3d 1034, 1040 (9th Cir. 2011). Plaintiff does not dispute this law – instead, he contends it should not apply to him because of alleged differences between the financial condition of the parties to the Settlement and SPA. (Opp. at 8). However, Plaintiff was represented by counsel in the Massachusetts Lawsuit and related negotiations leading-up the Settlement and SPA, and there is no reason to doubt the experience, sophistication or competence of his counsel, particularly where the Massachusetts Lawsuit resulted in a significant monetary settlement in favor of the plaintiffs. (Dkt. No. 33-1, Ex. 1). Plaintiff does not cite any law for the proposition that releases in settlements between **represented parties** are unenforceable against the less-wealthy party, and no such rule does or could exist since it would be inconsistent with, and frustrate, the policies favoring settlement and finality. *Facebook*, 640 F.3d at 1039; *Borg v. Principal Life Ins. Co.*, 2008 U.S. Dist. LEXIS 142163, at *8 (N.D. Cal. July 24, 2008).

        D)        Plaintiff asserts in his Opposition that HFN's "fraud scheme did not commence until some time after the settlement[,]" (Opp. at 8), and to the extent Plaintiff now contends HFN did not intentionally deceive him during settlement talks but simply acted "fraudulently" years later by issuing stock options to insiders, Plaintiff is pursuing nothing more than a legally

prohibited "holder" claim. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 731 (1975).

**Second**, Plaintiff argues the 5-year statute of repose does not bar his claims because although he was induced to purchase HFN stock in 2015, HFN did not "implement" its fraud until much later when it began to actually issue stock options to insiders. (Opp. at 6-7). However, the statute of repose "**begins to run on the date that the plaintiff purchased the securities at issue**[,]" *Stitching Pensioenfunds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1134 (C.D. Cal. 2011) (emphasis added), and it is equally well-established that (i) there is no "continuing fraud" exception to the statute of repose, and (ii) a plaintiff cannot avoid the statute of repose by pointing to subsequent conduct that but did not actually cause him to buy or sell any additional securities. *Durning*, 990 F.2d at 1135-1137; *Meide v. Centineo*, 2019 U.S. Dist. LEXIS 234495, at *5-7, 9-12 (C.D. Cal. Oct. 31, 2019), *aff'd* 2022 U.S. App. LEXIS 30288, at *3-4 (9th Cir. Nov. 1, 2022); *see also authorities at* Mot. at 10-12 and n. 5. Here, Plaintiff purchased HFN stock in 2015, and the FAC lacks any allegation that HFN engaged in any fraudulent conduct after 2015 which caused **Plaintiff himself** to buy or sell additional securities. (FAC ¶¶ 24-34, 120).[5]

**Third**, Plaintiff contends his claims are within the 2-year statute of limitations because: (i) HFN was required to provide the 2019 capitalization table to him in 2019 at an annual shareholder meeting which never occurred; and (ii) if Plaintiff had requested information in 2019 regarding HFN's stock option pool – which he did not – HFN supposedly would have engaged in "stalling tactics" and refused. (Opp. at 10). In other words, Plaintiff contends he **knew** he should have received information in 2019 showing the status of HFN's stock option pool, yet knowingly

---

[5] Plaintiff does not address Shiralagi's authorities on these points. Instead, Plaintiff asks the Court to follow *In re Teva Sec. Litig.*, 512 F. Supp. 3d 321 (D. Conn. 2021). However, as explained more fully in HFN's Reply, the court in *In re Teva* actually: (i) **rejected** the plaintiffs' reliance on the "last culpable act" doctrine in order to maintain a securities fraud claim based on misrepresentations outside of the 5-year repose period; (ii) **rejected** the plaintiffs' attempt to recast their claims under Rule 10b-5's "scheme liability" provisions; and in a subsequent order (iii) **rejected** the plaintiffs' argument that a valid "scheme liability" claim would allow them to avoid the 5-year statute of repose, because there is no law holding that "otherwise-untimely misstatements or omissions [are] timely [if] they were part of a Defendant's scheme of many interrelated misstatements or omissions." *Id.* at 331-339; *see also In re Teva Sec. Litig.*, 2021 U.S. Dist. LEXIS 60195, at *25-26 and n. 1 (D. Conn. Mar. 30, 2021).

failed to request or take any other steps to obtain that information because he presumed doing so would be futile. This is the antithesis of reasonable diligence, and Plaintiff's claim is therefore time-barred. *Wu v. Stomber*, 883 F. Supp. 2d 233, 254-255 (D.D.C. 2012).

