Allan Miller
3385 Claudia Drive
Concord, CA  94519
650-468-7387
(no fax number)
allan.miller@alumni.stanford.edu
Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLAN MILLER<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.,<br>KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company,<br>SRIDHAR SANTHANAM,<br>KUMAR SHIRALAGI, PAVAN VAISH, and VANI KOLA<br><br>　　Defendants. | Case Number: 23-CV-0533-VC<br><br>**PLAINTIFF ALLAN MILLER'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY ON DEFENDANTS HFN, INC. AND KUMAR SHIRALAGI**<br><br>Date:　September 14, 2023<br>Time:　10 AM<br>Judge:　Hon. Vince Chhabria<br>Crtrm:　4<br>Floor:　17 |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ..................................................................................... 1

BACKGROUND ........................................................................................................................... 1

CONTROVERTED ISSUES OF FACT ...................................................................................... 2

    I.    There are numerous controverted issues of fact ................................................. 2

    II.    The Defendants concede that there are controverted issues of fact .................... 3

    III.    Discovery can be limited and reasonable ........................................................... 4

ARGUMENT ................................................................................................................................ 5

    I.    Jurisdictional discovery is appropriate ............................................................... 5

    II.    The Plaintiff should be granted jurisdictional discovery .................................... 5

CONCLUSION ............................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**

*Arista Music v. Radionomy, Inc.* (N.D.Cal. June 8, 2016, No. 16-cv-00951-RS) 2016
  U.S.Dist.LEXIS 74883 ................................................................................................5

*Focht v. Sol Melia S.A.*, No. C-10-0906 EMC, 2010 WL 3155826 (N.D. Cal. Aug. 9, 2010) .......6

*Invitrogen Corp. v. President & Fellows of Harvard Coll.*, Case No. C-07-CV-0878-JLSPOR,
  2007 WL 2915058 (S.D. Cal. Oct. 4, 2007) ................................................................5

*Laub v. U.S. Dep't of Interior*, 342 F.3d 1080 (9th Cir. 2003) ....................................................5, 6

*Mehr v. Fed'n Internationale de Football Ass'n*, 115 F. Supp. 3d 1035 (N.D. Cal. 2015) .............5

*Mitan v. Feeney*, 497 F. Supp. 2d 1113 (C.D. Cal. 2007) ..............................................................6

*Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670 (S.D. Cal. 2001) .......................6

*Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002) ...............................6

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430, n.24 (9th Cir. 1977)..................5

**Statutes**

Civil L.R. 6-1(b) ..............................................................................................................................1

Civil L.R. 7-2(a) ..............................................................................................................................1

## NOTICE OF MOTION AND MOTION

The plaintiff Allan Miller ("Plaintiff") hereby moves for an order for leave to conduct limited jurisdictional discovery and to continue its hearing or ruling on the motions to dismiss by defendants HFN, Inc. and Kumar Shiralagi ("HFN" and "Shiralagi", or "Defendants"), if the Court intends to rule that the Defendants are not subject to its jurisdiction in this action. The motion for continuance is made pursuant Civil L.R. 6-1(b).

The Plaintiff has filed a [Proposed] Order and moved for a hearing on this motion on September 14, 2023 at 10:00 AM in Courtroom 4 of the United States District Court for the Northern District of California on the 17th floor, pursuant to Civil L.R. 7-2(a). The Plaintiff has met and conferred with defense counsel Matthew Ladner, Esq. and William Taylor, Esq. to arrive at this mutually agreeable hearing date.

## BACKGROUND

The defendants HFN, Inc. and Kumar Shiralagi have filed motions to dismiss the amended complaint based on jurisdiction, and HFN has filed a motion to dismiss the original complaint also based on jurisdiction. All three motions have included declarations from the Defendants with disputed genuine material facts that contradict facts that the plaintiff Allan Miller has determined using sources including public records and multiple anonymous informants. The Defendants have relied on these facts as the basis for all three motions.

Despite the ease to do so, the Defendants have never provided a **single piece of evidence** for their version of the facts, other than the assertions in three declarations that are internally inconsistent and are also inconsistent with external evidence. The Defendants have even gone out of their way to withhold information about relevant facts from the Plaintiff by stalling on a requested shareholder meeting and eventually simply ceasing communication, prior to litigation. The Plaintiff, on the other hand, has presented significant evidence for his version of the facts during the pleadings and has put forth considerable effort to procure this evidence. Tellingly, the Defendants have **never disputed the evidence** provided by the Plaintiff, other than to provide vague incorrect comments about its inadmissibility. In one instance, HFN even inconsistently

modified its version of a fact after being faced with compelling evidence from the Plaintiff that the first version simply was not true.

