Allan Miller
3385 Claudia Drive
Concord, CA  94519
650-468-7387
(no fax number)
allan.miller@alumni.stanford.edu
Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLAN MILLER<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.,<br>KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company,<br>SRIDHAR SANTHANAM,<br>KUMAR SHIRALAGI, PAVAN VAISH, and VANI KOLA<br><br>　　　　Defendants. | Case Number: 23-CV-0533-VC<br><br>**REPLY TO OPPOSITION TO MOTION FOR ORDER ALLOWING SERVICE OF SUMMONS AND AMENDED COMPLAINT UNDER RULE 4(F)(3)**<br><br>Date:　July 27, 2023<br>Time:　10 AM<br>Judge: Hon. Vince Chhabria<br>Crtrm: 4<br>Floor: 17 |

**TABLE OF CONTENTS**

BACKGROUND ..................................................................................................................................1

ARGUMENT ....................................................................................................................................2

    I.    The Plaintiff is not attempting to "bypass" the Hague Convention .....................................2

    II.   Counsel's own authorities argue for the Plaintiff...................................................................2

    III.  The Plaintiff desires judicial efficiency for the Court ............................................................3

    IV.  Counsel fails to distinguish from the Plaintiff's authorities .................................................4

CONCLUSION ..................................................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.* (N.D.Cal. 2020) 480 F. Supp. 3d 977 ........2

*Khazai v. Grover* (C.D.Cal. Dec. 21, 2022, No. 2:22-cv-00100-SPG-KS) 2022 U.S.Dist.LEXIS
    238294 ................................................................................................................................3

*Patrick's Rest., LLC v. Singh* (D.Minn. Jan. 7, 2019, No. 18-cv-00764 (ECT/KMM)) 2019
    U.S.Dist.LEXIS 2535 ........................................................................................................3

*Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988) 486 U.S. 694 [108 S.Ct. 2104, 100
    L.Ed.2d 722]...................................................................................................................2, 3

*Water Splash, Inc. v. Menon* (2017) 581 U.S. 271 [137 S.Ct. 1504, 197 L.Ed.2d 826] .................3

## BACKGROUND

Plaintiff Allan Miller ("Plaintiff") has moved for an order to allow him to serve process on defendants Kalaari Capital Advisors Private Limited ("Kalaari"), Sridhar Santhanam ("Santhanam"), Pavan Vaish ("Vaish"), and Vani Kola ("Kola") (collectively, the "Unserved Defendants"), preferably through their defense counsel ("Counsel"), and alternatively directly via email.

Counsel makes a lengthy argument that email service is not appropriate, ignoring the fact that the primary motion is for service through Counsel, already engaged in the U.S, rather than through email.

Next, Counsel confuses their role with that of the Court, declaring that the Plaintiff's claims are "baseless" and asserted in a "clearly improper forum," missing the fact that these decisions are not theirs to make, and also missing the fact that the Plaintiff is the only party in the case that has so far presented any concrete evidence, other than the declarations by Santhanam and Kumar Shiralagi that are filled with inconsistencies and misinformation.

Following that, Counsel feigns ignorance on the lengthy delays introduced by Hague Service in India, despite the fact that their firm advertises a "deep bench of highly experienced international litigators" and that one of their own case law citations corroborates the Plaintiff's delay estimate, quoting the influential author of the *Hague Law Blog*.

After that, Counsel accuses the Plaintiff of not yet spending "a considerable amount of time trying to effect service without success", even though the Plaintiff has navigated the perilous landscape of Hague Service (with the much-appreciated assistance of the Clerk of Court) through great investment of time and money. The Plaintiff has, through extended diligence, also served defendant Kumar Shiralagi "with success."

To wrap things up, Counsel inexplicably states that the Plaintiff is "responsible for delaying the adjudication of his alleged claims," once again citing their self-appointed position as Judge and Jury in the case. This is even more puzzling when considering that their proposed course of action is to serve the Unserved Defendants one at a time and go through dismissal motions separately for

each one; exactly the sort of procedural morass the Plaintiff is trying to help the Court avoid.

While all of this is interesting in understanding Counsel's frame of mind, none of it is particularly relevant to the actual motion in front of the Court.

## ARGUMENT

### I. The Plaintiff is not attempting to "bypass" the Hague Convention

The Plaintiff has followed the wishes of the Court by abiding by the letter of every facet of the Hague Convention; the Court will observe that this motion only follows the Plaintiff's accidental discovery that the Unserved Defendants have engaged U.S. counsel. It is the Unserved Defendants and their Counsel that are not following the wishes of the Court by completely ignoring the AO 398 and AO 399 forms they received, both of which clearly indicate their duty to avoid unnecessary expenses by cooperating with a request to waive service.

