**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Matthew H. Ladner (SBN 284594)
350 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: (213) 928-9816
E-mail: Matthew.Ladner@troutman.com

William M. Taylor (*pro hac vice*)
125 High St., 19th Floor
Boston, MA 02110
Telephone: (617) 204-5186
Email: William.Taylor@troutman.com

Attorneys for Defendants
HFN, INC. and KUMAR SHIRALAGI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN MILLER,<br><br>                    Plaintiff,<br><br>    vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.; KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company; SRIDHAR SANTHANAM; KUMAR SHIRALAGI; PAVAN VAISH; and VANI KOLA,<br><br>                    Defendants. | Case No. 3:23-cv-0533-VC<br><br>**DEFENDANTS HFN, INC.'S AND KUMAR SHIRALAGI'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**<br><br>**Date:** September 14, 2023<br>**Time:** 10:00 a.m.<br>**Ctrm:** 4<br>**Floor:** 17th |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..........................................................................................................1

II. ARGUMENT..................................................................................................................1

III. CONCLUSION...............................................................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Arista Music v. Radionomy, Inc.*,
   2016 U.S. Dist. LEXIS 74883 (N.D. Cal. June 7, 2016) ........................................................6

*Beene v. Beene*,
   No. C 11-6717 JSW, 2012 U.S. Dist. LEXIS 117354 (N.D. Cal. Aug. 20,
   2012) ...........................................................................................................................................3

*BNSF Ry. v. Tyrrell*,
   137 S. Ct. 1549 (2017) ...............................................................................................................3

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................................................................2,3

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
   623 F.3d 147 (3d Cir. 2010) .......................................................................................................5

*Focht v. Sol Melia S.A.*,
   2010 U.S. Dist. LEXIS 92027 (N.D. Cal. Aug. 9, 2010) ............................................................7

*Laub v. United States DOI*,
   342 F.3d 1080 (9th Cir. 2003) ....................................................................................................6

*LNS Enters. LLC v. Cont'l Motors, Inc.*,
   22 F.4th 852, 864-865 (9th Cir. 2022) ....................................................................................2, 5

*Matus v. Premium Nutraceuticals, LLC*,
   715 Fed. App'x 662 (9th Cir. 2018) ...........................................................................................3

*Mitan v. Feeney*,
   497 F. Supp. 2d 1113 (C.D. Cal. 2007) ......................................................................................6

*Orchid Biosciences, Inc. v. St. Louis Univ.*,
   198 F.R.D. 670 (S.D. Cal. 2001) ................................................................................................6

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) ....................................................................................................3

*Reynolds v. Binance Holdings, Ltd.*,
   481 F. Supp. 3d 997 (N.D. Cal. 2020) ....................................................................................2, 6

*Skanda Grp. of Indus., LLC v. Capital Health Partner, LLC*,
   No. 2:20-CV-10189-CAS-MRWx, 2020 U.S. Dist. LEXIS 240314 (C.D. Cal.
   Dec. 21, 2020) ............................................................................................................................3

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
  556 F.2d 406 (9th Cir. 1977) ..................................................................................................6

*Yamashita v. LG Chem. Ltd.*,
  62 F.4th 496 (9th Cir. 2023) ..............................................................................................1, 2

Defendants HFN, Inc. ("**HFN**") and Kumar Shiralagi ("**Shiralagi**") oppose Plaintiff Allan Miller's ("**Plaintiff**") Motion for Leave to Conduct Jurisdictional Discovery ("**Motion**") on the following grounds:

## I.   INTRODUCTION

Plaintiff seeks leave to conduct jurisdictional discovery regarding four categories of issues: (a) the nature of HFN's alleged business relationships with certain California-based third-party resellers, such as GoDaddy; (b) the nature of a late-July 2022 meeting in San Francisco between Shiralagi and HFN's Chief Executive Officer Sridhar Santhanam after Shiralagi had already resigned from the company; (c) the use of HFN's stock option pool; and (d) Shiralagi's tenure on HFN's Board. (Mot. at 4). However, these matters cannot possibly give rise to general jurisdiction over HFN or Shiralagi; they are unrelated to the claims alleged in Plaintiff's operative First Amended Complaint ("**FAC**") and therefore cannot confer specific jurisdiction either; and in the case of HFN's stock option plan, they improperly pertain to the merits of Plaintiff's securities fraud claim rather than HFN's or Shiralagi's forum contacts.

