Allan Miller
3385 Claudia Drive
Concord, CA  94519
650-468-7387
(no fax number)
allan.miller@alumni.stanford.edu
Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLAN MILLER<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.,<br>KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company,<br>SRIDHAR SANTHANAM,<br>KUMAR SHIRALAGI, PAVAN VAISH, and VANI KOLA<br><br>　　　　Defendants. | Case Number: 23-CV-0533-VC<br><br>**REPLY TO OPPOSITION TO MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**<br><br>Date:　September 14, 2023<br>Time:　10 AM<br>Judge:　Hon. Vince Chhabria<br>Crtrm:　4<br>Floor:　17 |

**TABLE OF CONTENTS**

SUMMARY ..................................................................................................................................1

DETAILS ON SPECIFIC OPPOSITIONS ...................................................................................2

    I.    The Plaintiff has provided abundant specific evidence .......................................................2

    II.    The Defense has provided essentially no evidence ............................................................2

    III.    The GoDaddy relationship in Santa Clara exemplifies nearly every aspect of the Plaintiff's counts ....................................................................................................................................3

    IV.    The *de facto* Board meeting in San Francisco also exemplifies nearly every aspect of the Plaintiff's counts ..................................................................................................................3

    V.    Shiralagi's Board tenure is not a "hunch" ..........................................................................3

    VI.    There is no compelling precedent to deny jurisdictional discovery ...................................4

CONCLUSION ..............................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**

*Daimler AG v. Bauman* (2014) 571 U.S. 117 [134 S.Ct. 746, 187 L.Ed.2d 624] ...........................4

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA* (3d Cir. 2010) 623 F.3d 147 ...............5

*LNS Enters. LLC v. Cont'l Motors, Inc.* (9th Cir. 2022) 22 F.4th 852 ............................................4

*Matus v. Premium Nutraceuticals, LLC* (9th Cir. 2018) 715 F.App'x 662 .....................................4

*Reynolds v. Binance Holdings, Ltd.* (N.D.Cal. 2020) 481 F. Supp. 3d 997 ....................................4

*Yamashita v. LG Chem, Ltd.* (9th Cir. 2023) 62 F.4th 496 .............................................................4

**SUMMARY**

The opposition ("Opp.") by defendants HFN, Inc. and Kumar Shiralagi ("Defendants") to the motion by plaintiff Allan Miller ("Plaintiff") for jurisdictional discovery is best characterized as a consistent application of logical inconsistencies. There is very little new information in this opposition; the Defendants appear to believe that repeating the same false arguments will somehow make them more credible.

The main contradictions in the opposition are: (1) the Plaintiff has allegedly not provided any evidence, when in fact, the Plaintiff is the only party that has provided any tangible evidence at all[1] (and has provided a great deal of it), which the Defendants have **not once** countered or disagreed with; (2) the only support the Defendants have for any of their allegations is the three sworn declarations by Santhanam and Shiralagi, when in fact, the Plaintiff has amply demonstrated that these declarations are internally inconsistent, inconsistent with each other, and inconsistent with both eyewitness accounts and documents from anonymous sources;[2] (3) the discovery requested by the Plaintiff will not change the outcome of the Court's decision on jurisdiction, when in fact, the Plaintiff has carefully defined the scope of the discovery to limit it to the issues of fact **brought up by the Defendants**; and (4) Ninth Circuit precedent indicates that jurisdictional discovery is not warranted, when in fact, none of the citations provided by the Defendants have any substantive relevance to this case.

The Defendants go on to indicate their true motivations by characterizing the motion as "burdening and harassing" them with "irrelevant" discovery. For the Defendants, this is all about their **convenience**. It will be **inconvenient** for them to research the actual facts of the case, ignoring the vast inconvenience to this Court and the Plaintiff in having to resort to litigation. Concern for the **convenience** of the Defendants expired long ago, by their own doing. Facts are not "irrelevant."

