Allan Miller
3385 Claudia Drive
Concord, CA  94519
650-468-7387
(no fax number)
allan.miller@alumni.stanford.edu
Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLAN MILLER<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.,<br>KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company,<br>SRIDHAR SANTHANAM,<br>KUMAR SHIRALAGI, PAVAN VAISH, and VANI KOLA<br><br>　　　　Defendants. | Case Number: 23-CV-0533-VC<br><br>**PLAINTIFF'S MOTION FOR TRANSFER IN THE ALTERNATIVE TO DISMISSAL DUE TO JURISDICTION**<br><br>Date:　October 5, 2023<br>Time:　10 AM<br>Judge: Hon. Vince Chhabria<br>Crtrm: 4<br>Floor:　17 |

**TABLE OF CONTENTS**

SUMMARY ................................................................................................................................1

TRANSFER IS APPROPRIATE AS AN ALTERNATIVE.........................................................1

    I.    Western District of Texas is an appropriate venue...............................................1

    II.   The interest of justice will be served.....................................................................2

    III.  Delaware is much less appropriate as a venue ....................................................2

CONCLUSION ..........................................................................................................................3

## TABLE OF AUTHORITIES

**Statutes**

28 U.S.C. § 1631 ................................................................................................................1, 3

## SUMMARY

Plaintiff Allan Miller ("Plaintiff") is confident that he has addressed the deficiencies of the original complaint cited by the Court in its first dismissal with leave to amend (Dkt. 29). He has shown with particularity that the GoDaddy reseller relationship (and others) give all defendants ("Defendants") ample forum contacts in the Northern District of California, and that the Defendants have implemented and continued a scheme of misrepresentation of the nature of the ESOP of HFN, Inc. The gravity of this scheme is underscored by the August 9, 2023 announcement by the Internal Revenue Service of a focus on ESOP compliance, specifically asking for whistleblower input.[1]

The Plaintiff believes that this is sufficient to continue with the case. The Defendants have argued that there is not sufficient factual evidence to establish jurisdiction. The Plaintiff has therefore respectfully requested the Court to grant leave for limited jurisdictional discovery as an alternative to dismissal (Dkt. 48). The Defendants have opposed this motion.

However, should the Court still be inclined to dismiss the action on jurisdictional grounds without leave for limited discovery, the Plaintiff respectfully requests that the Court instead consider a transfer of the matter to the Western District of Texas, for reasons outlined below, pursuant to 28 U.S.C. § 1631.

The Plaintiff believes that since the Court can take this action *sua sponte*, this is merely an advisory administrative motion and no hearing date or proposed order is required. However, in the interest of judicial efficiency, the Plaintiff is providing both, filing a [Proposed] Order and moving for a hearing on this motion on October 5, 2023 at 10:00 AM in Courtroom 4 of the United States District Court for the Northern District of California on the 17th floor.

### TRANSFER IS APPROPRIATE AS AN ALTERNATIVE

**I.  Western District of Texas is an appropriate venue**

Defendant Kumar Shiralagi ("Shiralagi") has indicated that he moved to Austin, Texas, in

---

[1] See https://www.irs.gov/newsroom/irs-cautions-plan-sponsors-to-be-alert-to-compliance-issues-associated-with-esops

Opposition to Motion to Dismiss First Amended Complaint         Case No. 23-CV-0533-VC
Page 1 of 3

the Western District of Texas, during the relevant period of the complaint, and is still residing there (Dkt. 34-1 ¶ 12).

Shiralagi has a connection to every other defendant in the case and is the only defendant with this universal connection. During the relevant period of the complaint, Shiralagi was a director (Board member) of HFN, Inc. (Dkt. 34-1 ¶ 4), along with Sridhar Santhanam and Pavan Vaish, who were also directors (Board members). Shiralagi was also a Venture Partner at Kalaari Capital Advisors Private Limited, where he collaborated with Vani Kola in managing the fund invested in HFN, Inc.

## II. The interest of justice will be served

While the Plaintiff believes that the causes of action in the present case are still within the relevant statutes of limitations and statutes of repose, the Defendants have raised arguments to the contrary, and it is reasonable to believe that they will continue to do so in the future. It would be prejudicial against the Plaintiff to not toll these statutes, by forcing him to re-file in a different District.

Additionally, the Court can see that the Plaintiff's expectations on the speed of service under the Hague convention are relatively accurate to date. It would be prejudicial against the Plaintiff to force him to restart this lengthy process to re-file in a different District.

## III. Delaware is much less appropriate as a venue

The Court may decide to consider the District of Delaware as an alternative venue, since HFN, Inc. is incorporated in Delaware. Although the Plaintiff would prefer a transfer to Delaware over a complete dismissal, this venue is not as appropriate as that of the Western District of Texas.

From what the Plaintiff can tell through public and private sources, HFN, Inc. does no business in Delaware and has no partners or sales agreements there. As far as the Plaintiff can tell, none of the Defendants has ever even visited Delaware.

Additionally, Kalaari Capital Advisors Private Limited and Vani Kola have no connection to Delaware, unlike the obvious connection to West Texas through Shiralagi.

## CONCLUSION

The Plaintiff feels that the preponderance of the evidence points toward continuing the case in the Northern District of California and denying the Defendants' motion to dismiss. Should the Court feel differently, the Plaintiff has respectfully requested leave to conduct limited jurisdictional discovery to demonstrate jurisdiction to the Court's satisfaction. Should the Court feel this discovery is unwarranted, the Plaintiff respectfully requests a transfer of the case to the Western District of Texas pursuant to 28 U.S.C. § 1631. Should the Court decide that Delaware is a more appropriate venue for the case, the Plaintiff respectfully requests a transfer of the case to the District of Delaware pursuant to 28 U.S.C. § 1631.

Date:   August 14, 2023                    Signature:   /s/ Allan A. Miller

                                           Printed name:   Allan A. Miller