UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN MILLER,<br><br>       Plaintiff,<br><br>    v.<br><br>HFN, INC., et al.,<br><br>       Defendants. | Case No. 23-cv-00533-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTIONS FOR JURISDICTIONAL DISCOVERY AND FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. Nos. 33, 34, 36, 48 |

      HFN's and Shiralagi's motions to dismiss are granted. This order assumes the reader's familiarity with the factual allegations, the relevant law, and the parties' arguments.

      Miller's initial complaint was dismissed because it came nowhere close to alleging HFN's minimum contacts with California and because it failed to adequately state a securities fraud claim, in light of which the Court declined to exercise pendent personal jurisdiction over the state law claims. *See* Dkt. No. 29. The First Amended Complaint does not rectify these deficiencies. Miller expands on his allegations regarding HFN's relationships with certain California entities—namely GoDaddy—but even if these relationships constituted purposeful direction, they bear no relation to Miller's claims. *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1023 (9th Cir. 2017). The complaint contains no allegations whatsoever regarding Shiralagi's California connections.

      As for the securities fraud claim, the new allegations regarding the defendants' purported misrepresentations during settlement discussions in 2015 still fall well short of the heightened pleading requirements of Rule 9. Miller alleges that years after the settlement was entered, the defendants allocated shares from the employee stock option pool in ways they had promised not

to at the time of settlement. Even if Miller's claim were not barred by the settlement agreement or the 5-year statute of repose, and it probably is, these allegations are not made with sufficient particularity, nor do they come close to supporting an inference of scienter given the lengthy separation in time. No other allegations in the complaint—such as those pertaining to corporate mismanagement—support a securities fraud claim.

Because any further amendment would be futile, the securities fraud claim is dismissed with prejudice, and the state law claims are dismissed for lack of jurisdiction without leave to amend. Dismissal is as to all defendants, because it is obvious that Miller cannot obtain relief even as to those defendants who have not yet appeared. *See Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Miller's motion for alternative service is therefore denied, as is his motion for limited jurisdictional discovery—Miller has not provided an adequate basis to believe that the discovery he seeks would establish personal jurisdiction over the defendants.

A separate judgment will follow. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: August 16, 2023

_____
VINCE CHHABRIA
United States District Judge