**Fourth**, Plaintiff argues he has satisfied Rule 9(b) and the PSLRA because the FAC "names Shiralagi in the Exchange Act claim [] and details his involvement in HFN[.]" (Opp. at 7). But, while Plaintiff does refer to Shiralagi by name in his Section 20(s) claim, (FAC ¶ 124), the FAC is devoid of facts remotely suggesting that Shiralagi actually committed, participated in, or otherwise furthered any securities fraud. Instead, Plaintiff simply (i) alleges Shiralagi previously served as one of HFN's outside Board members, and then (ii) asserts in conclusory fashion that **all** "Defendants have conceived and implemented a scheme of fraud against him" related to the use of HFN's option pool, and **all** "Defendants, including at least Kola and Shiralagi" have "condoned and assisted" this alleged scheme "by virtue of their" purported "operational and management control in HFN." (FAC ¶¶ 50, 122, 124-125). Indeed, the FAC does not contain facts substantiating Shiralagi's operational control over HFN or otherwise explain how he participated in any securities fraud. And, Plaintiff's boilerplate allegation that Shiralagi was somehow acting in concert with all other Defendants is precisely the type of conclusory group pleading Rule 9(b) and the PSLRA forbid. *Swartz v. KPMG LLP*, 476 F.3d 757, 764-765 (9th Cir. 2007); *Brady v. Delta Energy & Communs. Inc.*, 598 F. Supp. 3d 865 (C.D. Cal. 2022).[6]

---

[6] Plaintiff argues *Brady v. Delta Energy* is distinguishable because, there, the plaintiff only alleged all "Defendants" had made misleading statements, whereas in the FAC, Plaintiff refers to Shiralagi by name. (Opp. at 7). This is a distinction without a difference. Like in *Brady*, Plaintiff fails to identify any false or misleading statement or fraudulent act specifically attributable to Shiralagi, and instead alleges that HFN and all other Defendants engaged in an undifferentiated "scheme" to defraud him during 2015 settlement discussions. Simply put, a defendant's name is not a "magic" word that, once stated, absolves a plaintiff from pleading facts that comply with Rule 9(b) and the PSLRA. Moreover, while Plaintiff's Opposition asserts that "Shiralagi's involvement with HFN goes far beyond his role as a former Board member" due to his supposed relationship with HFN shareholder Kalaari, (Opp. at 6), these supposed "facts" are (a) missing from the FAC and cannot be introduced for the first time via the Opposition, and also (b) fail to provide any detail regarding how Shiralagi himself supposedly committed securities fraud – instead, they merely restate Plaintiff's improper theory Shiralagi is liable based on no more than his status as a former director.

**Finally**, Plaintiff does not dispute his Section 20(a) claim fails without a valid Section 10(b) claim. (Mot. at 13).

### B. Plaintiff Has Failed to State a Valid Fiduciary Duty Claim Against Shiralagi

Trying to avoid the law prohibiting derivative claims by *pro se* litigants, Plaintiff argues he is pursuing his fiduciary duty claims directly. However, "[a] claim is not derivative just because a plaintiff labels it as such[,]" *Leboyer v. Greenspan*, 2007 U.S. Dist. LEXIS 96231, at *16 (C.D. Cal. June 12, 2007), and Plaintiff does not address, let alone refute, the law holding that his fiduciary duty allegations and claims are "classically" derivative because they pertain to alleged corporate mismanagement, misuse of company resources, and waste/self-dealing. (Mot. at 13-14 and n. 11-12). Nor is it enough for Plaintiff to simply allege his claims should be treated as direct rather than derivative because "HFN is largely owned by the Defendants" so any recovery flowing to the company "would benefit" them as well. (Opp. at 15). The FAC is replete with admissions that Plaintiff seeks relief for alleged harm to HFN which has, in turn, adversely impacted the value of his stake in the company. (Mot. at 13-14 and n.11-12). And, the Delaware Supreme Court has recently reaffirmed that a shareholder's claim is not direct unless he has "demonstrated that he [] has suffered an injury that is not dependent on an injury to the corporation[,]" and "dilution of a minority interest falls 'neatly' into [the] derivative category" because the direct/derivative test "does not turn on the identity of the alleged wrongdoer." *Brookfield Asset Mgmt. v. Rosson*, 261 A.3d 1251, 1263, 1268 (Del. 2021). That rule controls here. In any event, Plaintiff has failed to allege a fiduciary breach by Shiralagi specifically as opposed to any other defendant, in violation of federal and Delaware governing the pleading of fiduciary duty claims. (Mot. at 15).

### C. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's DGCL Claim

Plaintiff does not mention – and therefore concedes the impropriety of – his DGCL claim.

Dated: July 12, 2023   TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Matthew H. Ladner
Attorneys for Defendant KUMAR SHIRALAGI

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the forgoing **DEFENDANT KUMAR SHIRALAGI'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR: (1) LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, FOR (2) FAILURE TO STATE A CLAIM, LACK OF SUBJECT MATTER JURISDICTION, AND LACK OF STANDING,** with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on July 12, 2023.

I certify that all participants in the case re registered CM/ECF users and that the service will be accomplished by the Court's CM/ECF system.

I declare under penalty of perjury of the laws of the Unites States of America that I am employed by a member of the Bar of this Court at whose direction the service is made and that the foregoing is true and correct.

Executed on July 12, 2023, at Irvine, California.

_____
Janine Philips

146790771v1