The motions for dismissal are not simply based on issues of law, but are heavily based on genuine material issues of fact that cannot easily be determined by the Court. The Plaintiff respectfully moves the Court for an entry of an order granting the Plaintiff leave to conduct discovery limited to the issue of whether the Defendants are subject to the personal jurisdiction of the Court. The Plaintiff proposes this discovery to expedite the resolution of the jurisdictional dispute that has delayed progress on the substantive issues of the case.

## CONTROVERTED ISSUES OF FACT

### I. There are numerous controverted issues of fact

There are numerous facts directly relevant to jurisdiction that are contested by the Plaintiff and the Defendants, including **at least** the following:

- The Defendants declared that HFN's corporate headquarters is in Utah and nearly all operational employees work in Utah (Dkt. 11-1 ¶ 5) and relied on this for their jurisdictional argument (Dkt. 11 at 3). The Plaintiff demonstrated, using public records, that most HFN employees are outside the US (Dkt. 17 ¶¶ 16-17) and that the Utah facility is closed (Dkt. 17 ¶ 18). Then the Defendants declared inconsistently that only the US-based employees work in Utah (Dkt. 33-1 ¶ 5).

- The Defendants declared that HFN has not conducted corporate management activities in California (Dkt. 11-1 ¶ 8) or taken any actions on behalf of HFN in California (Dkt. 34-1 ¶ 11) and relied on this (Dkt. 11 at 3, Dkt. 34 at 3). The Plaintiff was solicited by the Defendants to attend a meeting in California as a shareholder to discuss shareholder business (Dkt. 17 ¶ 13) and received an eyewitness account that the meeting involved the Defendants and included decisions and actions on corporate management activities (Dkt. 17 ¶ 14).

- The Defendants declared that HFN's business in California represents a small fraction of its total business (Dkt. 11-1 ¶ 10) and relied on this (Dkt. 11 at 3). The Plaintiff

demonstrated that HFN negotiated a sizable sales agreement with GoDaddy in Santa Clara in 2020 for a $1.25 million initial payment (Dkt. 32 ¶¶ 13-15), and that HFN has similar agreements with at least five other system integrators in California (Dkt. 32 ¶¶ 20-21). The Plaintiff demonstrated that the Defendants' own marketing materials contradict their declaration by highlighting the importance of HFN to MalwareBytes in Santa Clara (Dkt. 32 ¶ 23).

- Defendant Shiralagi declared that he resigned from the HFN Board in June 2022 (Dkt. 34-1 ¶ 4) and relied on this (Dkt. 34 at 3). The Plaintiff presented several sources of information showing that Shiralagi continued to be active as an HFN Board member well into August 2022 (Dkt. 45 at 4-5).
- Defendant Shiralagi declared that he has never worked in California (Dkt. 34-1 ¶ 6) and relied on this (Dkt. 34 at 3). The Plaintiff presented convincing evidence that Shiralagi has worked in Santa Clara (Dkt. 45 at 5).
- The Defendants alleged that the 2015 settlement agreement bars the Exchange Act claims (Dkt. 33 at 8-10) and relied on this (Dkt. 33 at 14). The Plaintiff presented evidence that the securities fraud scheme began after the settlement and continued until at least December 2019 (Dkt. 32 ¶¶ 30-33).
- The Defendants alleged that none of the actions relevant to mismanagement of the company took place in California (Dkt. 18 at 2-3). The Plaintiff presented evidence that a meeting was convened in San Francisco to decide on and consummate these very actions (Dkt. 17 ¶¶ 12-15) and that the relationships with GoDaddy and other system integrators involved meetings in Santa Clara and manifested every aspect of the mismanagement actions (Dkt. 37 at 13-14).

## II. The Defendants concede that there are controverted issues of fact

The Defendants concede that there are issues of fact that must be decided to determine jurisdiction, including **at least** the statements that:

- the nature of the relationship between HFN and GoDaddy has not been sufficiently

established (Dkt. 44 at 3).

- the inconsistencies between Santhanam's two declarations have not been sufficiently verified (Dkt. 44 at 1-2).
- the $1.25 million advance payment from GoDaddy to HFN in 2020 has not been verified (Dkt. 44 at 4).
- the detrimental effects of the Defendants' dysfunctional management on the GoDaddy relationship (and all relationships with system integrators in California) have not been corroborated (Dkt. 44 at 4).
- the nature and content of the July 25-26, 2022 meetings in San Francisco have not been established (Dkt. 44 at 4-5).
- the times at which the ESOP was misused for insider self-dealing has not been established (Dkt. 44 at 8, Dkt. 47 at 7-8).
- the fraudulent intent of Santhanam during the period after 2015 has not been established (Dkt. 44 at 10).
- the Plaintiff must have access to more evidence concerning Shiralagi's contacts with California (Dkt. 47 at 1).
- the evidence that the Plaintiff has already provided regarding the July 25-26 meetings in San Francisco with Shiralagi should be verified (Dkt. 47 at 3).