### II. Counsel's own authorities argue for the Plaintiff

The authorities presented by Counsel in their opposition to the motion are of limited use, since all but one of them concern the use of email for foreign service, which is only a secondary method requested by the Plaintiff. In Counsel's highlighted reference *Facebook, Inc. v. 9 Xiu Network Shenzhen Tech. Co.* (N.D.Cal. 2020) 480 F. Supp. 3d 977, Judge Tigar referred the case to Magistrate Tse for a recommendation on email service. Magistrate Tse confirmed that "the [Hague] Convention doesn't apply if service can be completed without transmitting documents abroad" (*Id.* at 980), which is the case here; the Plaintiff primarily seeks to serve Unserved Defendants through their Counsel without transmitting any documents abroad.[1]

Justice O'Connor's 1988 decision in *Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988) 486 U.S. 694 [108 S.Ct. 2104, 100 L.Ed.2d 722] confirms that "[t]he negotiating history of the Convention also indicates that whether there is service abroad must be determined by reference to the law of the forum state." *Id.* at 732.[2] In this case, the Plaintiff is requesting to serve the Unserved

---

[1] The Plaintiff thanks Counsel for bringing such a clear and compelling argument to his attention.
[2] This is the only citation by Counsel that does not involve email service, probably because in 1988, email was still a bit of a novelty for the technically inclined, since SMTP had only been deployed six years earlier.

Defendants inside the U.S., pursuant to U.S. law.

Counsel cites Justice Alito's 2017 decision in *Water Splash, Inc. v. Menon* (2017) 581 U.S. 271 [137 S.Ct. 1504, 197 L.Ed.2d 826] (another email service case) in exactly the same way as defendant Singh in *Patrick's Rest., LLC v. Singh* (D.Minn. Jan. 7, 2019, No. 18-cv-00764 (ECT/KMM)) 2019 U.S.Dist.LEXIS 2535, where the Court pointed out that Justice Alito was citing *Volkswagenwerk* "to provide background information not in any way connected to the Court's substantive analysis" (*Id.* at *6).

### III. The Plaintiff desires judicial efficiency for the Court

The Unserved Defendants are functionally participating in this case. They have engaged U.S. counsel who is currently responding on their behalf. Shiralagi reported to Kola at her company Kalaari during the relevant time period. Santhanam and Vaish were on the Board of Directors of HFN, Inc. during the relevant time period. Ignoring service waiver requests and benefiting from India's slow Hague Service response (second only to China) are clearly procedural tactics by Counsel to delay proceedings and provide additional opportunities for objections as the Unserved Defendants are served serially.

Counsel professes ignorance of the delays in Hague Service in India even though a short Google search confirms the Plaintiff's estimate, especially as the Central Authority in India is recovering from COVID (as is the rest of the world). Even Counsel's own citation *Khazai v. Grover* (C.D.Cal. Dec. 21, 2022, No. 2:22-cv-00100-SPG-KS) 2022 U.S.Dist.LEXIS 238294 quotes Hague service expert Aaron Lukken's best case estimate that "service could take six months to a year to complete through the Central Authority in India" (*Id.* at *2), and at the time of writing this reply, Mr. Lukken's blog[3] indicates that the current 2023 estimate is "likely a year" which "doesn't account for Covid-19 delays, which are horrible as of this update."

Counsel also cites the letters received by the Clerk of Court as demonstrating that the

---

[3] See https://web.archive.org/web/20230713121258/https://www.haguelawblog.com/2017/05/serve-process-india/

Central Authority in India has "promptly" forwarded the service request and that this "undermines" the Plaintiff's argument. It hardly seems that taking two months to open a request and forward it, as the first step in a long sequence, is "prompt." On the contrary, this seems to confirm Mr. Lukken's advice to the Plaintiff to "brace yourself … it's gonna take a while" as the documents have just started to trickle through the bureaucratic maze.

## IV. Counsel fails to distinguish from the Plaintiff's authorities

Most of Counsel's arguments for distinguishing the current case from the Plaintiff's citations fail to take into account that the Plaintiff does not have the resources of, say, the U.S. Securities and Exchange Commission, for pursuing service abroad.

Counsel does not comment on the applicability of the Plaintiff's authorities to permissibility of service through U.S. counsel and compliance with due process. The main thrust of Counsel's argument is that the Plaintiff has not waited long enough for Hague Service to complete. The recent letters from the Central Authority in India indicate that the Plaintiff's estimates of lengthy delay are warranted, and that the Court's limited time and resources will be most effective if the Unserved Defendants, who are functionally participating in the case, are officially served.

## CONCLUSION

Counsel has failed to provide any compelling argument as to why the Court should not grant the Plaintiff's motion to serve the Unserved Defendants through their U.S. based counsel. The Plaintiff has adequately described why such service is appropriate and will greatly improve the efficiency of the Court in this action. As such, the Plaintiff respectfully requests the Court to grant the motion.

Date: ___July 13, 2023_____   Signature: _____/s/ Allan A. Miller_____

Printed name: _____Allan A. Miller_____