Simply put, Plaintiff is not entitled to burden and harass HFN and Shiralagi with irrelevant jurisdictional discovery at all, let alone where: (1) in opposition to HFN's and Shiralagi's pending Motions to Dismiss, Plaintiff has not submitted any admissible evidence controverting their sworn Declarations showing they only have minimal, and completely irrelevant, forum contacts; and (2) in support of his instant Motion, Plaintiff has offered the Court nothing more than his unsubstantiated hunch that discovery may yield unspecified information relevant to personal jurisdiction.

Under these circumstances – and consistent with Ninth Circuit precedent ignored and omitted by Plaintiff – jurisdictional discovery must be denied.

## II.   ARGUMENT

The Ninth Circuit has repeatedly held and made clear that a "mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery." *Yamashita v. LG Chem. Ltd.*,

62 F.4th 496, 507 (9th Cir. 2023) (citations and quotations omitted).  Thus, a district court can and should deny a request for jurisdictional discovery when, among other things, "the jurisdictional analysis would not be affected" by the requested discovery, and a plaintiff fails to offer anything more than "bare allegations" and "speculative" theories in response to the sworn declarations of a defendant which "deny" any relevant forum contacts.  *Id.* at 507-509; *see also, e.g.*, *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864-865 (9th Cir. 2022) (affirming denial of request for jurisdictional discovery where "Defendants ha[d] already specifically rebutted Plaintiffs' unsupported jurisdictional allegations and arguments" with sworn affidavits, and the plaintiffs had not "provid[ed] any affidavit or evidence substantiating their requests" for discovery).  Indeed, "simply stating that facts are disputed . . . does not mean that [a] [plaintiff] has offered details justifying jurisdictional discovery[,]" and if a plaintiff fails to adduce evidence contradicting a defendant's sworn declaration regarding the absence of personal jurisdiction, then a court "need not permit even limited discovery."  *Reynolds v. Binance Holdings, Ltd.*, 481 F. Supp. 3d 997, 1009-1010 (N.D. Cal. 2020) (denying request for jurisdictional discovery where plaintiff did not refute the defendant's "specific denials" regarding its forum contacts).

Here – in violation of these governing principles – Plaintiff's Motion seeks manifestly irrelevant jurisdictional discovery based on nothing more than his unsubstantiated hypothesis that discovery will yield unspecified facts that may contradict HFN's and Shiralagi sworn Declarations filed with this Court.  Specifically, Plaintiff requests discovery regarding the following four categories of information (Mot. at 4), none of which are relevant to the existence of general or specific personal jurisdiction over HFN or Shiralagi:

1. <u>HFN's Third-Party Business Relationships</u>:  Plaintiff seeks discovery into HFN's alleged reseller relationships with several California-based companies such as GoDaddy.  But, HFN's supposed business relationships with third-parties in California cannot possibly establish general jurisdiction where HFN is not incorporated or headquartered in California, and the law is clear that run-of-the-mill business contacts in a forum state are **not** sufficiently "continuous and systematic" to "render [a defendant] essentially at home" in a forum.  *Daimler AG v. Bauman*, 571

U.S. 117, 137-139 and n. 19 (2014); *see also BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069-1070 (9th Cir. 2015).