---

[1] Other than an expanded copy of a Settlement Agreement, for which the Plaintiff had already provided all relevant excerpts.
[2] Once the Plaintiff showed incontrovertible evidence that Santhanam's first declaration was incorrect, Santhanam was bold enough to change his "sworn testimony" to fit the facts, clearly indicating the Defendants' fluid interpretation of the nature of sworn testimony.

## DETAILS ON SPECIFIC OPPOSITIONS

### I. The Plaintiff has provided abundant specific evidence

The misrepresentation by the Defendants of the Plaintiff's evidence as a "hunch" and an "unsubstantiated hypothesis" is an insult to the Plaintiff and the multiple anonymous sources, as well as an insult to common sense. Despite the Defendants' attempt to withhold information from the Plaintiff as an HFN shareholder, in violation of the very Delaware Corporate Code they now turn to for protection, the Plaintiff was able to surface, through diligence with public and private sources, significant evidence directly relevant to the jurisdiction and cause of action, including 49 documents in the first amended Complaint ("FAC") (FAC, Ex. 1-49), 10 documents in the opposition to the first motion to dismiss (Dkt. 17-1, Ex. 1-10), and the Plaintiff's own sworn declaration (Dkt. 17), none of which has ever been contested by the Defendants. A sales agreement with a $1,250,000 up-front payment negotiated and signed in Santa Clara is not a "hunch." A press release on HFN's own web site describing its partnership with MalwareBytes in San Mateo forming "one of the best-rated consumer tech support companies in the United States" is not an "unsubstantiated hypothesis."

The Defendants' only response to this wealth of evidence is to protest that it is "inadmissible," apparently conflating the evidentiary standard of a trial with that of a complaint. The volume and quality of the Plaintiff's evidence make it clear to any rational observer that all statements by the Plaintiff in any pleading are supported by factual evidence, regardless of whether or not the Plaintiff chooses to reveal to the Defendants the exact nature and sources of that evidence. The Plaintiff takes the gravity of all representations to the Court **very** seriously.

### II. The Defense has provided essentially no evidence

The Defendants' arguments are entirely based on the three declarations made by Santhanam and Shiralagi (Opp. at 2, 4, 5), even claiming that the declarations are "uncontroverted" (Opp. at 5) and "unrefuted" (Opp. at 6), despite the fact that the Plaintiff has shown numerous errors and inconsistencies in Shiralagi's declaration (Dkt. 45 at 4-5), and that Santhanam's declarations are largely false and inconsistent (Dkt. 17 ¶¶ 13-14, 16-17, Dkt. 32 ¶¶ 13-15, 20-21).

Notwithstanding the problems in the declarations, the Defendants reiterate that those declarations contradict the Plaintiff's evidence (Opp. at 2-5) and once again state without reason that the evidence is "inadmissible" (Opp. at 1, 6). Yet both of these allegations are admissions of substantive issues of fact, and the only remedy for these alleged contradictions and admissibility is to expose the relevant factual matter through discovery.

### III. The GoDaddy relationship in Santa Clara exemplifies nearly every aspect of the Plaintiff's counts

The Defendants continue to maintain that the reseller relationship between HFN and GoDaddy is "unrelated to the claims" in the FAC (Opp. at 1, 3). The Plaintiff made the relationship quite clear in the FAC, and even demonstrated this (Dkt. 37 at 13-14). At this point, the Defendants either fail to understand the facts, or are choosing to ignore them, neither of which works well in this context.

### IV. The *de facto* Board meeting in San Francisco also exemplifies nearly every aspect of the Plaintiff's counts

Appealing to the same unreliable declarations again, the Defendants repeat their argument that the July 2022 meeting had "nothing [to do with] any purported fiduciary breaches or other supposed wrongdoing" (Opp. at 4). The Plaintiff has provided ample eyewitness evidence to the contrary and does not need to repeat it here (Dkt. 17 ¶¶ 12-15). The Defendants are either not understanding or ignoring the facts, and merely highlighting that these substantive issues of fact must be clarified.