### III. Discovery can be limited and reasonable

The discovery can be limited to the issue of jurisdiction. The Plaintiff plans to focus on the following facts:

- The nature of the relationship between HFN and GoDaddy, TCS, Infosys, HCL Infosystems, Accenture, CompuCom, and MalwareBytes.
- The nature and content of the July 25-26, 2022 meetings in San Francisco.
- The use of the HFN ESOP.
- Shiralagi's tenure on the HFN Board of Directors.

ARGUMENT

I. **Jurisdictional discovery is appropriate**

Should the Court be inclined to determine that the Plaintiff has not made a *prima facie* showing of this Court's jurisdiction over the Defendants, the Plaintiff requests that the Court delay ruling on the present motions and allow the Plaintiff to conduct limited jurisdictional discovery. Both the Plaintiff and the Defendants have referenced genuine material issues of fact in the pleadings regarding jurisdictional issues in this action, as detailed above. The Plaintiff and Defendants do not agree on those issues of fact, and have provided support for their positions, as also detailed above. These differences must be resolved for the Court to proceed.

A plaintiff may obtain discovery in response to a defendant's claim that it is not subject to personal jurisdiction. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Indeed, "discovery **should be granted** when … the jurisdictional facts are contested or more facts are needed." *Id.* (emphasis added); *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430, n.24 (9th Cir. 1977) (same); see also *Invitrogen Corp. v. President & Fellows of Harvard Coll.*, Case No. C-07-CV-0878-JLSPOR, 2007 WL 2915058, at *4 (S.D. Cal. Oct. 4, 2007) ("[A]n order granting limited discovery is required . . . to afford Plaintiff the opportunity to obtain evidence to prove its jurisdictional claim."). "District courts may permit limited discovery to determine whether personal jurisdiction exists." *Arista Music v. Radionomy, Inc.* (N.D. Cal. June 8, 2016, No. 16-cv-00951-RS) 2016 U.S.Dist.LEXIS 74883, at *6, citing *Mehr v. Fed'n Internationale de Football Ass'n*, 115 F. Supp. 3d 1035, 1053 (N.D. Cal. 2015). "When the parties dispute pertinent facts bearing on the question [of] jurisdiction … district courts should ordinarily grant requests for limited discovery." *Arista Music* at *7, citing *Laub*.

II. **The Plaintiff should be granted jurisdictional discovery**

The Plaintiff and Defendants dispute pertinent facts bearing directly on the question of jurisdiction, as detailed above, and limited discovery is appropriate. "Good cause [for jurisdictional discovery] exists when the need for expedited discovery outweighs prejudice to the responding party." *Arista Music* at *7, citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276

(N.D. Cal. 2002). Good cause exists here because lacking the necessary jurisdictional discovery will deny the Plaintiff the opportunity to present evidence to which he is entitled and that will establish that the Defendants are subject to personal jurisdiction in California. The Plaintiff's inability to obtain and present the evidence will cause him significant prejudice. *Laub* at 1093 ("Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed."). By contrast, the limited discovery the Plaintiff outlines above will not prejudice the Defendants because they already concede that their case for jurisdiction relies on disputed material issues of fact, as detailed above.

The showing that the Plaintiff must make to obtain jurisdictional discovery is "something less than a *prima facie* showing." *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007) (emphasis added). Instead, a plaintiff need only "come forward with 'some evidence' tending to establish personal jurisdiction over the defendant.'" *Id.*; *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 673 (S.D. Cal. 2001) (ordering expedited responses to plaintiff's discovery requests and continuing hearing date for defendant's motion to dismiss until completion of jurisdictional discovery); *Focht v. Sol Melia S.A.*, No. C-10-0906 EMC, 2010 WL 3155826, at *5 (N.D. Cal. Aug. 9, 2010) (allowing plaintiff to take two depositions while defendant's motion to dismiss for lack of personal jurisdiction was pending). Thus, even if the Plaintiff has not made out a *prima facie* case – which the Plaintiffs submits he has – the facts identified above constitute "some evidence" tending to establish personal jurisdiction, and so entitle the Plaintiff to jurisdictional discovery. *Id.*

## CONCLUSION

Accordingly, the Plaintiff respectfully requests the Court to continue its hearing or ruling on the Defendants' motions to dismiss and allow jurisdictional discovery if it intends to rule that the Defendants are not subject to its jurisdiction in this action.

Date: ___July 13, 2023_____        Signature: _____/s/ Allan A. Miller_____

                                                                         Printed name: _____Allan A. Miller_____