In addition, the nature of HFN's relationships with these third-parties is irrelevant to specific jurisdiction because none of Plaintiff's claims alleged in the FAC arise from those relationships. For example, while the FAC enumerates various ways in which HFN is purportedly mismanaged, (FAC ¶¶ 50-105), none of those allegations concern GoDaddy, TCS, Infosys, HCL Infosystems, Accenture, CompuCom, and MalwareBytes. Instead, the FAC (i) alleges that HFN engaged in discussions with GoDaddy between 2019 and 2022 related to a reseller relationship; but (ii) omits any facts regarding the status, nature, success, or failure of that arrangement, let alone any fiduciary breaches related to it. (*Id.* ¶¶ 13-18). Similarly, the FAC alleges that HFN maintains relationships with the other above-referenced third-parties, but does not tie any allegations of wrongdoing to those purported relationships. (*Id.* ¶¶ 20-23). Because the FAC does not actually plead a nexus between these alleged reseller relationships and Plaintiff's causes of action, jurisdictional discovery as to those relationships is improper. *See Matus v. Premium Nutraceuticals, LLC*, 715 Fed. App'x 662, 662 (9th Cir. 2018) ("[T]he defendant's suit-related conduct must create a substantial connection with the forum State. When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.").[1]

---

[1] Plaintiff argued for the first time in his Opposition to HFN's Motion to Dismiss that the mismanagement of HFN generally has adversely affected its relationship with GoDaddy. However, that allegation is not only (i) missing from the FAC and must be disregarded as such, but also (ii) is also clearly incapable of establishing specific jurisdiction, especially where any harm to HFN's business relationships would, presumably, be experienced by HFN itself outside of California, in its place of incorporation or principal place of business. *See, e.g.*, *Skanda Grp. of Indus., LLC v. Capital Health Partner, LLC*, No. 2:20-CV-10189-CAS-MRWx, 2020 U.S. Dist. LEXIS 240314, at *16 (C.D. Cal. Dec. 21, 2020) ("the allegation that defendant 'does business' in California" generally "is insufficient to establish specific jurisdiction."); *Beene v. Beene*, No. C 11-6717 JSW, 2012 U.S. Dist. LEXIS 117354, at *15 (N.D. Cal. Aug. 20, 2012) (alleged misconduct by officers and directors of out-of-state corporation was "targeted at [the corporation] and the harm would have been felt by" the corporation itself outside of California – thus, personal jurisdiction was lacking).

2. <u>Alleged July 2022 Meetings in San Francisco</u>:  Plaintiff asks for discovery regarding the nature of alleged "July 25-26, 2022 meetings in San Francisco" involving Shiralagi and Mr. Santhanam.  However, HFN has already submitted two sworn Declarations from Mr. Santhanam establishing that HFN has never held Board meetings or conducted other corporate management activities in California. (Dkt. No. 11-1 at ¶ 8, No. 33-1 at ¶ 8).  And, Mr. Shiralagi has further declared under oath that: (i) he met with Mr. Santhanam and an individual named Rahul Singh in San Francisco in July 2022 during a family trip to California after Shiralagi had already resigned from, and no longer had any role with, HFN; (ii) the meeting lasted only an hour; and (iii) during the meeting, Shiralagi did not act on behalf of HFN, nor was he aware of Messrs. Santhanam or Singh doing so either. (Dkt. No. 34-1 at ¶¶ 8, 11).  While Plaintiff may subjectively disbelieve this version of events, his unsubstantiated incredulity is not, without more, a valid basis for jurisdictional discovery.  That is especially true where **nothing** in the FAC remotely suggests, much less alleges, that any purported fiduciary breaches or other supposed wrongdoing occurred during, or as a result of, any July 2022 meeting.  For example, Plaintiff contends in the FAC that:

- He was wrongfully induced to enter a settlement agreement and purchase HFN stock in **2015**, and HFN wrongfully issued stock options to certain insiders between **2019** and **2021** (FAC ¶¶ 24-33);