### V. Shiralagi's Board tenure is not a "hunch"

Backed only by Shiralagi's faulty declaration, the Defense makes the disparaging allegation that the Plaintiff would provide this Court with a "hunch" that Shiralagi's Board tenure extended into August 2022 and that Shiralagi participated in substantive decisions about the management of HFN at the July 26, 2022 meeting in San Francisco (Opp. at 5). The Plaintiff has given a detailed account of the July meeting, including a discussion with a participant at the meeting (Dkt. 17 ¶¶ 12-15), and described messages about the July meeting and Shiralagi's Board

activities in August 2022 (Dkt. 45 at 4-5); messages are not a "hunch."

## VI. There is no compelling precedent to deny jurisdictional discovery

The Defendants provide numerous case law citations, but none are relevant here.

In *Yamashita v. LG Chem, Ltd.* (9th Cir. 2023) 62 F.4th 496, the plaintiff was trying to show that LGC was selling lithium-ion batteries as part of consumer products and then taking them out of those products to sell them stand-alone. This simply wouldn't make any sense from a business standpoint. By contrast, in the current case, the Plaintiff has shown a GoDaddy sales contract with a prepayment of $1,125,000 that is directly related to the causes of action, not some hypothetical business relationship that makes no sense. This is not a "bare allegation" or a "speculative theory."

In *LNS Enters. LLC v. Cont'l Motors, Inc.* (9th Cir. 2022) 22 F.4th 852, the Court denied jurisdictional discovery because the plaintiff only had "unsupported" arguments "akin to hunches that personal jurisdiction might exist" without "any precision about how [the] discovery would be helpful to the Court." Here, the Plaintiff has provided specific written documents indicating the existence of personal jurisdiction, along with specific bounds and goals for the discovery.

In *Reynolds v. Binance Holdings, Ltd.* (N.D.Cal. 2020) 481 F. Supp. 3d 997, the plaintiff was using an alter ego theory and there was no suggestion that discovery would lead to facts supporting personal jurisdiction. Here, there is no alter ego; the Plaintiff has clearly identified the Defendants, and has also specified exactly which facts discovery will lead to that support personal jurisdiction.

The Plaintiff has already commented at length on the inapplicability of *Daimler AG v. Bauman* (2014) 571 U.S. 117 [134 S.Ct. 746, 187 L.Ed.2d 624] (Dkt. 37 at 15).

In *Matus v. Premium Nutraceuticals, LLC* (9th Cir. 2018) 715 F.App'x 662, the Court found a lack of personal jurisdiction because Premium only used a passive web site without any express aiming at the California market. Here, the Defendants are specifically targeting their services at California through their agent GoDaddy in Santa Clara, as evidenced by the targeting of **the Plaintiff himself** as a customer (FAC Ex. 2).

In *Eurofins Pharma US Holdings v. BioAlliance Pharma SA* (3d Cir. 2010) 623 F.3d 147, the Court found that if the evidence speculated by the plaintiff indeed existed, it would have already been in the plaintiff's possession. Here, the Plaintiff has shown that the Defendants have intentionally withheld evidence from the Plaintiff, and that the Plaintiff has been diligent in avoiding "speculative" evidence but has instead limited his pleadings to tangible evidence available from public and private sources.

The Defendants provide a lengthy footnote (Opp. at 6-7) merely stating that "[n]one of the Plaintiff's cited authorities support jurisdictional discovery here," but provide little in the way of support for that statement; certainly not at the level of detail the Plaintiff has provided in the preceding few paragraphs.

## CONCLUSION

The Defendants have simply continued their strategy of relying on faulty declarations and repeating arguments that have been amply refuted by the Plaintiff. In doing so, they highlight their own perceived gaps in the factual record and the potential to fill those gaps through discovery. Although the Plaintiff believes that the facts are already clear enough to proceed with the case in the Northern District of California, if the Court is inclined otherwise, the Plaintiff respectfully requests the Court to allow the motion for jurisdictional discovery and is confident that the ultimate result will be a denial of the motion to dismiss based on jurisdiction.

Date:   August 2, 2023            Signature:   /s/ Allan A. Miller

                                  Printed name:   Allan A. Miller