- HFN entered a misguided strategic partnership with Seed Group in **2021**. (*Id.* ¶¶ 61-64);

- HFN allowed certain patents to expire in **2020**, and it pledged certain patents as collateral in a **2019** transaction with Zelis Payments and Red-Card Payment Systems. (*Id.* ¶¶ 77-78); and

- HFN has, for an unspecified period of time, been mismanaged by its officers and directors, none of which reside or work in California. (*Id.* ¶¶ 50-105; *see also* Dkt. No. 33-1 at ¶ 5 ("HFN's management team principally resides and works in India, where HFN also maintains significant operations and personnel.  No HFN Board member, officer, or director resides or works in California.")).

3. <u>The Use of HFN's Employee Stock Option Plan</u>:  There is no allegation in the FAC or evidence before the Court that HFN makes decisions in California regarding the granting of equity to its officers, directors, or employees in California, and HFN has expressly denied doing so. (Dkt. No 33-1 at ¶ 8).  As such, Plaintiff's request for discovery into the use of HFN's employee stock option plan does not have any conceivable link to the jurisdictional questions before the Court; rather, it is a disguised attempt to obtain premature merits discovery that cannot be condoned.  *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) ("A plaintiff may not [] undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery.").

4. <u>Shiralagi's Tenure on HFN's Board</u>:  Plaintiff fails to show any basis for jurisdictional discovery concerning Shiralagi's time on HFN's Board, particularly where: (i) Shiralagi has already submitted an uncontroverted Declaration stating that he served on the Board from June 2012 to June 2022 (Dkt. No. 34-1 at ¶ 4); (ii) as described in Shiralagi's Motion to Dismiss, the FAC barely mentions Shiralagi at all, let alone identifies any particular wrongful act or omission by Shiralagi specifically (Dkt. No. 34 at 2-6, 12-13, 15); and (iii) Plaintiff seeks this discovery based on nothing more than a hunch that Shiralagi had unspecified California contacts while he was an HFN Board member which somehow relate to Plaintiff's allegations in this case.  The law forbids jurisdictional discovery in such circumstances.  *LNS Enters. LLC*, 22 F.4th at 864-865 (affirming denial of request for jurisdictional discovery where "Defendants ha[d] already specifically rebutted Plaintiffs' unsupported jurisdictional allegations and arguments" with sworn affidavits, and the plaintiffs had not "provid[ed] any affidavit or evidence substantiating their requests" for discovery).

In sum, Plaintiff has improperly asked the Court to allow jurisdictional discovery into several irrelevant areas because he subjectively believes there are "controverted issues of fact" regarding HFN's and Shiralagi's forum contacts, as well as the merits of his case, which he should be permitted to explore at this stage of the proceeding.  (Mot. at 2-4).  However, despite having now been confronted with three Motions to Dismiss for lack of personal jurisdiction, (Dkt. Nos.

11, 33, 34), Plaintiff **still** has not submitted any admissible evidence showing any legitimate dispute about the key jurisdictional facts before the Court. Under these circumstances, Plaintiff is not entitled to chase speculative theories of jurisdiction that ignore HFN's and Shiralagi's sworn Declarations establishing their minimal – and completely irrelevant – forum contacts. Nor can Plaintiff obtain jurisdictional discovery regarding hypothetical forum contacts that lack a cognizable nexus to the claims and allegations **actually pleaded** in the FAC.

As another District Judge in the Northern District of California has explained, "simply stating that facts are disputed" does not justify jurisdictional discovery, particularly in the face of a defendant's sworn (and unrefuted) affidavits. *Reynolds*, 481 F. Supp. 3d at 1009-1010. Consistent with this principle and Ninth Circuit precedent on the issue, the Court should reject Plaintiff's request to conduct jurisdictional discovery here based exclusively on a hunch that unspecified facts may exist that would somehow confer personal jurisdiction in this case.[2]

---

[2] None of Plaintiff's cited authorities support jurisdictional discovery here. Instead, they simply confirm its impropriety. *See Laub v. United States DOI*, 342 F.3d 1080, 1084, 1092-1093 (9th Cir. 2003) (finding that district court should have allowed discovery regarding the existence of federal subject matter jurisdiction – not personal jurisdiction – where (i) certain state agency defendants asserted for the first time on reply that their acquisition of land and water sites was independent of any federal program and could not be enjoined under federal law, but (ii) plaintiffs had adduced credible evidence in the form of public documents showing federal involvement in the acquisitions); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 412-430 and n. 24 (9th Cir. 1977) (reversing order dismissing claims against foreign corporation for lack of personal and subject matter jurisdiction where district court failed to properly consider any of the corporation's relevant forum contacts, including its ownership and funding of, and reliance on, a Nevada subsidiary that conducted infringing activities on behalf of the foreign company; and only generally noting that jurisdictional discovery is potentially available in appropriate circumstances); *Arista Music v. Radionomy, Inc.*, 2016 U.S. Dist. LEXIS 74883, at *7-10 (N.D. Cal. June 7, 2016) (allowing jurisdictional discovery where plaintiff in copyright infringement case submitted evidence showing that (a) foreign corporation was involved in the decisionmaking of, and shared officers and directors with, domestic subsidiaries that had "significant contacts with California" relevant to the plaintiff's claims; and (b) foreign individual served as a "registered agent in California" for one of the domestic subsidiaries and also played a "role [in] negotiating licensing agreements" in California with respect to the allegedly infringed works); *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007) ("Plaintiff has made no request for discovery into jurisdictional issues."); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672-675 & n. 1 (S.D. Cal. 2001) (allowing jurisdictional discovery where: (1) "Defendant conceded during oral argument that a genuine factual dispute exists over what the contacts identified in [its] affidavit means in a jurisdictional sense"; (2) the defendant found it necessary to "supplement [its] previous affidavit" with a second affidavit that "far exceed[ed] [the] initial affidavit in length, specificity, and detail, and which not only attest[ed] to additional contacts with the state of California, but also contradict[ed] information contained in [the] first affidavit"; and (3) specifically, the supplemental

## III. CONCLUSION

For the foregoing reasons, as well as those set forth in HFN's and Shiralagi's pending Motions to Dismiss, the Court must deny Plaintiff's instant Motion for leave to conduct jurisdictional discovery.

Dated: July 27, 2023                TROUTMAN PEPPER HAMILTON SANDERS LLP

                                    By: /s/ Matthew H. Ladner
                                        Matthew H. Ladner
                                        Attorneys for Defendants HFN, INC. and
                                        KUMAR SHIRALAGI

---

declaration identifie[d] approximately 78 additional contacts Defendant has had with California over the course of the past two years," as well as the ownership of certain property in California (emphasis added)); *Focht v. Sol Melia S.A.*, 2010 U.S. Dist. LEXIS 92027, at *1-2, 7-14 (N.D. Cal. Aug. 9, 2010) (allowing two depositions as part of jurisdictional discovery where (1) the parties had already stipulated to participate in jurisdictional discovery; and (2) the plaintiff produced evidence that the defendant – the operator of a hotel in Mexico where she was injured – engaged in relevant forum contacts in California, including maintaining corporate and regional sales and marketing offices in the state, and it was also plausible that the defendant was the alter ego of another entity with relevant forum contacts).

160297726v3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the forgoing **DEFENDANTS HFN, INC.'S AND KUMAR SHIRALAGI'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY,** with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on July 27, 2023.

I certify that all participants in the case re registered CM/ECF users and that the service will be accomplished by the Court's CM/ECF system.

I declare under penalty of perjury of the laws of the Unites States of America that I am employed by a member of the Bar of this Court at whose direction the service is made and that the foregoing is true and correct.

Executed on July 27, 2023, at Irvine, California.

_____
Janine Philips